1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC., a Delaware corporation,

      Plaintiff,

v.

JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," DAVID HASTINGS A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC" JOHN DOE NO. 2 A/K/A "CYPHER," JOHN DOE NO. 3 A/K/A "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," JOHN DOE NO. 8 A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," JOHN DOE NO. 10 A/K/A "SINISTER," AND JOHN DOES NO. 11-50,

      Defendants.

Case No. 2:23-cv-01143-MLP

PLAINTIFF BUNGIE, INC.'S MOTION FOR EXPEDITED DISCOVERY TO CONFIRM DEFENDANTS' IDENTITIES AND LOCATIONS AND FOR AN EXTENSION OF THE RULE 4(m) SERVICE DEADLINE

NOTE ON MOTION CALENDAR: November 17, 2023

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

**TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................................. 1

II.     FACTUAL BACKGROUND ........................................................................... 2

        A.      Summary of Allegations in the Complaint ......................................... 2

        B.      The Ring-1 Enterprise ........................................................................ 3

        C.      Bungie's Diligence in Ascertaining Defendants' Identities and Locations ............ 4

                1.      The Ring-1 Website and Operators ........................................ 4

                2.      The Ring-1 Resellers ............................................................. 6

III.    ARGUMENT .................................................................................................. 7

        A.      Defendants Are Real Persons or Entities ........................................... 8

        B.      Bungie Has Taken Steps to Identify Defendants ............................... 8

        C.      Bungie's Complaint Can Withstand a Motion to Dismiss .................. 8

        D.      Discovery Will Allow Bungie to Identify and Serve Defendants .......... 9

        E.      Bungie Has Good Cause to Pursue Third Party Discovery, and Not Rely
                on Formal Discovery From Identified Defendants to Identify Unidentified
                Defendants ....................................................................................... 10

        F.      Bungie Has Good Cause for an Extension of the Rule 4(m) Deadline ................. 11

IV.     CONCLUSION ............................................................................................. 12

BUNGIE'S MOTION FOR EXPEDITED DISCOVERY
AND EXTENSION OF THE SERVICE DEADLINE
(Case No. 2:23-cv-01143-MLP) – i

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF AUTHORITIES

**Cases**

*Amazon.com Inc. v. Vivcic*, No. C23-486-JHC-MLP,
    2023 WL 6196861 (W.D. Wash. Sept. 22, 2023) ............................................................ 10

*Cobbler Nev., LLC v. Does 1-32*, No. C15-1432 RSM,
    2015 WL 5315948 (W.D. Wash. Sept. 11, 2015) ............................................................ 8

*Criminal Prods., Inc. v. Does 1-8*, No. C17-102-RAJ,
    2017 WL 9478825 (W.D. Wash. Feb. 7, 2017) ............................................................ 8

*Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) ............................................................ 7

*Hearst v. West*, 31 F. App'x 366 (9th Cir. 2002) ............................................................ 11

*In re Sheehan*, 253 F.3d 507 (9th Cir. 2001) ............................................................ 11

*Microsoft Corp. v. Does 1-10*, No. C17-1911RSM,
    2018 WL 263313 (W.D. Wash. Jan. 2, 2018) ............................................................ 8

*Microsoft Corp. v. Mai,* No. C09-0474RAJ,
    2009 WL 1393750 (W.D. Wash. May 15, 2009) ............................................................ 7

*Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, No. 14-cv-621 RSM,
    2014 WL 11010724 (W.D. Wash. July 18, 2014) ............................................................ 7

*Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F.3d 1298 (3d Cir.1995) ............................................................ 11

**Statutes and Rules**

17 U.S.C. § 1201 ............................................................ 9

Fed. R. Civ. P. 4 ............................................................ 2

Fed. R. Civ. P. 4(m) ............................................................ 1, 8, 11, 12

Fed. R. Civ. P. 6(b) ............................................................ 8

Fed. R. Civ. P. 26(d) ............................................................ 1

Fed. R. Civ. P. 45 ............................................................ 1

Fed. R. Civ. P. 45(b)(1) ............................................................ 10

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

Pursuant to Federal Rules of Civil Procedure 26(d) and 45, Plaintiff Bungie, Inc. hereby applies for an order authorizing Bungie to serve subpoenas on entities likely to have information related to the true identities and locations of the defendants in this lawsuit whom Bungie has been unable to identify (the "Unidentified Defendants") and locate through its extensive investigative efforts to date.[1] Additionally, Bungie moves for a 90-day extension of the Rule 4(m) deadline for Bungie to serve domestic defendants it has yet to identify and locate, thereby extending the deadline from October 30, 2023 to January 28, 2024.

