UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE INC.,

           Plaintiff,

   v.

JOSHUA FISHER, *et al.*,

           Defendants.

Case No. C23-1143-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Bungie Inc.'s *Ex Parte* Motion "for Expedited Discovery to Confirm Defendants' Identities and Locations and for an Extension of the Rule 4(m) Service Deadline" ("Plaintiff's Motion"). (Pl.'s Mot. (dkt. # 24).) Defendants have not yet appeared in this matter. Having reviewed Plaintiff's submissions, the governing law, and the balance of the record, Plaintiff's Motion (dkt. # 24) is GRANTED in part and DENIED in part, as further explained below.

## II.    BACKGROUND

On August 1, 2023, Plaintiff filed its complaint in this matter alleging claims for copyright infringement, civil Racketeer Influenced and Corrupt Organizations ("RICO")

ORDER - 1

1  violations, Digital Millennium Copyright Act ("DMCA") violations, Computer Fraud and Abuse
2  Act ("CFAA") violations, breach of contract, intentional interference with contractual relations,
3  and civil conspiracy against several individuals and entities allegedly responsible for developing
4  "Ring-1" cheat software for Destiny 2, Plaintiff's online multiplayer, first-person shooter video
5  game. (*See* Pl.'s Compl. (dkt. # 1).) Plaintiff's complaint named the following individuals and
6  entities: (1) Joshua Fisher; (2) Jacob W. Mahuron a/k/a "PragmaticTax"; (3) Matthew Abbott
7  a/k/a "Nova"; (4) David Hastings a/k/a "J3ster"; (5) Travers Rutten a/k/a "travers7134"; (6)
8  Jesse Watson a/k/a "jessewatson3944"; (7) John Doe No. 1 a/k/a "calc"; (8) John Doe No. 2
9  a/k/a "Cypher"; (9) John Doe No. 3 a/k/a "Khaleesi"; (10) John Doe No. 4 a/k/a "god"; (11) John
10 Doe No. 5 a/k/a "c52you"; (12) John Doe No. 6 a/k/a "lelabowers74"; (13) John Doe No. 7 a/k/a
11 "Framework"; (14) John Doe No. 8 a/k/a "Sequel"; (15) John Doe No. 9 a/k/a "1nvitus"; (16)
12 John Doe No. 10 a/k/a "Sinister"; and (17) John Does No. 11-50. (*Id.* at ¶¶ 12-46.) This case is at
13 least the third case filed in this District by Plaintiff alleging claims derived from, or otherwise
14 related to, cheat software developed and published by Defendants in this case. (*See* dkt. # 2
15 (citing *Bungie Inc v. Bansal et al.*, C21-1111-TL (W.D. Wash.); *Bungie Inc v.*
16 *Verancheats.com et al*, C21-1114-TL (W.D. Wash.).)

17       Summons for Defendants Fisher, Mahuron, Abbot, and John Doe. No. 8, subsequently
18 identified as Kichang Kang, have been issued by this Court. (Dkt. ## 4, 18, 20.) Plaintiff has
19 since served Defendants Abbot and Mahuron. (Schmeyer Decl. (dkt. # 26) at ¶¶ 6-7, Exs. 1-2.)
20 Plaintiff remains in the process of serving Defendants Kang and Fisher because they are located
21 internationally. (*Id.* at ¶¶ 4-5.)

22       As to the remainder of the named Defendants, Plaintiff has investigated the unknown
23 defendants but has been unable to confirm their locations and identities. (Tewson Decl. (dkt.

ORDER - 2

# 25) at ¶¶ 3-13.) Plaintiff notes its investigation to this point has determined that the unknown Defendants have taken steps to conduct their transactions entirely pseudonymously and to conceal their identities and locations, *i.e.*, not providing any contact information such as a physical address, email address, or phone number. (*Id.* at ¶¶ 6-13.) However, Plaintiff has identified several third parties that provide services to the remaining unknown Defendants that are likely to have information that could lead to their identification, including contact and billing information. (*Id.* at ¶¶ 15-32.)

