HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC., a Delaware corporation,

    Plaintiff,

v.

JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," DAVID HASTINGS A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC" JOHN DOE NO. 2 A/K/A "CYPHER," JOHN DOE NO. 3 A/K/A "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," JOHN DOE NO. 8 A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," JOHN DOE NO. 10 A/K/A "SINISTER," AND JOHN DOES NO. 11-50,

    Defendants.

Case No. 2:23-cv-01143-MLP

PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION FOR AN EXTENSION OF THE SERVICE DEADLINE UNDER RULE 4(m)

NOTE ON MOTION CALENDAR:
January 26, 2024

    Plaintiff Bungie, Inc. hereby moves for an additional 90-day extension to the Rule 4(m) deadline for Bungie to serve domestic defendants it has yet to identify and locate.

**I.    INTRODUCTION**

    Bungie, Inc. is the owner and developer of the massive multiplayer online video game shooter *Destiny 2*. Defendants develop, sell, market, and support cheat software targeted to

PLAINTIFF'S *EX PARTE* MOTION TO EXTEND
SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

attack *Destiny 2. See generally* Dkt. 1. Recognizing that Defendants have deliberately obscured their identities and contact information, this Court granted Bungie's request to pursue third party discovery on November 29, 2023, *see* Dkt. 27 (the "Order"). Bungie has sent subpoenas pursuant to that leave from this Court. Two parties have responded, but the remainder have not—Bungie afforded ample time to respond considering the holidays and the new year and has already accepted a request for an extension. Declaration of Dylan Schmeyer ¶ 12. With the information it has received to date, Bungie is continuing its investigative efforts to see if the information provided is sufficient to serve and identify more Defendants or if Bungie will need to seek leave from this Court for further third-party discovery as contemplated by the Order. *Id.* at ¶ 15. Therefore, Bungie seeks a further extension of 90 days to the Rule 4(m) deadline for service set by the Court at January 28, 2024 (a Sunday), or 90 days from the issuance of the Court's Order on this Motion, whichever is later.

## II.    FACTUAL BACKGROUND

On October 27, 2023, Bungie filed a motion seeking third-party discovery to unmask anonymous defendants for service of process, and to extend the Rule 4(m) service deadline to January 28, 2024. Dkt. 24 (the "Motion"). The Court granted this motion in part on November 29, 2023. Dkt. 27. Eighteen subpoenas have been served in accordance with the Order, and production of responsive documents in response to those subpoenas has begun and remains ongoing. Schmeyer Declaration ¶ 10. However, as a result of delays due to the December holidays, requested extensions, as well as notice periods required by internal policies and/or statutory requirements, not all responsive documents will be produced with sufficient time to allow for all defendants to be conclusively identified and effectively served by the Court's January 28, 2024 deadline. *See id.* at ¶¶ 11-12. Bungie therefore submits that there is good cause to extend the Rule 4(m) deadline by a further 90 days to allow the limited third-party discovery it has sought to continue and conclude. When asked, the two Defendants Bungie has been able to serve (but who have not appeared in this case) indicated they have no objection to this request.

PLAINTIFF'S *EX PARTE* MOTION TO EXTEND
SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

### III.     LEGAL ARGUMENT

Rule 4(m) states that a court "must extend the time for service for an appropriate period" where the plaintiff shows good cause for an inability to serve a defendant within 90 days of filing the complaint. FED. R. CIV. P. 4(m). *See also Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) ("Rule 4(m) . . . requires a district court to grant an extension of time when the plaintiff shows good cause for the delay.") (emphasis omitted). A showing of good cause may involve various factors, such as the lack of prejudice to defendant and the significant prejudice to plaintiff if the extension were not granted and the complaint was dismissed, and the defendant's receipt of actual notice of the lawsuit. *See, e.g.*, *Efaw*, 473 F.3d at 1041; *Madrid v. Adkins*, No. C19-1710 JLR-TLF, 2020 U.S. Dist. LEXIS 173154, *6, 8 (W.D. Wash. Aug. 20, 2020), *report & recommendation adopted by* 2020 U.S. Dist. LEXIS 186681 (W.D. Wash. Oct. 6, 2020); *Hoefer v. Apple Wash. LLC*, No. C17-1369 RAJ, 2018 U.S. Dist. LEXIS 216863, *5-6 (W.D. Wash. Dec. 27, 2018). Upon a showing of good cause for the lack of service or for defective service, the district court must extend the time period for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001). Even absent a showing of good cause, the district court still has "the discretion to dismiss without prejudice or extend the time period." *Id*. (*citing Petrucelli v. Bohringer & Ratzinger*, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995)).

