UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE INC.,

              Plaintiff,

   v.

JOSHUA FISHER, *et al.*,

              Defendants.

Case No. C23-1143-MLP

ORDER GRANTING PLAINTIFF'S *EX PARTE* MOTION TO EXTEND TIME TO SERVE COMPLAINT

This matter is before the Court on Plaintiff Bungie Inc.'s *Ex Parte* Motion "for an Extension of the Service Deadline under Rule 4(m)" ("Plaintiff's Motion"). (Pl.'s Mot. (dkt. # 28).)

On August 1, 2023, Plaintiff filed its complaint alleging claims for copyright infringement, civil Racketeer Influenced and Corrupt Organizations violations, Digital Millennium Copyright Act violations, Computer Fraud and Abuse Act violations, breach of contract, intentional interference with contractual relations, and civil conspiracy against several individuals and entities allegedly responsible for developing "Ring-1" cheat software for Destiny 2, Plaintiff's online multiplayer, first-person shooter video game. (*See* Compl. (dkt. # 1).) Summons for Defendants Joshua Fisher, Jacob Mahuron, Matthew Abbot, and John Doe No. 8

(now identified as Kichang Kang) have been issued by this Court. (Dkt. ## 4, 18, 20.) Plaintiff has since served Defendants Abbot and Mahuron. (Schmeyer Decl. (dkt. # 29) at ¶¶ 7-8, Exs. 1-2.) Plaintiff remains in the process of serving Defendants Kang and Fisher, who are located internationally, and Defendant Travers Rutten. (*Id.* at ¶¶ 4-6.) Plaintiff has not requested summons, or has otherwise been unable to effect service, on the remaining Defendants identified in its complaint because they have taken steps to conduct their transactions pseudonymously and/or otherwise conceal their identities and locations. (*See* Compl. at ¶¶ 12-46; Schmeyer Decl. at ¶ 2.)

On November 20, 2023, this Court issued an Order authorizing Plaintiff to serve third-party subpoenas to further its investigation and extending Plaintiff's time to serve its complaint on remaining Defendants until January 28, 2024.[1] (Dkt. # 27 at 9-10.) Pursuant to the Court's Order, Plaintiff has since issued 18 subpoenas to various third parties but has yet to receive responses to 16 of its requests. (Schmeyer Decl. at ¶¶ 10-11.)

Plaintiff now requests that the Court allow an additional 90 days to serve the remaining Defendants. (Dkt. # 28 at 1-2.) Plaintiff submits additional time is required to continue its investigative efforts due to the outstanding responses to the subpoena requests and to see if the information provided is sufficient to serve the remaining Defendants, identify more Defendants, or determine if Plaintiff will need to seek leave for further third-party discovery. (*Id.*)

Federal Rule of Civil Procedure 4(m) provides that the Court—on motion or on its own after notice to plaintiff—must dismiss an action without prejudice against a defendant, or order that service be made within a specified time if the defendant is not served within 90 days after

---

[1] In sum, Plaintiff was authorized to serve third-party subpoenas on: (a) Yahoo, Inc.; (b) Verizon, Inc.; (c) Twitch, Inc.; (d) Streamlabs; (e) X Corp.; (f) Discord, Inc.; (g) Valve Corp.; (h) Google; (i) Sellix; (j) GoDaddy; (k) Squarespace; (l) Digital Ocean; (m) Hostinger and Key Systems; (n) Comcast; (o) Virgin Media and Sky Broadband; (p) Microsoft; (q) Shoppy; and (r) Telegram. (Dkt. # 27 at 9-10.)

ORDER GRANTING PLAINTIFF'S EX
PARTE MOTION TO EXTEND TIME TO
SERVE COMPLAINT - 2

the Complaint is filed. However, if plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period. *See* Fed. R. Civ. P. 4(m); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("District courts have broad discretion to extend time for service under Rule 4(m).").

In addition, the 90-day time limit for service in Rule 4(m) "does not apply to service in a foreign country[.]" Fed. R. Civ. P. 4(m); *see also Lucas v. Natoli*, 936 F.2d 432, 432 (9th Cir. 1991) ("[T]he plain language of Rule 4 . . . makes the [time limit for] service provision inapplicable to service in a foreign country[.]"). Despite the lack of an express time limit, Rule 4(m) "does not preclude the court from 'setting a reasonable time limit for service in a foreign country to properly manage a civil case.'" *Inst. of Cetacean Rsch. v. Sea Shepherd Conserv. Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (quoting *Baja Devs. LLC v. TSD Loreto Partners*, 2009 WL 2762050, at *1 (D. Ariz. Aug. 26, 2009)).

Here, based on Plaintiff's continued investigation efforts, outstanding subpoena requests, and the likelihood that some remaining Defendants are located internationally, the Court concludes additional time to serve is warranted. Accordingly, finding good cause, it is hereby ORDERED that Plaintiff's Motion (dkt. # 28) is GRANTED. Plaintiff is granted a 90-day extension of the Rule 4(m) service deadline up to and including **April 29, 2024.** Should Plaintiff be unable to serve remaining Defendants by that date, Plaintiff is directed to file an amended complaint, move for alternative service, or seek an additional extension of time, providing a status report detailing its efforts to serve the remaining Defendants, with any such request.

Dated this 29th day of January, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge