HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," DAVID HASTINGS A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC" JOHN DOE NO. 2 A/K/A "CYPHER," JOHN DOE NO. 3 A/K/A "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," JOHN DOE NO. 8 A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," JOHN DOE NO. 10 A/K/A "SINISTER," AND JOHN DOES NO. 11-50,<br><br>    Defendants. | Case No. 2:23-cv-01143-MLP<br><br>PLAINTIFF BUNGIE, INC.'S UNOPPOSED MOTION TO AUTHORIZE THIRD-PARTY DISCLOSURE IN RESPONSE TO SUBPOENAS<br><br>NOTE ON MOTION CALENDAR:<br>February 22, 2024 |

Plaintiff Bungie, Inc. hereby moves for an order authorizing disclosure pursuant to 47 U.S.C. § 551(c)(2)(B), enabling third-party entities that have been served with subpoenas with this Court's permission, including but not limited to Verizon, Inc., *see* Dkt. 27, to respond to those subpoenas in compliance with the Cable Communications Privacy Act.

PLAINTIFF'S MOTION TO AUTHORIZE DISCLOSURE
(Case No. 2:23-cv-01143-MLP) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

## I. INTRODUCTION

Bungie, Inc. is the owner and developer of the massive multiplayer online video game shooter *Destiny 2*. Defendants develop, sell, market, and support cheat software targeted to attack *Destiny 2*. *See generally* Dkt. 1.

Recognizing that Defendants have deliberately obscured their identities and contact information, this Court granted Bungie's request to pursue third party discovery on November 29, 2023, *see* Dkt. 27 (the "Order"). Bungie issued subpoenas to those third parties pursuant to that Order. *See* Dkt. 29 at ¶ 10. Bungie has begun to receive productions from those subpoenas, which include a great many IP addresses the Bungie is likely to require further discovery to track down. Declaration of Dylan Schmeyer in Support of Plaintiff's Unopposed Motion to Authorize Third-Party Disclosure ¶ 2.

Further, Bungie has received notice from one subpoena recipient, Verizon, that believes it requires a court order, as enumerated in 47 U.S.C. § 551(c)(2)(B), to legally comply with the subpoena served upon it. *Id.* at ¶ 3. Bungie is attempting to use the resources at its disposal to identify the holders of the IP addresses it has obtained. *Id.* at ¶ 7. However, it seems probable that companies like Verizon will have the necessary information to identify the unserved and unidentified Defendants in this case if they can release that information. Therefore, Bungie seeks an order authorizing disclosure pursuant to 47 U.S.C. § 551(c)(2)(B) so that Verizon and other Internet Service Providers ("ISPs") who require similar authorization can legally comply with the subpoenas they have been served with.

## II. FACTUAL BACKGROUND

On October 27, 2023, Bungie filed a motion seeking, as relevant here, third-party discovery to unmask anonymous defendants for service of process. Dkt. 24 (the "Motion"). The Court granted the Motion in part on November 29, 2023. Dkt. 27. Eighteen subpoenas were served in accordance with the Order, and Bungie has already begun receiving the productions it has asked for. Schmeyer Decl. ¶ 2. Many of Bungie's requests, as articulated in the Motion, have resulted in produced IP addresses, a critical step for unmasking the Defendants who are

PLAINTIFF'S MOTION TO AUTHORIZE DISCLOSURE
(Case No. 2:23-cv-01143-MLP) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

attempting to obfuscate their identities. *Id.* at ¶ 3.

On January 17, third party Verizon mailed Bungie's counsel a letter articulating that it did not believe it could produce the requested discovery without an order under the Cable Communications Privacy Act. *Id.* at ¶ 3. Bungie received this letter on January 25th. *Id.* at ¶ 4. Bungie's counsel conferred with Verizon's agent listed on the letter on January 26th and again on February 21st, and they invited Bungie to pursue this Order, indicating that Verizon would not oppose the motion, but that it would not produce the records requested without an order requiring it to do so. *Id.* at ¶¶ 5-6. Bungie foresees a reasonable probability that other ISPs it may need to subpoena may require similar authorization via an order of the Court to satisfy their obligations under 47 U.S.C. § 551.

Bungie therefore submits that there is good cause to authorize disclosure under 47 U.S.C. § 551(c)(2)(B), and that by issuing an order permitting disclosure under it, the Court may permit the efficient and orderly continuation of Bungie's third-party discovery efforts in order to move this case forward.

### III. LEGAL ARGUMENT

#### A. 47 U.S.C. § 551

Section 551(c) governs disclosure of "personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned" by cable operators. 47 U.S.C.§ 551(c)(1). A cable operator is "any person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system." 47 U.S.C. § 522(5). The disclosure of this personal information is permitted, however, if the disclosure is "made pursuant to a court order authorizing such disclosure if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B). Accordingly, if Bungie satisfies the multi-factor test to show good cause for early discovery, Bungie should be granted discovery under this exception to 47 U.S.C. § 551. *Strike 3 Holdings,*

PLAINTIFF'S MOTION TO AUTHORIZE DISCLOSURE
(Case No. 2:23-cv-01143-MLP) – 3

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

*LLC v. Doe*, No. 18CV47-WQH (RBB), 2018 WL 1427002, *2 (S.D. Cal. Mar. 22, 2018). Bungie has good cause for such an order: As this Court has ruled, Bungie has made good faith efforts to identify the Defendants it seeks to serve, and requires this information to proceed.

