UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE INC.,

          Plaintiff,

  v.

JOSHUA FISHER, *et al.*,

          Defendants.

Case No. C23-1143-MLP

ORDER GRANTING PLAINTIFF BUNGIE, INC.'S UNOPPOSED MOTION TO AUTHORIZE THIRD-PARTY DISCLOSURE IN RESPONSE TO SUBPOENAS

This matter is before the Court on Plaintiff Bungie Inc.'s Unopposed Motion "to Authorize Third-Party Disclosure in Response to Subpoenas" ("Plaintiff's Motion"). (Pl.'s Mot. (dkt. # 31).) Plaintiff moves for an Order to allow subpoenaed third-party entities, including, but not limited to, Verizon, Inc., to respond to those subpoenas pursuant to the Cable Communications Privacy Act, 47 U.S.C. § 551(c)(2)(B). (*Id.* at 1, 3-5.) This Court previously found good cause to authorize early third-party discovery in this matter, authorizing Plaintiff to serve third-party subpoenas on several entities to further its investigation into identifying unknown Defendants allegedly responsible for developing "Ring-1" cheat software for Destiny 2, Plaintiff's online multiplayer, first-person shooter video game. (*See* dkt. ## 27, 30.) Per Plaintiff, Verizon's subpoena response agent confirmed that Verizon does not oppose this

motion, and Verizon requested Plaintiff pursue this Order so that Verizon could legally comply with the issued subpoena pursuant to § 551(c)(2)(B). (Schmeyer Decl. (dkt. # 32) at ¶¶ 3, 5-6.)

The Cable Communications Privacy Act generally prohibits a cable operator from disclosing "personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned . . . ."[1] 47 U.S.C. § 551(c)(1). However, a cable operator may disclose such information if the disclosure is made pursuant to a court order and the cable operator notifies the subscriber of the order. *Id.*, § 551(c)(2)(B). Where good cause has been demonstrated for early discovery, disclosure of such information is appropriate under this exception to § 551. *See MG Premium Ltd. v. Does 1-20*, 2020 WL 1675741, at *1-2 (W.D. Wash. Apr. 6, 2020); *Strike 3 Holdings, LLC v. Doe*, 2018 WL 1427002, at *1-2 (S.D. Cal. Mar. 22, 2018).

The Court, having considered Plaintiff's Motion (dkt. # 31), the supporting declaration, and Verizon's lack of opposition, and finding good cause, hereby ORDERS as follows:

1. Plaintiff's Motion (dkt. # 31) is GRANTED.

2. Any subpoenaed entity which qualifies as a "cable operator" in this matter, as defined by 47 U.S.C. § 522(5), must provide the subscriber with notice of this Order pursuant to 47 U.S.C. § 551(c)(2)(B).

3. Any subpoenaed entity which qualifies as a "cable operator" in this matter shall

---

[1] A "cable operator" is:

> [A]ny person or group of persons (A) who provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system, or (B) who otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system.

47 U.S.C. § 522(5).

have **seven (7) days** after service of any subpoenas to notify the subscriber(s) that their identity has been subpoenaed by Plaintiff. Any subscriber whose identity has been subpoenaed shall have **twenty-one (21) days** from the date of such notice to file a responsive pleading or a motion to quash.

Dated this 23rd day of February, 2024.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER GRANTING PLAINTIFF BUNGIE,
INC.'S UNOPPOSED MOTION TO
AUTHORIZE THIRD-PARTY DISCLOSURE
IN RESPONSE TO SUBPOENAS - 3