HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," DAVID HASTINGS A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC" JOHN DOE NO. 2 A/K/A "CYPHER," JOHN DOE NO. 3 A/K/A "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," JOHN DOE NO. 8 A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," JOHN DOE NO. 10 A/K/A "SINISTER," AND JOHN DOES NO. 11-50,<br><br>    Defendants. | Case No. 2:23-cv-01143-MLP<br><br>PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION TO FILE REQUESTS FOR FURTHER THIRD-PARTY DISCOVERY UNDER SEAL<br><br>NOTE ON MOTION CALENDAR:<br>March 19, 2024 |

On October 27, 2023, Plaintiff Bungie, Inc. moved to conduct expedited limited third-party discovery in order to identify and locate Defendants and thereby permit Bungie to serve them. (*See* Dkt. 24.) The Court granted this request in part on November 29, 2023, and in the Order, instructed Bungie to return to the Court to request further specific discovery when it knew what additional data it needed to pursue. (Dkt. 27.) Bungie's discovery efforts have borne fruit,

PLAINTIFF'S *EX PARTE* MOTION TO FILE REQUESTS
FOR THIRD-PARTY DISCOVERY UNDER SEAL
(Case No. 2:23-cv-01143-MLP) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

and Bungie seeks to return to the Court as instructed to request a second round of third-party discovery based on what it has uncovered. The Defendants in this case, however, continue to obfuscate their identities, and some even appear to be following Bungie's filings in this case. Declaration of Dylan Schmeyer at ¶¶ 2-8.

Therefore, to protect Bungie's investigative efforts and thereby give Bungie the best chance of penetrating Defendants' ever-shifting masks of anonymity, Bungie respectfully requests that the Court grant it leave (1) to file its upcoming Second Motion for Expedited Discovery under seal, and (2) to file any further requests for expedited third-party discovery for the purpose of identifying and locating the Defendants under seal, so long as Bungie certifies in the motion that the standards of LCR 5(g)(3)(B) are met. Alternatively, Bungie requests leave to redact from the upcoming Second Motion for Expedited Discovery, and any additional requests for third-party discovery, any information pertaining to its investigations and methodology, and to file unredacted copies under seal.

I.   ARGUMENT

Local Civil Rule 5 requires that a party, when making a request to file under seal, include a specific statement of the applicable legal standard; articulate the legitimate private or public interests that warrant the relief sought; the injury that will result if the relief sought is not granted; and why a less restrictive alternative to the relief sought is not sufficient. LCR 5(g)(3)(B). Bungie recognizes that there is a strong presumption, rooted in the common law, in favor of public access to court records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978). This presumption, however, is rebuttable, if "countervailing interests" outweigh the interests of the public. *Raulerson v. Massanari*, 25 F. App'x 589, 594 (9th Cir. 2001) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir.1988)).

Two standards can govern whether that public interest is outweighed and sealing is appropriate. The "compelling reasons" standard applies to most judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a] party seeking to seal a judicial record ... bears the burden of ... meeting the 'compelling reasons'

PLAINTIFF'S *EX PARTE* MOTION TO FILE REQUESTS
FOR THIRD-PARTY DISCOVERY UNDER SEAL
(Case No. 2:23-cv-01143-MLP) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

standard"); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003) (same). The less burdensome "good cause" standard applies to "private materials unearthed during discovery," as such documents are not part of the judicial record. *Id*. The good cause standard is in place "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense", as per Rule 26(c) of the Federal Rules of Civil Procedure. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). It is undue burden and expense that Bungie is attempting to avoid and the injury it seeks to prevent.

     Bungie's interest in sealing the requested filings is significant. In the absence of a protective order, it is certainly possible, even probable, that Bungie would incur significant increases to its investigation expenditures, and that the difficulty of those investigations would escalate. Bungie does not want to teach the Defendants in this case, and other cheaters and cheat-makers, how Bungie is penetrating the anonymity that they presume, in their arrogance or negligence, is impregnable. The public interest is also implicated by this request. It benefits nobody for Defendants, who have hidden their identities and are being primarily investigated through the internet and using technology, to be informed how they are being identified and tracked down and of the progress that is being made towards their identification; nobody, that is, but these defendants, and defendants who may be in similar circumstances. The public interest is served by such defendants being within the reach of the justice system and remaining there, not being educated as to how better to hide their identities from it.

