UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE INC.,

                Plaintiff,

    v.

JOSHUA FISHER, *et al.*,

                Defendants.

Case No. C23-1143-MLP

ORDER

### I. INTRODUCTION

This matter is before the Court on Plaintiff Bungie, Inc.'s *Ex Parte* Motion to File Requests for Further Third-Party Discovery Under Seal (the "Motion" (dkt # 34)). Plaintiff moves for an Order to: (1) grant leave to file its upcoming Second Motion for Expedited Discovery under seal; and (2) file further requests for expedited third-party discovery for the purpose of identifying and locating Defendants under seal. Having considered Plaintiff's submissions, the balance of the record, and the governing law, the Court GRANTS Plaintiff's Motion (dkt. 34), as further explained below.

ORDER - 1

## II. DISCUSSION

This Court previously found good cause to authorize early discovery in this matter, authorizing Plaintiff to serve third-party subpoenas on several entities to further its investigation into identifying unknown Defendants allegedly responsible for developing "Ring-1" cheat software for Destiny 2, Plaintiff's online multiplayer, first-person shooter video game. (*See* dkt. ## 27, 30, 33.) Plaintiff's Motion states that while their efforts for early third-party discovery have borne some fruit, inquiries into certain unknown Defendants have been frustrated. (Motion at 2-3.) Plaintiff attests that these Defendants have used publicly available filings to change their practices, disguise their alleged wrongdoing, and elude detection. (*Id.* at 3-4.) Accordingly, Plaintiff requests that the Court allow it to file additional third-party discovery under seal to preempt additional obfuscation. (*Id.* at 4.)

Under the Court's Local Rules, "[t]here is a strong presumption of public access to the court's files." Local Civil Rule ("LCR") 5(g); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). As the Ninth Circuit explained in *Kamakana v. City & Cnty. of Honolulu*, "judicial records are public documents almost by definition, and the public is entitled to access by default." 447 F.3d 1172, 1180 (9th Cir. 2006). To rebut the presumption of public access, a party must file a motion that includes "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B).

When sealed materials are attached to a non-dispositive motion "unrelated to the merits of the case," such as here, the moving party "need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). "A party asserting good cause bears the burden, for each particular document it seeks to protect,

ORDER - 2

of showing that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," will not suffice. *Id.* (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)).

With their request, Plaintiff submitted a declaration from counsel Dylan Schmeyer (dkt. # 35) that includes evidence that unknown Defendants are following this matter's public dockets and acting to frustrate Plaintiff's discovery efforts. Specifically, Mr. Schmeyer attests that developer Defendants have begun using different accounts and practices for their cheat developments to obfuscate their identities. (*Id.* at ¶¶ 2-8) Plaintiff also identified instances where Defendants deleted a server to destroy evidence and refrained from using devices to impede Plaintiff's investigation. (*Id.* at ¶¶ 4, 7) Another unknown Defendant appears to have gone so far as to fake their own death to elude Plaintiff's discovery. (*Id.* at ¶ 5.) Given the proximity between these incidents and Plaintiff's prior discovery requests, Plaintiff has shown good cause that filing third-party discovery requests will continue to frustrate Plaintiff's efforts and cause additional harm unless they are sealed.

Accordingly, the Court finds Plaintiff has established good cause to seal requests for third-party discovery intended to identify and locate unknown Defendants.

### III. CONCLUSION

The Court, having considered Plaintiff's Motion and supporting declaration and being fully apprised on the matter, hereby ORDERS as follows:

1. Plaintiff's Motion (dkt. # 34) is GRANTED;

2. Plaintiff may file under seal its upcoming Second Motion for Expedited Discovery; and

ORDER - 3

3.       To the extent Plaintiff files further requests for expedited third-party discovery for the limited purpose of identifying and locating Defendants, it may file such motions under seal in accordance with this Order, provided that Plaintiff certifies in the motion that the standards of LCR 5(g)(3)(B) are met.

Dated this 2nd day of April, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 4