UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE INC.,

        Plaintiff,

v.

JOSHUA FISHER, *et al.*,

        Defendants.

Case No. C23-1143-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on Plaintiff Bungie Inc.'s *Ex Parte* Second Motion "for Expedited Discovery to Confirm Defendants' Identities and Locations and for a Further Extension of the Rule 4(m) Deadline for Service" ("Plaintiff's Motion"). (Pl.'s Mot. (dkt. # 40).) Defendants have not yet appeared in this matter. Having reviewed Plaintiff's submissions, the governing law, and the balance of the record, Plaintiff's Motion (dkt. # 40) is GRANTED, as further explained below.

## II.    BACKGROUND

On November 27, 2023, the Court partially granted Plaintiff's first motion for expedited discovery to identify the names and locations of unknown defendants. (Dkt. ## 24, 27.) The

ORDER - 1

1  Court has previously detailed the background of this case in that Order. (*See id.* at 1-5.) Pursuant
2  to that Order, Plaintiff ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1] (Declaration of Dylan Schmeyer
3  (the "Schmeyer Decl.") (dkt. # 41).) Plaintiff attests that the productions received in response to
4  its third-party subpoenas have furthered its investigation, and as of the Motion's filing Plaintiff
5  believes they have ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  (Declaration of Kathryn Tewson (the "Tewson Decl.") (dkt. # 42) at ¶ 3.) This Court has issued
9  four summonses for Defendants Power, DeJesus, Brinlee, and Thorpe, and Plaintiff attests that ▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Dkt. ## 44, 49; Schmeyer Decl.
11 at ¶¶ 5-6; Tewson Decl. at ¶ 3.)
12       Now, Plaintiff seeks additional discovery, in part based on information uncovered in its
13 last round of third-party subpoenas, to identify more defendants. (Pl.'s Mot. at 2.) Believing that
14 unknown defendants were following this action's public docket and obfuscating their activities
15 based on Plaintiff's filings, Plaintiff moved the Court to file the Motion under seal, which the
16 Court granted on April 2, 2024. (Dkt. ## 34, 36.) Accordingly, portions of the public copy of this
17 Order have been redacted to preserve the confidentiality concerns identified in Plaintiff's motion
18 to seal and accompanying order. (*See id.*)
19       Plaintiff's investigation has identified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that Plaintiff believes
20 are used by the operators of the Ring-1 cheat software website ("Operator Defendants") while
21 developing or testing Ring-1 software. (Tewson Decl. at ¶ 4.) Plaintiff believes that ▮▮▮▮

---

[1] Pursuant to the Court's order granting Plaintiff's motion to seal (dkt. ## 34, 36), Plaintiff's Motion and accompanying declarations were filed under seal. (Dkt. ## 40-42.) Passages of this Order that contain Plaintiff's confidential information were redacted from the public copy of this Order, and the unredacted Order was filed under seal. (*See id.*)

ORDER - 2

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*Id.*) Plaintiff also identified an inadvertent error in a previous

3 subpoena to ▓▓▓▓▓ that caused that subpoena to be invalid. (*Id.* at ¶ 6.) Plaintiff requests

4 permission to re-serve ▓▓▓▓▓ with a corrected subpoena. (Pl.'s Mot. at 3.) Additionally,

5 Plaintiff used information from the first subpoenas to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

6 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (Tewson Decl. at ¶ 5.)

7 Plaintiff believes that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

8 ▓▓▓▓▓▓▓▓▓, and that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

9 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*Id.*)

10    Plaintiff has also identified five additional resellers of the Ring-1 cheat software

11 ("Reseller Defendants") to be named as Does 11-15, and one additional Operator Defendant to

12 be named as Doe 16 (the "New Defendants"). (Tewson Decl. at ¶ 7.) Plaintiff believes that the

13 New Defendants have concealed their identities and locations by operating under pseudonyms

14 and using privacy protection services. (*Id.*) Plaintiff requests subpoenas to service providers that

15 the New Defendants rely upon, which are discussed in turn. (Pl.'s Mot. at 3.)

