HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," DAVID HASTINGS A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC" JOHN DOE NO. 2 A/K/A "CYPHER," JOHN DOE NO. 3 A/K/A "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," JOHN DOE NO. 8 A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," JOHN DOE NO. 10 A/K/A "SINISTER," AND JOHN DOES NO. 11-50,<br><br>    Defendants. | Case No. 2:23-cv-01143-MLP<br><br>PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>NOTE ON MOTION CALENDAR:<br>May 17, 2024 |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Bungie, Inc. respectfully moves the Court to enter an Order granting it leave to amend its original complaint filed in this case to reflect the identities of previously unnamed Defendants and ascertained Doe Defendants it has identified to date (collectively "Defendants"), and to plead an additional cause of action against them. Pursuant to LCR 15(a), attached as Exhibit A and B respectively are

PLAINTIFF'S *EX PARTE* MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT
(Case No. 2:23-cv-01143-MLP) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

copies of (1) the proposed Amended Complaint and (2) a redline showing the changes made to the original complaint in the Amended Complaint.

## I.  FACTUAL BACKGROUND

On August 1, 2023, Bungie filed its original complaint (Dkt. 1) and began the process of investigating and identifying both Defendants whose true identities were, at the time, obfuscated, and Doe Defendants who were participants in the Ring-1 Enterprise (*see, e.g.*, Dkts. 24, 40). This is a labor intensive and time-consuming endeavor—Defendants do business and speak publicly only through online personas and screen names and take great pains to hide their identities and remain anonymous, in part to thwart legal process. Bungie had a handful of Defendants already identified and requested leave of the Court to conduct third-party discovery to identify more. (*See* Dkts. 24, 40.) The Court issued an Order granting leave to pursue that discovery on November 29, 2023 (Dkt. 27), and again on April 24, 2024 (Dkts. 50, 51).

Those discovery efforts, as well as Bungie's ongoing investigation, have borne fruit, and multiple defendants have been identified. Defendants Mahuron and Abbott have been served, and Rule 4 waivers have been directed to every other Defendant that Bungie has identified: Jose DeJesus, Andrew Thorpe, Ryan Power, Kiching Kang, and Travers Rutten. (*See, e.g.*, Dkt. 41; *see also* Dkts. 18, 18-1, 20, 44, 49, 49-1, 49-2.) Additionally, further Doe Defendants have been identified. Bungie would like to amend its complaint and properly place the facts of the liability of these newly ascertained Defendants in the record.

## II.  ARGUMENT

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a)(1) provides that a party may amend a complaint once as a matter of course within 21 days of service, or within 21 days of being served with an answer or a motion to dismiss, whichever is earlier. *Lopez v. Swift*, No. 12-CV-5099-TOR, 2014 WL 2957459, at *2 (E.D. Wash. July 1, 2014). It has been more than 21 days since Defendants Mahuron and Abbott were served. No party has formally answered the complaint to date. Thus, leave of the Court is required to amend the complaint at least with respect to the served Defendants.

PLAINTIFF'S *EX PARTE* MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT
(Case No. 2:23-cv-01143-MLP) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Allowing Bungie to file the Amended Complaint would serve justice and promote judicial efficiency, as it would permit Bungie to proceed against newly identified Defendants, and to broaden its discovery efforts to identify the new Doe Defendants. It would also permit Bungie to further identify all of the claims that the facts support. This would minimize delays and diversions and keep the case moving forward. Further, as discussed below, there would be no substantial or undue prejudice, bad faith, undue delay, or futility.

The generosity in granting leave to amend is "to be applied with extreme liberality" as there is a strong presumption in favor of granting leave to amend a complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). Five factors affect the Court's discretion in granting leave to amend a complaint: (1) whether there has been bad faith on the part of the party seeking leave; (2) whether the amendment will cause undue delay; (3) the possibility of prejudice to the opposing party; (4) whether the amendment will be futile; and (5) whether the complaint has previously been amended. *See, e.g., United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). *See also Foman v. Davis,* 371 U.S. 178, 182 (1962). All five factors weigh in favor of granting Bungie's motion.

