1

2

3

4

5

HONORABLE MICHELLE L. PETERSON

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

BUNGIE, INC., a Delaware corporation,

        Plaintiff,

10

11

v.

12

JOSHUA FISHER, JACOB W. MAHURON
A/K/A "PRAGMATICTAX," MATTHEW
ABBOTT A/K/A "NOVA," JOSE
DEJESUS AKA "DAVID HASTINGS"
A/K/A "J3STER," TRAVERS RUTTEN
A/K/A "TRAVERS7134," JESSE
WATSON A/K/A "JESSEWATSON3944,"
JOHN DOE NO. 1 A/K/A "CALC",
ANDREW THORPE A/K/A "CYPHER,"
RYAN POWER AKA "KHALEESI," JOHN
DOE NO. 4 A/K/A "GOD," JOHN DOE
NO. 5 A/K/A "C52YOU," JOHN DOE NO.
6 A/K/A "LELABOWERS74," JOHN DOE
NO. 7 A/K/A "FRAMEWORK," KICHING
KANG A/K/A "SEQUEL," JOHN DOE
NO. 9 A/K/A "1NVITUS," DAVID
BRINLEE A/K/A "SINISTER," JOHN DOE
NO. 11 A/K/A "THEGUY," JOHN DOE
NO. 12 A/K/A "BEATRED," JOHN DOE
NO. 13 A/K/A "COMMUNITYMODS,"
JOHN DOE NO. 14 A/K/A "PALACE,"
JOHN DOE NO. 15 A/K/A
"VINCENTPRICE," JOHN DOE NO. 16
A/K/A "ESSWAN," JOHN DOE NO.
17A/K/A "ADMIRAL," JOHN DOE NO. 18
A/K/A "TOMDICKHARRY," JOHN DOE
NO. 19 A/K/A "ROB," JOHN DOE NO. 20
A/K/A "STAYLOCKED," JOHN DOE NO.
21 A/K/A "FIVE-STAR," JOHN DOE NO.
22 A/K/A "HORROR," JOHN DOE NO. 23
A/K/A ELITECHEATZ.CO, JOHN DOE
NO. 24 A/K/A MIHAI LUCIAN, JOHN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Case No. 2:23-cv-01143-MLP

PLAINTIFF BUNGIE, INC.'S *EX PARTE*
MOTION FOR AN EXTENSION OF THE
SERVICE DEADLINE UNDER RULE 4(m)

NOTE ON MOTION CALENDAR:
June 17, 2024

PLAINTIFF'S *EX PARTE* MOTION TO EXTEND
SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

1
2
3
4
5
6

DOE NO. 25 A/K/A NATHAN BERNARD, A/K/A "DOVE," JOHN DOE NO. 26 A/K/A "BLACKMAMBA," JOHN DOE NO. 27 A/K/A "BILLNYE," JOHN DOE NO. 28 A/K/A "BANEK192," JOHN DOE NO. 29 A/K/A SHOPPY ECOMMERCE LTD, JOHN DOE NO. 30 A/K/A/ FINN GRIMPE A/K/A "FINNDEV," AND JOHN DOES NO. 31-50,

                    Defendants.

7
8

       Plaintiff Bungie, Inc. hereby moves for an additional 90-day extension to the Rule 4(m) deadline for Bungie to serve domestic Defendants it has yet to identify and locate.

9

## I.    INTRODUCTION

10
11
12
13
14
15

       Bungie is the owner and developer of the massive multiplayer online video game shooter *Destiny 2*. Defendants develop, sell, market, and support cheat software targeted to attack *Destiny 2*. *See generally* Dkt. 1. Recognizing that Defendants have deliberately obscured their identities and contact information, this Court granted Bungie's request to pursue third party discovery on November 29, 2023, *see* Dkt. 27 (the "First Discovery Order"), and again on April 24, 2024, *see* Dkt. 51 (the "Second Discovery Order").

16
17
18
19
20
21
22
23
24
25
26
27

       Bungie has now sent two rounds of subpoenas pursuant to those Orders from this Court. Additionally, Bungie sought leave of the Court to amend its Complaint to include both information and Defendants these discovery efforts have identified, and the Court granted leave to amend on June 12, 2024. *See* Dkt. 53 (the "Leave to Amend Order"). Bungie's Amended Complaint is being filed concurrently with this Motion. There are three outstanding productions from the second round of subpoenas, but Bungie expects them soon. Declaration of Dylan Schmeyer ¶ 13. Bungie sent Rule 4 waivers to the Defendants it had sufficiently identified to date. *Id.* at ¶ 6. Bungie is preparing to send those Rule 4 waivers again in light of the Leave to Amend Order. *Id.* at ¶ 9. Bungie is also preparing for a third and what it believes may be the final motion to serve one more round of subpoenas, informed in part by the second round, to finish identifying its remaining outstanding Defendants. *Id.* at ¶ 11. Bungie's efforts to identify the manifold Defendants of the Ring -1 Enterprise are entering their final stages, but more time is

PLAINTIFF'S *EX PARTE* MOTION TO EXTEND SERVICE DEADLINE UNDER RULE 4(m) (Case No. 2:23-cv-01143-MLP) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

needed. Therefore, Bungie seeks an extension of 90 days to the Rule 4(m) deadline for service up to and including September 25, 2024, or 90 days from the issuance of the Court's Order on this Motion, whichever is later.