## I.   INTRODUCTION

Bungie is the owner and developer of the critical and commercial hit *Destiny 2,* an online multiplayer shared world shooter game, which is played by a community of millions of players around the world. *Destiny 2* is one of Bungie's most important assets, and it's under constant attack by the Defendants' products. Defendants develop, sell, market, and support cheat software that "hacks" *Destiny 2* to create unfair advantages for cheating players. Defendants' conduct ruins the game experience for other players, harms Bungie financially and reputationally, violates Bungie's copyright rights, the anti-circumvention provisions of the Digital Millennium Copyright Act ("DMCA"), the Racketeer Influenced and Corrupt Organizations ("RICO") Act, and the Computer Fraud and Abuse Act, breaches Bungie's software license agreement, and unlawfully interferes with Bungie's contractual relationships with its customers.

Bungie has poured considerable resources into diligently investigating the Defendants and their activities, including intensive efforts in the weeks since it filed this lawsuit. While Bungie's efforts have enabled it to identify and locate four of the defendants in this case, it has not yet been able to confirm the true identities and locations of the Unidentified Defendants who

---

[1] This motion will be served upon the two Defendants upon which process has already been served in this action.

Additionally, Bungie's counsel conferred with counsel for served Defendant Matthew Abbott (the only served Defendant who has contacted Bungie) about the relief sought in this Motion. Counsel indicated that his client does not plan on objecting to the relief, subject to his review of the Motion. Declaration of Dylan Schmeyer ¶ 8.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

have hidden their identities and locations to obfuscate their illicit activities. While Bungie

intends to pursue discovery concerning these Unidentified Defendants from the defendants it has

already identified once discovery opens, Bungie has already identified third parties upon which

the pseudonymous Unidentified Defendants rely to promote, support, sell, accept payments for,

and distribute their illicit software. These third parties are likely to have accurate and essential

information about the Unidentified Defendants' identities and locations, including contact and

billing information. In the interest of efficiency, Bungie seeks leave to serve limited subpoenas

on these non-party entities now to identify, locate, and serve the Unidentified Defendants with

process pursuant to Federal Rule of Civil Procedure 4.

## II.    FACTUAL BACKGROUND

### A.    Summary of Allegations in the Complaint

Bungie is a game development studio that designs, develops, and distributes the shared-

world, online multiplayer shooter game *Destiny 2*. Dkt. 1 ("Compl.") at ¶¶ 51-54. The *Destiny*

community comprises tens of millions of registered players. *Id.* at ¶ 64. Bungie owns all rights,

title, and interest in the copyrights in the *Destiny* series, *Destiny 2*, and all expansions, including

but not limited to its computer software and audiovisual works that the software creates

(collectively, the "Destiny IP"), which are the subjects of valid U.S. Copyright Registrations. *Id.*

at ¶ 51.

In order to play *Destiny 2*, players are required to accept all terms of Bungie's Limited

Software License Agreement ("LSLA"), agreeing, among other things, not to hack, modify,

distribute, or use any unauthorized software programs to gain advantage in any online or

multiplayer game modes; exploit *Destiny 2*; receive or provide "boosting services" to advance

progress throughout the game; or copy, reproduce, distribute, or display any part of *Destiny 2*, or

create derivative works, without express authorization from Bungie. *Id.* at ¶ 85. Bungie also

employs anti-cheat software technologies within the gaming software and on Bungie's servers

that are designed to prevent players from accessing, reading, writing, or modifying the computer

data that enables multiplayer online gameplay, and provides tools for reporting cheating. *Id.* at

BUNGIE'S MOTION FOR EXPEDITED DISCOVERY
AND EXTENSION OF THE SERVICE DEADLINE
(Case No. 2:23-cv-01143-MLP) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

¶¶ 84-105. Bungie regularly bans cheaters. *Id.* at ¶ 86.