First, Plaintiff's investigation efforts to date have identified third-party service providers the Ring-1 software website relies on to operate, including the host of the website, Nice IT Services Company ("Nice"), and two payment-related subdomains hosted by Digital Ocean, LLC ("Digital Ocean").[1] (Tewson Decl. at ¶¶ 15, 18-19, Exs. 10-13.) Plaintiff avers that both Nice and Digital Ocean are likely to have valid account, login, contact and billing information for the unidentified Defendants. (*Id.* at ¶¶ 16, 20.) Plaintiff has also identified two support channels operated by Telegram, which Plaintiff believes is also likely to have valid account, login, and contact information for the unidentified Defendants. (*Id.* at ¶ 23.)

Next, Plaintiff has identified six "operators" of the Ring-1 cheat software website for whom Plaintiff believes further discovery is required to effect service upon: (1) David Hastings; (2) "Khaleesi"; (3) "Cypher"; (4) "god"; (5) "C52YOU"; and "(6) Lelabowers74" (collectively, the "Operator Defendants"). (Tewson Decl. at ¶ 24.) Plaintiff's investigative efforts have also identified third-party service providers who are likely to have information about the Operator

---

[1] Plaintiff has submitted discovery responses to subpoenas filed in a previous action, *Bungie, Inc., et al. v. Andrew Thorpe, et al.*, C21-5677-ECM (N.D. Cal. 2021). (Tewson Decl. at ¶¶ 4, 19, Ex. 11.) A response to a previous subpoena to Cloudflare in 2022 revealed the IP addresses for the Ring-1 software website's payment-related subdomains were hosted on IP addresses assigned to Digital Ocean. (*Id.* at ¶ 19, Exs. 11-13.)

ORDER - 3

Defendants (*Id.* at ¶¶ 25-32.) These third-party service providers include: (1) Twitch and YouTube, who Plaintiff alleges Operator Defendants use to advertise the features and capabilities of the Ring-1 cheat software (*id.* at ¶¶ 27, 37, 40-41); (2) Streamlabs, a livestream and content creation service (*id.* at ¶ 27); and (3) Steam, the game client owned by Valve that certain Operator Defendants used to play Destiny 2 (*id.* at ¶ 32). Plaintiff further provides that Defendant Hastings maintains email addresses with Yahoo and Live/Microsoft (*id.* at ¶ 25), and that Defendant "Khaleesi" maintains an email address with Google (*id.* at ¶ 29). Finally, Plaintiff notes the Operator Defendants previously communicated over Discord, which requires an email address and/or phone number to open an account. (*Id.* at ¶ 31.) Plaintiff believes these third-party service providers are all likely to have account, contact, login, and billing information for the Operator Defendants sufficient to allow Plaintiff to effect service. (*Id.* at ¶¶ 25, 27, 29, 31-32, 36.)

Plaintiff's investigative efforts have also identified historical login information for some of the Operator Defendants connected to their internet service providers. (Tewson Decl. at ¶¶ 25-26, 29-30.) To that end, Plaintiff believes Verizon and Comcast are likely to have account, contact, and billing information for Defendant Hastings (*id.* at ¶¶ 25-26), and that Virgin Media and Sky Broadband are likely to have account, contact, and billing information for Defendant "Khaleesi" (*id.* at ¶¶ 29-30).

Last, Plaintiff has identified at least four resellers of the Ring-1 cheat software whom Plaintiff believes further discovery is required to effect service upon: (1) "1nvitus"; (2) Jesse Watson; (3) Travers Rutten; and (4) "Sinister" (collectively, the "Reseller Defendants"). (Tewson Decl. at ¶¶ 33-36, 38, 41.) As to the Reseller Defendants, Plaintiff's investigation has discovered Defendant "1nvitus" operates through a Discord server and two websites hosted by

ORDER - 4

Hostinger, UAB ("Hostinger") and Key Systems GMBH ("Key Systems"). (*Id.* at ¶¶ 31, 33-34.) Defendant Watson operates through a Discord server, a YouTube channel, and a website hosted by Shoppy Ecommerce Pte Ltd. ("Shoppy"). (*Id.* at ¶¶ 35-37, Ex. 16.) Defendant Rutten operates through two Discord servers, a Twitter ("X Corp.") account, a YouTube channel, and three websites hosted by Squarespace, Inc. ("Squarespace"), GoDaddy.com, LLC ("GoDaddy"), and Sellix SRL ("Sellix"). (*Id.* at ¶¶ 38-40.) Defendant "Sinister" operates through a Discord server and a YouTube channel. (*Id.* at ¶ 41.) Plaintiff believes these third-party service providers are likely to have account, contact, login, and billing information for the Reseller Defendants sufficient to allow Plaintiff to effect service. (*Id.* at ¶¶ 16-17, 31, 34, 36-37, 41.)