The Ninth Circuit has also concluded that Rule 4's timing requirement for service is "inapplicable to service in a foreign country[.]" *Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991) (per curiam). Thus, where it appears one or more of the defendants may need to be served in foreign countries, the time limit for service in Rule 4(m) does not apply. *Amazon.com Inc. v. Awns*, No. C22-402-MLP, 2022 U.S. Dist. LEXIS 185807, *2 (W.D. Wash. Oct. 11, 2022). However, "[d]espite the lack of an express time limit, Rule 4(m) does not preclude the court from setting a reasonable time limit for service in a foreign country to properly manage a civil case." *Id.* (internal quotation marks omitted). Bungie has not completed its investigation into the Unidentified Defendants and does not fully know which are residents of the United States and which reside in a foreign country. To the extent that any are residents of a foreign country, no

PLAINTIFF'S *EX PARTE* MOTION TO EXTEND
SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 3

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

time limit has yet been set, and Bungie will pursue serving them, once they are identified, in the same manner as it is pursuing foreign Defendants it has already identified and located. Schmeyer Declaration ¶¶ 4-6.

Bungie has good cause for having not yet served any remaining unserved domestic defendants: Namely, that Bungie doesn't know who they are yet, whether they are in fact in the United States or if they reside in a foreign country, the address of their primary residence, or any other personal contact information sufficient to effect service. Where Bungie has, through its diligent investigative efforts, identified Defendants and ascertained that they are residents of the United States, it has served those Defendants, though they have not yet appeared in this case. Schmeyer Declaration ¶¶ 7-9. Bungie has, with the Court's permission, issued subpoenas to third parties to identify, locate and effect service on the remaining Unidentified Defendants. More time to identify and serve these Unidentified Defendants, whether they are foreign or domestic, is required for Bungie to do so.

There is no undue prejudice to the Unidentified Defendants if such an extension were granted. The extension is only intended to allow time for Bungie to either identify Defendants so they may be served and so this case can move forward, or so Bungie may exhaust its efforts to do so. Bungie, on the other hand, would be significantly prejudiced, as the Unidentified Defendants could continue their tortious conduct while Bungie continued to toil to identify them, functionally rewarding them for obfuscating their identities. This delay would not negatively impact the orderly progress of the case. The additional 90 days Bungie is requesting is solely to allow Bungie time to complete its efforts to identify and locate the Unidentified Defendants so this case can move forward. Further, the reason for the delay is largely, if not entirely, out of Bungie's control. Any delay is due in significant part to the Defendants' attempts to conceal their identities. *Id.* at ¶ 2. The potential but heretofore unknown foreign residence of many Unidentified Defendants has further complicated and delayed efforts to identify, locate, and serve them. Finally, Bungie has acted diligently and in good faith in promptly pursuing multiple avenues of discovery and investigation – including the pursuit of third-party discovery from 18

PLAINTIFF'S *EX PARTE* MOTION TO EXTEND
SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 4

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

sources so far – intended to identify, name, and serve Defendants. *See, e.g.*, *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCGx), 2013 U.S. Dist. LEXIS 121976, *13-14 (C.D. Cal. Aug. 26, 2013) (difficulty in locating defendant and plaintiffs' attempts to locate defendant through discovery supported the conclusion that plaintiffs acted in good faith).

If the Court disagrees that this is good cause requiring an extension under the mandatory language of Rule 4(m), it should still exercise its discretion and grant the extension in the interest of judicial efficiency. Bungie has invested considerable time and resources into determining the obfuscated identities of the Defendants, to some success. Bungie has pursued the third-party discovery the Court has allowed it to, some of which has already borne fruit, and which is expected to continue to do so. Bungie believes that the production of the rest of the discovery it has sought, such as it exists, will allow it to either identify the Unidentified Defendants or to identify the next steps that are necessary to do so. Following successful identification, Bungie can accomplish service expediently. Absent a grant of more time, it is conceivable that other U.S. Defendants could be dismissed from this suit, without prejudice, for lack of service. Bungie's efforts to identify them would not cease, however, and once they were identified, Bungie would sue them again once their names and addresses come to light. Allowing more time for Bungie to complete the limited third-party discovery it has sought now, so this can be accomplished on a reasonable timeline without these additional steps, is the most efficient path.

## IV. CONCLUSION

For the foregoing reasons, Bungie respectfully requests the Court enter the proposed order submitted herewith, extending Bungie's deadline to serve Defendants by 90 days.

Dated this 26th day of January, 2024.

Respectfully submitted,

KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.

By: *s/ Dylan M. Schmeyer*
    Dylan M. Schmeyer (admitted *pro hac vice*)
    750 W. 148th Ave, #4216
    Westminster, CO 80023

FOCAL PLLC

By: *s/ Stacia N. Lay*
    *s/ Venkat Balasubramani*
    Stacia N. Lay, WSBA #30594
    Venkat Balasubramani, WSBA #28269
    900 1st Avenue S., Suite 201
    Seattle, Washington 98134
    Tel: (206) 529-4827

PLAINTIFF'S *EX PARTE* MOTION TO EXTEND
SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 5

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Tel: (719) 930-5942
Email: dschmeyer@kusklaw.com

Fax: (206) 260-3966
Email: stacia@focallaw.com
Email: venkat@focallaw.com

*Attorneys for Plaintiff Bungie, Inc.*

## **WORD LIMIT CERTIFICATION**

I certify that this memorandum contains 1,524 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
Stacia N. Lay, WSBA #30594

PLAINTIFF'S *EX PARTE* MOTION TO EXTEND
SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 6

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966