### B. Good Cause for an Order Authorizing Disclosure by Subpoena Recipients

"Courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause." *Microsoft Corp. v. Mai*, No. C09-0474RAJ, 2009 WL 1393750, *5 (W.D. Wash. May 15, 2009) (citation omitted). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at *5 (citation omitted). As explained by the Ninth Circuit, "[w]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, No. 14-cv-621 RSM, 2014 WL 11010724, *1 (W.D. Wash. July 18, 2014) ("Courts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served.").

To establish good cause, Bungie must: (1) identify the Doe defendants with sufficient specificity that the Court can determine that the defendant is a real person who can be sued in federal court; (2) recount the steps taken to locate and identify the defendants; (3) demonstrate that its lawsuit can withstand a motion to dismiss; and (4) show that the discovery it seeks is likely to lead to identifying information that will permit service of process. *Cobbler Nev., LLC v. Does 1-32*, No. C15-1432RSM, 2015 WL 5315948, *3 (W.D. Wash. Sept. 11, 2015); *see also Microsoft Corp. v. Does 1-10*, No. C17-1911RSM, 2018 WL 263313, *2 (W.D. Wash. Jan. 2, 2018); *Criminal Prods., Inc. v. Does 1-8*, No. C17-102-RAJ, 2017 WL 9478825, *2 (W.D. Wash. Feb. 7, 2017).

Bungie has identified the Doe defendants with sufficient specificity to satisfy Verizon's

PLAINTIFF'S MOTION TO AUTHORIZE DISCLOSURE
(Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

needs and the Court's requirements. Bungie has identified the Defendants with enough specificity to establish their identities as real people such that they are likely to fall under the jurisdiction of the Court, to the Court's own satisfaction. Dkt. 27. It has identified specific identifiers through which ISPs like Verizon and others, should they similarly object, can produce information narrowly and specifically. Bungie recounted its investigation into these Defendants with particularity. Dkt. 24. This investigation continues. Schmeyer Decl. ¶ 7.

Bungie's complaint states a claim for direct copyright infringement by Defendants, providing proof of copyright registration and ownership, and alleging Defendants' rampant infringement of Bungie's exclusive rights to reproduce, display, distribute, and create derivative works of the Destiny Copyrights. Bungie also sufficiently alleges Defendants' secondary liability based on Defendants' direct participation in, knowledge of, and material contribution to players' infringement of the Destiny Copyrights. Dkt. 1 ("Compl.") at ¶ 236. Bungie also states valid claims for: violations of the DMCA, 17 U.S.C. § 1201, based on Defendants' circumvention of Bungie's technological protections and trafficking in circumvention devices, *id.* at ¶¶ 303-327; breach of Bungie's LSLA in developing the Software and inducement of others to breach the LSLA, *id*. at ¶¶ 367-400; violations of the RICO Act, *id*. at ¶¶ 256-301; violations of the Computer Fraud and Abuse Act, *id*. at ¶¶ 329-365; and participation in a civil conspiracy, *id*. at ¶¶ 402-406. All these claims are alleged with sufficient specificity to survive a motion to dismiss, and the Court agreed. Dkt. 27.

Finally, Bungie has traced the Defendants to the final line of their obfuscations and defenses – the online pseudonyms they hide behind, the email addresses attached to those accounts, and the IP addresses from which they used them. The discovery Bungie seeks will allow them to puncture these masks and attach real people to them. They can then be served and answer Bungie's well-pled complaint in court. Bungie does not yet believe it will require alternate service – if it receives the narrow and specific third-party discovery it is asking for, and if the authorization to disclose is granted, it should be able to track each of these parties down.

PLAINTIFF'S MOTION TO AUTHORIZE DISCLOSURE
(Case No. 2:23-cv-01143-MLP) – 5

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

## IV. CONCLUSION

For the foregoing reasons, Bungie respectfully requests the Court enter the proposed order submitted herewith, authorizing disclosure by subpoena recipients, including but not limited to Verizon, pursuant to 47 U.S.C. § 551(c)(2)(B).

Dated this 22nd day of February, 2024.

Respectfully submitted,

KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.

By: *s/ Dylan M. Schmeyer*
   Dylan M. Schmeyer (admitted *pro hac vice*)
   750 W. 148th Ave, #4216
   Westminster, CO 80023
   Tel: (719) 930-5942
   Email: dschmeyer@kusklaw.com

*Attorneys for Plaintiff Bungie, Inc.*

FOCAL PLLC

By: *s/ Stacia N. Lay*
   *s/ Venkat Balasubramani*
   Stacia N. Lay, WSBA #30594
   Venkat Balasubramani, WSBA #28269
   900 1st Avenue S., Suite 201
   Seattle, Washington 98134
   Tel: (206) 529-4827
   Fax: (206) 260-3966
   Email: stacia@focallaw.com
   Email: venkat@focallaw.com

## **WORD LIMIT CERTIFICATION**

I certify that this memorandum contains 1,526 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
   Stacia N. Lay, WSBA #30594

PLAINTIFF'S MOTION TO AUTHORIZE DISCLOSURE
(Case No. 2:23-cv-01143-MLP) – 6

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966