     Bungie has concerns that, in articulating its good cause to pursue further discovery to the Court, Defendants, who are currently running for the hills and, it certainly appears, faking their own deaths to some of their customers, might gain insight into Bungie's investigation methods and its progress. Schmeyer Decl. ¶¶ 2-8. It is foreseeable that they might attempt to thwart Bungie's efforts if they get what amounts to a play-by-play of the steps being taken to find them. This issue would be present in any filing related to the expedited third-party discovery Bungie is currently pursuing that requires an explanation of its needs and its good cause to pursue them. If

PLAINTIFF'S *EX PARTE* MOTION TO FILE REQUESTS
FOR THIRD-PARTY DISCOVERY UNDER SEAL
(Case No. 2:23-cv-01143-MLP) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

this comes to pass, it would be that much more difficult, and, it follows, expensive, to unmask the necessary parties in this case. In the very worst case, it might thwart that identification altogether. *See* Schmeyer Decl. ¶ 9.

A less restrictive alternative, such as redacting Bungie's requests for further third-party discovery, still poses its own issues. Any motion for further discovery must, in order to show good cause, explain Bungie's investigative methods and efforts to date and would necessarily indicate the progress of Bungie's investigations. This could well serve to tip off Defendants and prompt steps to further obfuscate their identities or activities. To redact such a motion would almost certainly involve redacting nearly the entire motion altogether. Any permitted redaction is better than an entirely public filing, however. Therefore, in the alternative to filing the motion papers under seal, Bungie requests permission to redact information pertaining to its investigative methods and progress as well as specific information pertaining to the Defendants.

## II.  CONCLUSION

Bungie respectfully requests, for these reasons, that the Court issue an Order permitting the filing under seal of (1) Bungie's upcoming Second Motion for Expedited Discovery, and (2) any further motions for expedited third-party discovery for the purpose of identifying and locating the Defendants who remain unidentified and/or unserved in this case, so long as Bungie certifies in the motion that the standards of LCR 5(g)(3)(B) are met. In the alternative, Bungie requests that the Court permit it to redact from its second motion for third-party discovery, and any additional requests for such discovery, any information pertaining to its investigations and methodology, and to file unredacted copies under seal.

Dated this 19th day of March, 2024.

Respectfully submitted,

KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.

By: *s/ Dylan M. Schmeyer*
  Dylan M. Schmeyer (admitted *pro hac vice*)
  750 W. 148th Ave, #4216
  Westminster, CO 80023

FOCAL PLLC

By: *s/ Stacia N. Lay*
  *s/ Venkat Balasubramani*
  Stacia N. Lay, WSBA #30594
  Venkat Balasubramani, WSBA #28269
  900 1st Avenue S., Suite 201
  Seattle, Washington 98134
  Tel: (206) 529-4827

PLAINTIFF'S *EX PARTE* MOTION TO FILE REQUESTS
FOR THIRD-PARTY DISCOVERY UNDER SEAL
(Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

| | |
|---|---|
| Tel: (719) 930-5942<br>Email: dschmeyer@kusklaw.com | Fax: (206) 260-3966<br>Email: stacia@focallaw.com<br>Email: venkat@focallaw.com |

*Attorneys for Plaintiff Bungie, Inc.*

## **WORD LIMIT CERTIFICATION**

I certify that this memorandum contains 1,104 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
      Stacia N. Lay, WSBA #30594

PLAINTIFF'S *EX PARTE* MOTION TO FILE REQUESTS
FOR THIRD-PARTY DISCOVERY UNDER SEAL
(Case No. 2:23-cv-01143-MLP) – 5

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966