16    Plaintiff believes that Reseller Defendant ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

17 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (Tewson Decl. at ¶ 8, Exs. 1-2.) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ does not

18 provide contact information and the operator's identity is hidden by privacy protection. (*Id.*)

19 Plaintiff believes that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*Id.*) Accordingly, Plaintiff believes that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. (*Id.*) Similarly,

22 Plaintiff believes that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

23 ▓▓▓▓▓▓▓▓▓▓▓▓. (*Id.*)

ORDER - 3

1    Plaintiff believes that Reseller Defendants ▮▮▮▮▮▮▮▮▮▮▮▮
2    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ using only
3    pseudonyms without providing any contact information. (Tewson Decl. at ¶¶ 9-11, Exs. 3-5.)
4    Accordingly, Plaintiff believes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*Id.*)
6    Plaintiff also identified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Tewson Decl. at ¶ 12,
8    Ex. 6.) Plaintiff believes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9    ▮▮▮▮▮▮▮▮. (*Id.*)
10   Finally, Plaintiff's investigation identified ▮▮▮▮▮▮▮▮▮▮▮▮
11   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Tewson Decl. at ¶ 13.) Accordingly,
13   Plaintiff believes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14   ▮▮▮▮▮▮▮▮. (*Id.*)
15   Based on Plaintiff's investigation to this point, and pursuant to Federal Rules of Civil
16   Procedure 26(d) and 45, Plaintiff now seeks leave to serve additional third-party subpoenas prior
17   to the Rule 26(f) conference on the above-identified non-party entities so that it may identify,
18   locate, and serve process on the unknown Defendants. (*See* Pl.'s Mot. at 1-2.)

### III. DISCUSSION

20   Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any
21   source before the parties have conferred as required by Rule 26(f), except in a proceeding
22   exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by
23   stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit

ORDER - 4

expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. As explained by the Ninth Circuit, "[w]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) ("Courts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served.").

To establish good cause for unknown defendants, a plaintiff must: (1) identify the unknown defendants with sufficient specificity for the court to "determine that the defendant is a real person who can be sued in federal court"; (2) recount the efforts taken to locate and identify the unknown defendants; (3) demonstrate the action can withstand a motion to dismiss; and (4) demonstrate a reasonable likelihood that the sought discovery will "lead to identifying information that will permit service of process." *Cobbler Nev., LLC v. Does 1-32*, 2015 WL

ORDER - 5

5315948, at *3 (W.D. Wash. 2015) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)); *see also Amazon.com, Inc. v. Ackary*, 2022 WL 1027710, at *2 (W.D. Wash. Apr. 6, 2022). Good cause exists where a plaintiff has exhausted its means to identify the unknown defendants through publicly available information and has no other way to identify the individuals involved in the scheme. *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D. Cal. 2011) ("Courts in [the Ninth] Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction."); *see also Semitool*, 208 F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will "substantially contribute to moving this case forward").

Here, Plaintiff has established good cause under each of the relevant factors. First, the unknown defendants are persons or entities Plaintiff alleges have developed, marketed, sold, and supported the Ring-1 cheat software in violation of federal law, and therefore, are subject to suit in federal court. (*See* Compl. at ¶¶ 47-50, 223-36, 256-301, 303-27, 329-65, 367-400, 402-06.) Second, as considered above, Plaintiff has sufficiently detailed the steps it has taken to date to locate and identify the unknown Defendants. (*See* Tewson Decl. at ¶¶ 3-13.) Third, it appears Plaintiff's lawsuit can withstand a motion to dismiss given the nature of the allegations, claims, and Plaintiff's prior history of bringing successful claims against cheat software developers for Destiny 2. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (where plaintiff pleads sufficient facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged," the complaint is "plausible on its face" and can "survive a motion to dismiss"). Finally, the service providers Plaintiff seeks to subpoena are likely to have account,

login, and transaction information, as well as billing and payment details, that will aid Plaintiff in identifying the unknown Defendants and their locations. (*See* Tewson Decl. at ¶¶ 4-13.)

### IV.     CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1)     Plaintiff's Motion (dkt. # 40) is GRANTED. Plaintiff is granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on the following third parties that Plaintiff has identified as likely to be providing services to the unknown Defendants responsible for developing and distributing the Ring-1 cheat software: ▮▮▮▮▮▮▮▮▮▮▮▮.

(2)     Plaintiff shall provide an unredacted copy of this Order with each subpoena issued pursuant thereto.

(3)     To the extent subpoena responses reveal additional entities or individuals as having responsive information related to the identity or location of the unknown Defendants, or other actors responsible for developing and distributing the Ring-1 cheat software, Plaintiff shall seek leave from the Court before serving additional Rule 45 subpoenas on those entities or individuals.

(4)     The Clerk is directed to send an unredacted copy of this Order to Plaintiff.

(5)     Finding good cause in that Plaintiff will need time to obtain and review subpoena responses to identify and serve unknown Defendants, Plaintiff is granted a 60-day extension of the Rule 4(m) service deadline up to and including **June 28, 2024**.

Dated this 24th day of April, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7