First, there is no bad faith on Bungie's part. When Bungie filed its original complaint on August 1, 2023, it identified all parties to the maximum extent possible with the information it had available and had pled its legal claims with the information available to it. Bungie has been transparent and forthright about what it knows, what it doesn't, and the information it needs to learn more. The Court granted leave to take expedited third-party discovery for the express purpose of de-anonymizing the pseudonymous defendants and identifying further Doe defendants. That discovery has borne fruit, and Bungie seeks to amend the complaint to include this new information, and to articulate an additional theory of liability that the facts support. There isn't a modicum of bad faith behind Bungie's request.

Second, granting the motion will not cause undue delay; while certain Defendants have

PLAINTIFF'S *EX PARTE* MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT
(Case No. 2:23-cv-01143-MLP) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

been served and are in contact with Bungie, no Defendant has appeared, answered, or filed any pre-answer motion, so there are no proceedings in place to be delayed. This amendment will also serve to forestall potential delays in the future; Bungie must name the Does it has discovered to request needed third-party discovery to identify them. Bungie would prefer to do this expediently and as its investigation requires, rather than wait to begin that process months in the future. Additionally, the earlier it pleads all its claims and provides notice of them to opposing parties, the more efficiently this litigation can progress.

Third, for the same reasons, amendment cannot cause prejudice to any other party. It is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence*, 316 F.3d at 1052. *See also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). Prejudice is the "touchstone of the inquiry under rule 15(a)." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"); *cf. DCD Programs*, 833 F.2d at 186-87 (noting that party opposing amendment "bears the burden of showing prejudice"). Absent prejudice, or a strong showing among the other factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence*, 316 F.3d at 1052 (citing *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 245 (5th Cir. 1997)). This Motion does not come near or after any deadline that would cut off such requests, nor is it anywhere near the cut off for discovery. Indeed, no party has so much as submitted an answer yet; there is no better, less prejudicial time to amend in order to address the information regarding the Defendants that Bungie has gleaned from the discovery permitted by the Court and its own ongoing investigation.

Fourth, the amendment clearly will not be futile, as the purpose of amendment is to name and add necessary parties and claims to the action, a step that will be unavoidably required either now or later. Fifth and finally, the complaint has yet to be amended, rendering this factor inapplicable.

PLAINTIFF'S *EX PARTE* MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT
(Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

## III. CONCLUSION

For these reasons, Bungie respectfully requests that the Court grant it leave to file the attached Amended Complaint.

Dated this 17th day of May, 2024.

Respectfully submitted,

| | |
|---|---|
| KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.<br><br>By: *s/ Dylan M. Schmeyer*<br>    Dylan M. Schmeyer (admitted *pro hac vice*)<br>    3598 E. 106th Avenue<br>    Thornton, CO 80223<br>    Tel: (719) 930-5942<br>    Email: dschmeyer@kusklaw.com | FOCAL PLLC<br><br>By: *s/ Stacia N. Lay*<br>    *s/ Venkat Balasubramani*<br>    Stacia N. Lay, WSBA #30594<br>    Venkat Balasubramani, WSBA #28269<br>    900 1st Avenue S., Suite 201<br>    Seattle, Washington 98134<br>    Tel: (206) 529-4827<br>    Fax: (206) 260-3966<br>    Email: stacia@focallaw.com<br>    Email: venkat@focallaw.com |

*Attorneys for Plaintiff Bungie, Inc.*

## WORD LIMIT CERTIFICATION

I certify that this memorandum contains 1,235 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
    Stacia N. Lay, WSBA #30594

PLAINTIFF'S *EX PARTE* MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT
(Case No. 2:23-cv-01143-MLP) – 5

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966