## II.     FACTUAL BACKGROUND

On October 27, 2023, Bungie filed a motion seeking third-party discovery to unmask anonymous defendants for service of process, and to extend the Rule 4(m) service deadline to January 28, 2024. Dkt. 24. The Court granted that motion in part on November 29, 2023. Dkt. 27. Eighteen subpoenas were served in accordance with that Order. Schmeyer Decl. ¶ 12. On April 9, 2024, Bungie filed a second motion seeking further third-party discovery, Dkt. 40, and the Court granted that motion on April 24, 2024, Dkt. 51. Half of the productions from that second round of six subpoenas is still outstanding. Schmeyer Decl. ¶¶ 12-13.

Bungie has submitted Rule 4 waivers to the Defendants it has identified, though it will need to send the waivers again to include the newly amended complaint. *Id.* at ¶¶ 6-9. Bungie will afford reasonable time to respond, though it is preparing to press forward with service or requests for alternative service, given that is has only received two responses, one of which instructed counsel to take this lawsuit and "stuff it". *Id.* at ¶ 8. Further, Bungie has ascertained the need to file for a third motion for third-party discovery which it currently believes will allow it to finish the work of identifying Defendants and stripping their anonymity. *Id.* at ¶ 11. Bungie therefore submits that there is good cause to extend the Rule 4(m) deadline, currently set at 14 days from the date of the Leave to Amend Order, by a further 90 days to allow the limited third-party discovery Bungie has sought to continue and to reach its conclusion, and to allow it to organize its service of process, or its motions for alternative service, to currently identified Defendants. Bungie expects, at this juncture, that this is likely to be its last such request.

## III.    LEGAL ARGUMENT

Rule 4(m) states that a court "must extend the time for service for an appropriate period" where the plaintiff shows good cause for an inability to serve a defendant within 90 days of filing the complaint. FED. R. CIV. P. 4(m). *See also Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir.

PLAINTIFF'S *EX PARTE* MOTION TO EXTEND
SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 3

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

2007) ("Rule 4(m) . . . requires a district court to grant an extension of time when the plaintiff shows good cause for the delay.") (emphasis omitted). A showing of good cause may involve various factors, such as the lack of prejudice to defendant and the significant prejudice to plaintiff if the extension were not granted and the complaint was dismissed, and the defendant's receipt of actual notice of the lawsuit. *See, e.g.*, *Efaw*, 473 F.3d at 1041; *Madrid v. Adkins*, No. C19-1710 JLR-TLF, 2020 U.S. Dist. LEXIS 173154, *6, 8 (W.D. Wash. Aug. 20, 2020), *report & recommendation adopted by* 2020 U.S. Dist. LEXIS 186681 (W.D. Wash. Oct. 6, 2020); *Hoefer v. Apple Wash. LLC*, No. C17-1369 RAJ, 2018 U.S. Dist. LEXIS 216863, *5-6 (W.D. Wash. Dec. 27, 2018). Upon a showing of good cause for the lack of service or for defective service, the district court must extend the time period for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001). Even absent a showing of good cause, the district court still has "the discretion to dismiss without prejudice or extend the time period." *Id.* (*citing Petrucelli v. Bohringer & Ratzinger*, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995)).

The Ninth Circuit has also concluded that Rule 4's timing requirement for service is "inapplicable to service in a foreign country[.]" *Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991) (per curiam). Thus, where it appears one or more of the defendants may need to be served in foreign countries, the time limit for service in Rule 4(m) does not apply. *Amazon.com Inc. v. Awns*, No. C22-402-MLP, 2022 U.S. Dist. LEXIS 185807, *2 (W.D. Wash. Oct. 11, 2022). However, "[d]espite the lack of an express time limit, Rule 4(m) does not preclude the court from setting a reasonable time limit for service in a foreign country to properly manage a civil case." *Id.* (internal quotation marks omitted).

Bungie has not completed its investigation into the Unidentified Defendants and does not fully know which are residents of the United States and which reside in a foreign country— indeed many are domiciled abroad. Schmeyer Decl. ¶ 4. Bungie is in the process of effecting service, by waiver or by formal service, of the Defendants it has been able to locate in the United States. *Id.* at ¶ 5. Bungie has sent Rule 4 waivers to the Defendants it has identified. *Id.* at ¶ 6. To the extent that any are residents of a foreign country, no time limit has yet been set, and Bungie

PLAINTIFF'S *EX PARTE* MOTION TO EXTEND
SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 4

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

will pursue serving them, once they are identified, in the same manner as it is pursuing foreign Defendants it has already identified and located.