Notwithstanding Bungie's intellectual property rights, the prohibitions in its LSLA, and its anti-cheat efforts, Defendants develop, offer, promote, distribute, and sell the Ring-1 software (the "Software") online through various websites, including and especially the Ring-1 website (the "Website"), social media platforms, and resellers (the "Enterprise"), for the specific purpose of circumventing Bungie's anti-cheat technologies to "hack" Bungie's game. Compl. at ¶ 106. Defendants specifically tailor their software to get around Bungie's anti-cheat measures. *Id.* at ¶ 114. Bungie filed its Complaint in this action on August 1, 2023, asserting claims for copyright infringement, violations of the RICO Act, violations of the CFAA, circumvention and trafficking in circumvention technology in violation of the DMCA, civil conspiracy, breach of contract, and tortious interference. *Id.* at ¶¶ 222-406.

## B.      The Ring-1 Enterprise

The membership of the Enterprise is in constant flux; some members are relatively constant, while others appear and disappear in a matter of months or weeks. This may represent actual change in the individuals involved, or it may represent changes in online entities or the adoption of new online pseudonyms in efforts to remain ahead of litigation and law enforcement. Like the cheat itself, the Enterprise is sophisticated and its members go to great lengths to conceal their identities. The Software is sold exclusively online via a network of distribution channels including websites, Discord servers and bots, Telegram channels and bots, and personal, private-channel sales. Some of these individuals have been identified or partially identified; others are known only by their usernames and by their association with the various distribution channels they run.

As alleged in the Complaint, these individuals and distribution channels are not independent arms-length entities but form a closely affiliated enterprise in fact. The discovery requested in this motion, while extensive, is necessary to allow Bungie to identify the members of the Enterprise such that this action can proceed in an efficient and effective manner.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

### C.    Bungie's Diligence in Ascertaining Defendants' Identities and Locations

Prior to filing this lawsuit, Bungie diligently investigated Defendants' Enterprise, Software and online footprints. Declaration of Kathryn Tewson ¶ 3. However, Defendants have taken steps to conceal their identities and locations, preventing Bungie from identifying and locating many of them so that it can name them and serve them with process. *Id*. at ¶ 5. Many Defendants do not provide any contact information such as a physical address, email address, or phone number, and conduct their transactions entirely pseudonymously.[2] *Id.* at ¶¶ 6-13. Defendants also use privacy protection services to hide their names and contact information from the public domain name WHOIS database. *Id.* at ¶¶ 8, 11. However, Bungie has been able to identify several third parties with whom Defendants have current or ongoing relationships and who are likely to have information sufficient to either identify the Unidentified Defendants directly or to lead to additional service providers who will likely have information sufficient to ultimately identify the Unidentified Defendants with additional discovery. Bungie has also been able to identify third parties with whom the Unidentified Defendants have past relationships and who are likely to have records uniquely attributable to the Unidentified Defendants that will, again, either directly or ultimately allow Bungie to identify these defendants and effect service.

### 1.    The Ring-1 Website and Operators

Bungie's investigation efforts to date have identified three third party service providers the Ring-1 Website relies on to operate.[3] Bungie has identified the host of the Ring-1 Website as Nice IT Services Company ("Nice"). *Id*. at ¶ 15, Ex. 10. Bungie has also identified two payment-related subdomains, api.ring-1[.]io and pay.ring-1[.]io, as being administered by Digital Ocean, LLC ("Digital Ocean"). *Id.* at ¶¶ 18-19, Exs. 11-13. Additionally, Bungie has identified two

---

[2] Several of the parties in this action are the same as those in the case of *Bungie, Inc. v. Thorpe*, No. 21-5677 (N.D. Cal 2021); the information Bungie obtained from third party discovery in that case has the same value here.

[3] While the Ring-1 Website itself is not a named defendant in this action, it is the platform most central to the past tortious activities of the Defendants and is thus directly relevant to the case against them.

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

Telegram channels used by the Ring-1 Enterprise for support. *Id.* Both Nice and Digital Ocean are likely to have valid account, login, contact and billing information for Unidentified Defendants. *Id.* at ¶¶ 16, 20. Telegram is likely to have valid account, login, and contact information for Unidentified Defendants. *Id.* at ¶ 23.