Accordingly, based on Plaintiff's investigation to this point, and pursuant to Federal Rules of Civil Procedure 26(d) and 45, Plaintiff now seeks leave to serve third-party subpoenas prior to the Rule 26(f) conference on the above-identified non-party entities so that it may identify, locate, and serve process on the unknown Defendants. (*See* Pl.'s Mot. at 1-2.)

### III.   DISCUSSION

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276

ORDER - 5

(N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. As explained by the Ninth Circuit, "[w]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) ("Courts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served.").

To establish good cause for unknown defendants, a plaintiff must: (1) identify the unknown defendants with sufficient specificity for the court to "determine that the defendant is a real person who can be sued in federal court"; (2) recount the efforts taken to locate and identify the unknown defendants; (3) demonstrate the action can withstand a motion to dismiss; and (4) demonstrate a reasonable likelihood that the sought discovery will "lead to identifying information that will permit service of process." *Cobbler Nev., LLC v. Does 1-32*, 2015 WL 5315948, at *3 (W.D. Wash. 2015) (citing *Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)); *see also Amazon.com, Inc. v. Ackary*, 2022 WL 1027710, at *2 (W.D. Wash. Apr. 6, 2022). Good cause exists where a plaintiff has exhausted its means to identify the unknown defendants through publicly available information and has no other way to identify the individuals involved in the scheme. *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3

ORDER - 6

(N.D. Cal. 2011) ("Courts in [the Ninth] Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction."); *see also Semitool*, 208 F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will "substantially contribute to moving this case forward").

Here, Plaintiff has established good cause under each of the relevant factors. First, the unknown Defendants are persons or entities Plaintiff alleges have developed, marketed, sold, and supported the Ring-1 cheat software in violation of federal law, and therefore, are subject to suit in federal court. (*See* Pl.'s Compl. at ¶¶ 47-50, 236, 256-301, 303-27, 329-65, 367-400, 402-06.) Second, as considered above, Plaintiff has sufficiently detailed the steps it has taken to date to locate and identify the unknown Defendants. (*See* Tewson Decl. at ¶¶ 3-5, 16-41.) Third, it appears Plaintiff's lawsuit can withstand a motion to dismiss given the nature of the allegations, claims, and Plaintiff's prior history of bringing successful claims against cheat software developers for Destiny 2. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (where plaintiff pleads sufficient facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged," the complaint is "plausible on its face" and can "survive a motion to dismiss"). Finally, the service providers Plaintiff seeks to subpoena are likely to have account, login, and transaction information, as well as billing and payment details, that will aid Plaintiff in identifying the unknown Defendants and their locations. (*See* Tewson Decl. at ¶¶ 16-17, 20, 23, 25-32, 34, 36-37, 41.)

Plaintiff's requests to serve subpoenas to the above-identified platform and payment holders from its investigation are narrowly tailored to seek information related to identifying the individuals responsible for creating and distributing the Ring-1 cheat software to move this case

ORDER - 7

1 | forward. (*See* Pl.'s Mot.) However, the Court finds Plaintiff's request to serve third-party
2 | subpoenas to Cloudflare, Storely, Selly, and "any other third-party Plaintiff identifies to be
3 | providing services of any kind to any one or more of the Defendants" is either unsupported or
4 | overbroad. (*See* dkt. # 24-1 at 2.)
5 |     Though Plaintiff's subpoena to Cloudflare in a prior case revealed that Digital Ocean was
6 | hosting payment-related subdomains for the Ring-1 software website (*see* Tewson Decl. at ¶¶ 4,
7 | 11, Exs. 11-13), Plaintiff's Motion here did not detail any additional investigation or discovery
8 | involving Cloudflare that would be necessary in this case outside of its passing request to serve
9 | discovery to Cloudflare in its proposed order (*see* Pl.'s Mot.; dkt. # 24-1 at 2). Likewise, though
10 | also identified in its proposed order (dkt. # 24-1 at 2), Plaintiff's Motion did not detail any
11 | investigation or discovery that would be necessary involving Storely or Selly. (*See* Pl.'s Mot.)
12 |     Plaintiff's request to serve subpoenas on "any other third-party Plaintiff identifies to be
13 | providing services of any kind to any one or more of the Defendants" is also not narrowly
14 | tailored. Such discovery could relate to any number of service providers, no matter how
15 | tangentially linked to the unknown Defendants. *See, e.g.*, *Am. LegalNet, Inc. v. Davis*, 673 F.
16 | Supp. 2d 1063, 1069 (C.D. Cal. 2009) (denying request for expedited discovery in part because
17 | "the discovery plaintiff seeks is not 'narrowly tailored'"); *Qwest Comm. Int'l, Inc. v. WorldQuest*
18 | *Networks, Inc.*, 213 F.R.D. 418, 420 (D. Co. 2003) ("In applying the 'good cause' standard under
19 | Rule 26(d), the court should consider the scope of the requested discovery.").
20 |     In conclusion, because Plaintiff has established good cause, it is hereby authorized
21 | pursuant to Federal Rules 26(d) and 45 to serve subpoenas on the third parties it has identified as
22 | likely to be providing services to the unknown Defendants. *See Semitool*, 208 F.R.D. at 276.
23 |