Bungie has good cause for having not yet served any remaining unserved domestic Defendants; namely, that Bungie does not know who they are yet, whether they are in fact in the United States or if they reside in a foreign country, the address of their primary residence, or any other personal contact information sufficient to affect service. Where Bungie has, through its diligent investigative efforts and third-party discovery permitted by the Court, identified Defendants and ascertained that they are residents of the United States, it has served those Defendants or sent them Rule 4 waivers (with Bungie's original Complaint), though none have yet appeared in this case. *Id.* at ¶¶ 5-10. Further, Bungie has, with the Court's permission, issued two rounds of subpoenas to third parties to identify, locate and affect service on the remaining Unidentified Defendants. While more Does have been discovered, and the Court has granted leave that they be added to Bungie's Amended Complaint, they remain unidentified. More time to identify and serve these Unidentified Defendants, whether they are foreign or domestic, is required for Bungie to conclude its investigation and execute service.

There is no undue prejudice to the Unidentified Defendants if such an extension were granted. The extension is only intended to allow time for Bungie to either identify Defendants so they may be served and so this case can move forward, or so Bungie may exhaust its efforts to do so. Bungie, on the other hand, would be significantly prejudiced, as the Unidentified Defendants could continue their tortious conduct while Bungie continued to toil to identify them, functionally rewarding them for obfuscating their identities. This delay would not negatively impact the orderly progress of the case. The additional 90 days Bungie is requesting is solely to allow Bungie time to complete its efforts to identify and locate the Unidentified Defendants so this case can move forward. Further, the reason for the delay is largely, if not entirely, out of Bungie's control. Any delay is due in significant part to the Defendants' attempts to conceal their identities. *Id.* at ¶ 2. The potential but heretofore unknown foreign residence of many Unidentified Defendants has further complicated and delayed efforts to identify, locate, and

PLAINTIFF'S *EX PARTE* MOTION TO EXTEND
SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

serve them. Finally, Bungie has acted diligently and in good faith in promptly pursuing multiple avenues of discovery and investigation – including the pursuit of third-party discovery via 24 subpoenas so far – intended to identify, name, and serve Defendants. *See, e.g.*, *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCGx), 2013 U.S. Dist. LEXIS 121976, *13-14 (C.D. Cal. Aug. 26, 2013) (difficulty in locating defendant and plaintiffs' attempts to locate defendant through discovery supported the conclusion that plaintiffs acted in good faith).

If the Court disagrees that this is good cause requiring an extension under the mandatory language of Rule 4(m), it should still exercise its discretion and grant the extension in the interest of judicial efficiency. Bungie has invested considerable time and resources into determining the obfuscated identities of the Defendants, to some success. Bungie has promptly pursued the third-party discovery pursuant to this Court's orders, some of which has already borne fruit, and which is expected to continue to do so. Bungie believes that the production of the rest of the discovery it has sought, in addition to the third and hopefully final round it is planning to seek, will allow it to either identify the Unidentified Defendants or to identify the next steps that are necessary to request alternative service. Following successful identification, Bungie can accomplish service expediently. Absent a grant of more time, it is conceivable that other U.S. Defendants could be dismissed from this suit, without prejudice, for lack of service. Bungie's efforts to identify them would not cease, however, and once they were identified, Bungie would sue them again once their names and addresses come to light. Allowing more time for Bungie to complete its limited third-party discovery now, so this can be accomplished on a reasonable timeline without these additional steps, is the most efficient path.

## IV.    CONCLUSION

For the foregoing reasons, Bungie respectfully requests the Court enter the proposed order submitted herewith, extending Bungie's deadline to serve Defendants by 90 days, up to and including September 25, 2024, or 90 days from the issuance of the Court's Order on this Motion, whichever is later.

//

PLAINTIFF'S *EX PARTE* MOTION TO EXTEND
SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 6

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

Dated this 17th day of June, 2024.           Respectfully submitted,

KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.

By: *s/ Dylan Schmeyer*
     Dylan M. Schmeyer (admitted *pro hac vice*)
     750 W. 148th Ave, #4216
     Thornton, CO 80233
     Tel: (719) 930-5942
     Email: dschmeyer@kusklaw.com

*Attorneys for Plaintiff Bungie, Inc.*

FOCAL PLLC

By: *s/ Stacia N. Lay*
     Stacia N. Lay, WSBA #30594
     900 1st Avenue S., Suite 201
     Seattle, Washington 98134
     Tel: (206) 529-4827
     Fax: (206) 260-3966
     Email: stacia@focallaw.com

## **WORD LIMIT CERTIFICATION**

     I certify that this memorandum contains 1,862 words, in compliance with the Local Civil Rules.

             By:  *s/ Stacia N. Lay*
                  Stacia N. Lay, WSBA #30594