Bungie has also identified six operators of the Ring-1 Website for whom further discovery is required in order to be able to effect service: David Hastings ("Hastings"), "Khaleesi," "Cypher," "god," "C52YOU," and "Lelabowers74" (collectively, the "Operator Defendants"). *Id.* at ¶ 24. Despite the Operator Defendants' efforts to obscure their identities and evade accountability, Bungie's diligent investigative efforts have identified seven third party service providers the Operator Defendants rely on to operate their illicit business. *Id.* at ¶¶ 25-32. Operator Defendants sometimes use Twitch and YouTube to advertise the features and capabilities of the Software. *Id.* at ¶¶ 27, 37, 40-41. YouTube requires an email address to create an account. *Id*. at ¶ 36. Twitch requires at least an email address or phone number to open an account and may additionally include financial and address information if the account is monetized. *Id.* at ¶ 27. Operator Defendants use Streamlabs, an online livestream and content creation facilitation service, to further enhance their revenue streams and broaden their reach, *id.* at ¶ 27; Streamlabs is likely to have account, contact, login, and billing information for these account holders, *id*. Operator Defendants also play *Destiny 2* on Steam, and thus have Steam accounts, *id.* at ¶ 32; Steam requires an email address in order to create an account, and likely has payment and transaction information for these accounts, *id.* Defendant Hastings also maintains email addresses with Yahoo and Live, *id.* at ¶ 25, and Defendant Khaleesi maintains an email address with Google, *id*. at ¶ 29. All of these service providers are likely to have current login information which, with further discovery, is likely to be sufficient to allow Bungie to effect service on the Operator Defendants.

Operator Defendants have historically communicated with their customers using Discord, but deleted their Discord server in July 2021 after its existence was publicized in a previous legal action, *Bungie, Inc. v. Thorpe*. *Id.* at ¶ 9. Discord requires an email address and/or phone number

BUNGIE'S MOTION FOR EXPEDITED DISCOVERY
AND EXTENSION OF THE SERVICE DEADLINE
(Case No. 2:23-cv-01143-MLP) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

to register an account. *Id.* at ¶ 31.

In addition, Bungie's investigative efforts to date have identified historical login information which, on information and belief, is connected to Internet Service Providers ("ISPs") who are reasonably likely to have information which will identify the Operator Defendants. *Id.* at ¶¶ 25-26, 29-30. Verizon and Comcast are likely to have account, contact, and billing information relevant to Defendant Hastings, *id.* at ¶¶ 25-26; Virgin Media and Sky Broadband are likely to have account, contact, and billing information relevant to Defendant Khaleesi, *id.* at ¶¶ 29-30.

### 2.    The Ring-1 Resellers

Bungie has also identified five resellers (collectively, the "Reseller Defendants") through which the Ring-1 Enterprise operates. Each of these resellers requires additional discovery in order to obtain information sufficient to effect service.

Reseller Defendant "1nvitus" operates via a Discord server, *id.* at ¶ 33, and two websites, 1nvituscheats[.]com and shopring1nvitus[.]com, *id.* at ¶ 34. The registrar for <1nvituscheats.com> is Hostinger, UAB ("Hostinger"). *Id* at ¶ 34. The registrar for <shopring1nvitus.com> is Key Systems GMBH ("Key Systems"). *Id.* Hostinger and Key Systems are likely to have valid account, login, contact and billing information for 1nvitus, *id.* at ¶ 34; Discord is likely to have valid account, login, and contact information for 1nvitus, *id.* at ¶ 31.

Reseller Defendant Jesse Watson ("Watson") operates via a Discord server and a website, *id.* at ¶¶ 35-36, and uses a YouTube channel for publicity, *id.* at ¶ 37. Watson's website is fully hosted at the e-commerce platform Shoppy Ecommerce Pte Ltd. ("Shoppy"). *Id.* at ¶ 36, Ex. 16. Discord and YouTube are both likely to have valid account, login, and contact information for Watson. *Id.* at ¶¶ 31, 37. Shoppy is likely to have valid account, login, contact, and billing information for Watson. *Id.* at ¶ 36.