ORDER - 8

## IV.  CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1) Plaintiff's Motion (dkt. # 24) is GRANTED in part and DENIED in part. Plaintiff is granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on the following third parties that Plaintiff has identified as likely to be providing services to the unknown Defendants responsible for developing and distributing the Ring-1 cheat software:

  (a) Yahoo, Inc.;

  (b) Verizon, Inc.;

  (c) Twitch, Inc.;

  (d) Streamlabs;

  (e) X Corp.;

  (f) Discord, Inc.;

  (g) Valve Corp.;

  (h) Google;

  (i) Sellix;

  (j) GoDaddy;

  (k) Squarespace;[2]

  (l) Digital Ocean;

  (m) Hostinger and Key Systems;[3]

---

[2] Plaintiff's proposed order did not request to issue a third-party subpoena on Squarespace. (*See* dkt. # 24-1 at 2.) Plaintiff's Motion and investigation nevertheless acknowledge that, like Sellix and GoDaddy, Squarespace is likely to have valid account, login, contact, and billing information for Defendant Rutten. (*See* Pl.'s Mot. at 7 (citing Tewson Decl. at ¶¶ 16-17).)

[3] Plaintiff's proposed order did not request to serve third-party subpoenas on Hostinger nor Key Systems. (*See* dkt. # 24-1 at 2.) However, Plaintiff's Motion and investigation both detailed that Hostinger and Key

ORDER - 9

|   |   |   |   |
|---|---|---|---|
| 1 | | (n) | Comcast; |
| 2 | | (o) | Virgin Media and Sky Broadband;[4] |
| 3 | | (p) | Microsoft; |
| 4 | | (q) | Shoppy; and |
| 5 | | (r) | Telegram. |

(2) Plaintiff shall provide a copy of this Order with each subpoena issued pursuant thereto.

(3) Plaintiff's request to serve Rule 45 subpoenas to Cloudflare, Storely, Selly, and "any other third-party Plaintiff identifies to be providing services of any kind to any one or more of the Defendants" is DENIED without prejudice as unsupported by Plaintiff's current investigation, overbroad, and/or not narrowly tailored.

(4) To the extent subpoena responses reveal additional entities or individuals as having responsive information related to the identity or location of the unknown Defendants, or other actors responsible for developing and distributing the Ring-1 cheat software, Plaintiff shall seek leave from the Court before serving additional Rule 45 subpoenas on those entities or individuals.

(5) Finding good cause, Plaintiff is granted a 90-day extension of the Rule 4(m) service deadline up to and including **January 28, 2024.**

\\

---

Systems are likely to have valid account, login, contact and billing information for Defendant "1nvitus." (*See* Pl.'s Mot. at 6 (citing Tewson Decl. at ¶ 34).)

[4] Plaintiff's proposed order did not request to issue third-party subpoenas on Virgin Media or Sky Broadband. (*See* dkt. # 24-1 at 2.) But Plaintiff's Motion and investigation found Virgin Media and Sky Broadband are likely to have account, contact, and billing information for Defendant "Khaleesi." (*See* Pl.'s Mot. at 6 (citing Tewson Decl. at ¶¶ 29-30).)

ORDER - 10

Dated this 29th day of November, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 11