Reseller Travers Rutten ("Rutten") operates via two Discord servers, *id.* at ¶ 38, and three websites (whysp[.]org, whysp.sellix[.]io, and toirplus[.]com), *id.* at ¶ 39. He also uses a Twitter

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

account, which requires either an email address or a phone number to create an account, and a YouTube channel for publicity. *Id.* at ¶ 40. The registrar for whysp[.] org is Squarespace, Inc. ("Squarespace"), the registrar for toirplus[.]com is GoDaddy.com, LLC ("GoDaddy"), and whysp.sellix[.]io is fully hosted at the e-commerce platform Sellix SRL ("Sellix"). *Id.* at ¶ 39. Squarespace, GoDaddy, and Sellix are all likely to have valid account, login, contact, and billing information for Rutten. *Id.* at ¶¶ 16-17. Twitter and YouTube are both likely to have valid login and contact information for Rutten.

Reseller Sinister ("Sinister") operates via a Discord server and uses a YouTube channel for publicity. *Id.* at ¶ 41. Both Discord and YouTube are likely to have valid login and contact information for Sinister. *Id.*

## III.    ARGUMENT

"Courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause." *Microsoft Corp. v. Mai,* No. C09-0474RAJ, 2009 WL 1393750, *5 (W.D. Wash. May 15, 2009) (citation omitted). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at *5 (citation omitted). As explained by the Ninth Circuit, "[w]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, No. 14-cv-621 RSM, 2014 WL 11010724, *1 (W.D. Wash. July 18, 2014) ("Courts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served.").

To establish good cause, Bungie must: (1) identify the Doe defendants with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court; (2) recount the steps taken to locate and identify the defendants; (3) demonstrate

that its lawsuit can withstand a motion to dismiss; and (4) show that the discovery it seeks is likely to lead to identifying information that will permit service of process. *Cobbler Nev., LLC v. Does 1-32*, No. C15-1432 RSM, 2015 WL 5315948, *3 (W.D. Wash. Sept. 11, 2015); *see also Microsoft Corp. v. Does 1-10*, No. C17-1911RSM, 2018 WL 263313, *2 (W.D. Wash. Jan. 2, 2018); *Criminal Prods., Inc. v. Does 1-8*, No. C17-102-RAJ, 2017 WL 9478825, *2 (W.D. Wash. Feb. 7, 2017). Bungie has satisfied all four requirements.

The deadline to serve Defendants located in the United States as articulated by Rule 4(m) is not inflexible. A plaintiff may apply for an extension to that deadline in the effort to serve Defendants they have been otherwise unable to serve in a timely fashion. Fed. R. Civ. P. 6(b). The rule itself says "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Bungie has ample good cause for an extension.

### A.   Defendants Are Real Persons or Entities.

Defendants are individuals or entities who have developed, marketed, sold, and/or supported the Software in violation of federal law, and thus are subject to suit in federal court. Additionally, there is a high probability that Defendants have agreed to the LSLA, and through it, have consented to the jurisdiction of this Court. Defendants have paid and utilized third parties for the services they must obtain in order to connect to the Internet and to process payments from customers, and they likely can be identified through those third parties.

### B.   Bungie Has Taken Steps to Identify Defendants.

Bungie has conducted a diligent investigation to identify Defendants, but Defendants have structured their business so as to purposefully conceal their identities and locations. *See* Tewson Decl. ¶¶ 3-4. In several cases, they employ multiple pseudonyms and usernames and conduct their business on multiple platforms. *Id*. at ¶ 5. Formal discovery is necessary for Bungie to identify, locate, and serve Defendants with process. *Id*.

### C.   Bungie's Complaint Can Withstand a Motion to Dismiss.

Bungie's Complaint states a claim for direct copyright infringement by Defendants,

BUNGIE'S MOTION FOR EXPEDITED DISCOVERY
AND EXTENSION OF THE SERVICE DEADLINE
(Case No. 2:23-cv-01143-MLP) – 8

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

providing proof of copyright registration and ownership, and alleging Defendants' rampant

infringement of Bungie's exclusive rights to reproduce, display, distribute, and create derivative

works of the Destiny Copyrights. Bungie also sufficiently alleges Defendants' secondary liability

based on Defendants' direct participation in, knowledge of, and material contribution to players'

infringement of the Destiny Copyrights. Compl. at ¶ 236. Bungie also states valid claims for:

violations of the DMCA, 17 U.S.C. § 1201, based on Defendants' circumvention of Bungie's

technological protections and trafficking in circumvention devices, *id.* at ¶¶ 303-327; breach of

Bungie's LSLA in developing the Software and inducement of others to breach the LSLA, *id.* at

¶¶ 367-400; violations of the RICO Act, *id.* at ¶¶ 256-301; violations of the Computer Fraud and

Abuse Act, *id.* at ¶¶ 329-365; and participation in a civil conspiracy, *id.* at ¶¶ 402-406.

### D. Discovery Will Allow Bungie to Identify and Serve Defendants.

Early discovery will lead to identifying information about the Unidentified Defendants.

The domain registrars, communications channels, and other third-party service providers listed

above are all likely to have information about the Unidentified Defendants' identities and

locations. In particular, Bungie requests leave to subpoena these service providers for the

Unidentified Defendants' account information, billing and payment details and history, login

history including IP addresses, and (in the case of the payment processors) transaction

information sufficient to identify other accounts, service providers or financial institutions where

the Unidentified Defendants transfer the revenue from the sale of their illicit Software.

Bungie recognizes the possibility that the service providers it has identified to date may

not have sufficient information to identify and serve the Unidentified Defendants. Even if that is

the case, these service providers will have information about other third parties (*e.g.,* credit card

or other payment providers; email providers) who are likely to have such information. In the

interest of efficiency and expediting service of process, Bungie requests authority to issue

follow-up subpoenas, if necessary, to additional third parties that Google, Discord, the payment

processors, and others may identify.

Finally, because Bungie has not confirmed Defendants' identities or locations or been

BUNGIE'S MOTION FOR EXPEDITED DISCOVERY
AND EXTENSION OF THE SERVICE DEADLINE
(Case No. 2:23-cv-01143-MLP) – 9

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

able to serve them with process, it respectfully requests that it be excused from the advance notice requirement of Federal Rule of Civil Procedure 45(b)(1).

### E. Bungie Has Good Cause to Pursue Third Party Discovery, and Not Rely on Formal Discovery from Identified Defendants to Identify Unidentified Defendants.

"Courts routinely allow early discovery for the limited purpose of identifying defendants on whom process could not otherwise be served." *Amazon.com Inc. v. Vivcic*, No. C23-486-JHC-MLP, 2023 WL 6196861, *2 (W.D. Wash. Sept. 22, 2023). It would be inefficient and potentially prejudicial to abandon any attempt to identify the Unidentified Defendants until formal party discovery with the Defendants that have been identified to date.

Pressing pause and waiting for discovery against the identified Defendants would inevitably lead to significant delays in the progress of the case, prolonging matters substantially. There is currently no defined timetable for the commencement of formal discovery, and it is likely to take months before the process can start. Those timelines might stretch further, as two of the identified Defendants are foreign, and proper service might take further time. The requested discovery is "narrowly tailored," *id.* at *3, to specific parties whom Bungie has good cause to believe have information reasonably likely to lead to the identification of the Unidentified Defendants in a much more efficient timeframe than would be available through formal discovery.

It is also far from certain that formal discovery against the identified parties would bear the necessary fruit to unmask the Unidentified Defendants. The Ring-1 Enterprise is conducted remotely, with the members of the enterprise situated all over the world. In many cases, they do not know each other personally; their only interaction has been online, through the same layers of obfuscation with which Bungie now contends. It is just as likely as not that the four Defendants Bungie has identified to date do not know the real names and/or addresses of many of their fellow members, and it is highly probable that, in the event that they can unmask a handful, they will not be able to identify them all. This would, in the end, necessitate third party

BUNGIE'S MOTION FOR EXPEDITED DISCOVERY
AND EXTENSION OF THE SERVICE DEADLINE
(Case No. 2:23-cv-01143-MLP) – 10

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

discovery - only now, many months later, adding unnecessary delay, and potentially jeopardizing the presence of fresh records in the possession of these third parties. Additionally, we have no guarantee that the identified Defendants will be fully forthcoming about the names and addresses of their compatriots that are in their knowledge.

Finally, this requested discovery does not prejudice the identified Defendants. They have already been found, and Mr. Abbott and Mr. Mahuron have already been served. Bungie's efforts to seek third party discovery against other members of the Ring-1 Enterprise represents no prejudice or difficulty to these defendants.

### F.      Bungie Has Good Cause for an Extension of the Rule 4(m) Deadline.

"Rule 4(m) contains both a mandatory and a discretionary component." *Hearst v. West*, 31 F. App'x 366, 368 (9th Cir. 2002). Upon a showing of good cause for the lack of service or for defective service, the district court must extend the time period for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Even absent a showing of good cause, the district court still has "the discretion to dismiss without prejudice or extend the time period." *Id*. (*citing Petrucelli v. Bohringer & Ratzinger*, *GMBH*, 46 F.3d 1298, 1305 (3d Cir.1995)).

Bungie has good cause for having not served any domestic defendants that still need to be served: Namely, that Bungie doesn't know who they are yet, or where they reside. Where Bungie has, through its diligent investigative efforts, identified Defendants and ascertained that they are residents of the United States, it has issued summons and either affected service or initiated the process to do so. Declaration of Dylan Schmeyer ¶¶ 2-7. Having exhausted the information available to it through readily available sources, Bungie requires formal discovery from third parties to identify, locate and effect service on the remaining Unidentified Defendants. More time to identify and serve these Unidentified Defendants will allow Bungie to do so.

If the Court disagrees that this is good cause requiring an extension under the mandatory language of Rule 4(m), it should still exercise its discretion and grant the extension in the interest of judicial efficiency. Bungie has invested considerable time and resources into determining the obfuscated identities of the defendants, to some success. It has every reason to believe the third-

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

party discovery requested in this Motion will result in successful identification of the Unidentified Defendants that it has not heretofore uncovered. Following successful identification, Bungie can accomplish service expediently. Absent a grant of more time, it is conceivable that other U.S. defendants could be dismissed from this suit, without prejudice, for lack of service. Bungie's efforts to identify them would not cease, however, and once they were identified, Bungie would sue them again once their names and addresses come to light. Allowing discovery now, so this can be accomplished on a reasonable timeline without these additional steps, is the most efficient path.

## IV.    CONCLUSION

For the foregoing reasons, Bungie respectfully requests the Court enter the proposed order submitted herewith, authorizing it to conduct third-party discovery to identify, locate, and serve Defendants, and to extend the Rule 4(m) deadline to serve Defendants by 90 days.

Dated this 27th day of October, 2023.                    Respectfully submitted,

KAMERMAN, UNCYK, SONIKER &                    FOCAL PLLC
KLEIN, P.C.

By: *s/ Dylan M. Schmeyer*                            By: *s/ Stacia N. Lay*
    Dylan M. Schmeyer (admitted *pro hac*                *s/ Venkat Balasubramani*
    *vice*)                                            Stacia N. Lay, WSBA #30594
    750 W. 148th Ave, #4216                            Venkat Balasubramani, WSBA #28269
    Westminster, CO 80023                            900 1st Avenue S., Suite 201
    Tel: (719) 930-5942                                Seattle, Washington 98134
    Email: dschmeyer@kusklaw.com                    Tel: (206) 529-4827
                                    Fax: (206) 260-3966
                                   Email: stacia@focallaw.com
                                   Email: venkat@focallaw.com

*Attorneys for Plaintiff Bungie, Inc.*

## **WORD LIMIT CERTIFICATION**

I certify that this memorandum contains 4,048 words, in compliance with the Local Civil Rules.

By:  *s/ Stacia N. Lay*
      Stacia N. Lay, WSBA #30594

BUNGIE'S MOTION FOR EXPEDITED DISCOVERY
AND EXTENSION OF THE SERVICE DEADLINE
(Case No. 2:23-cv-01143-MLP) – 12

**focal** PLLC
900 1st Ave S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

1

## **CERTIFICATE OF SERVICE**

2

    I, Dylan M. Schmeyer, hereby certify that on October 27, 2023, I caused a true and

3

correct copy of the foregoing document to be served on the two named Defendants who have

4

been served with the Complaint and Summons via email to the addresses set forth below:

5

    Mark Jordan, counsel for Defendant Abbot: mjordan@bracepointlaw.com

6

    Defendant Mahuron: mahuron123@live.com

7

    I declare under penalty of perjury under the laws of the United States that the foregoing is

8

true and correct to the best of my knowledge.

9

Dated: October 27, 2023                          *s/ Dylan M. Schmeyer*

                                                 Dylan M. Schmeyer (admitted PHV)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966