HONORABLE MICHELLE L. PETERSON

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," JOSE DEJESUS AKA "DAVID HASTINGS" A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC", ANDREW THORPE A/K/A "CYPHER," RYAN POWER AKA "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," KICHING KANG A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," DAVID BRINLEE A/K/A "SINISTER," JOHN DOE NO. 11 A/K/A "THEGUY," JOHN DOE NO. 12 A/K/A "BEATRED," JOHN DOE NO. 13 A/K/A "COMMUNITYMODS," JOHN DOE NO. 14 A/K/A "PALACE," JOHN DOE NO. 15 A/K/A "VINCENTPRICE," JOHN DOE NO. 16 A/K/A "ESSWAN," JOHN DOE NO. 17A/K/A "ADMIRAL," JOHN DOE NO. 18 A/K/A "TOMDICKHARRY," JOHN DOE NO. 19 A/K/A "ROB," JOHN DOE NO. 20 A/K/A "STAYLOCKED," JOHN DOE NO. | Case No. 2:23-cv-01143-MLP<br><br>PLAINTIFF BUNGIE, INC.'S *EX PARTE* FOURTH MOTION FOR AN EXTENSION OF THE SERVICE DEADLINE UNDER RULE 4(m)<br><br>NOTE ON MOTION CALENDAR: September 13, 2024 |

PLAINTIFF'S *EX PARTE* FOURTH MOTION TO EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

21 A/K/A "FIVE-STAR," JOHN DOE NO. 22 A/K/A "HORROR," JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO, JOHN DOE NO. 24 A/K/A MIHAI LUCIAN, JOHN DOE NO. 25 A/K/A NATHAN BERNARD, A/K/A "DOVE," JOHN DOE NO. 26 A/K/A "BLACKMAMBA," JOHN DOE NO. 27 A/K/A "BILLNYE," JOHN DOE NO. 28 A/K/A "BANEK192," JOHN DOE NO. 29 A/K/A SHOPPY ECOMMERCE LTD, JOHN DOE NO. 30 A/K/A/ FINN GRIMPE A/K/A "FINNDEV," AND JOHN DOES NO. 31-50,

    Defendants.

  Plaintiff Bungie, Inc. hereby moves for an additional 60-day extension to the Rule 4(m) deadline for Bungie to serve domestic Defendants in order to permit Bungie to complete the process of identifying and locating such Defendants.

## I.  INTRODUCTION

  Bungie is the owner and developer of the massive multiplayer online video game shooter *Destiny 2*. Defendants develop, sell, market, and support cheat software targeted to attack *Destiny 2*. *See generally* Dkt. 54. Recognizing that Defendants have deliberately obscured their identities and locations, this Court granted Bungie's requests for third-party discovery on November 29, 2023 and April 24, 2024. *See* Dkts. 27, 51. Bungie moved for a third and final round of third-party discovery on August 23, *see* Dkt. 58. Bungie has sent every subpoena the Court permitted it to send. Additionally, Bungie amended its complaint to encompass what it has discovered, *see* Dkt. 54, after the Court granted it leave to do so, *see* Dkt. 53.

  Bungie is prepared to serve its final wave of subpoenas as soon as it is given permission to do so. *See* Dkts. 58-60. Bungie has also sent or re-sent Rule 4 waiver requests with the Amended Complaint to every Defendant it has identified. Declaration of Dylan Schmeyer ¶ 6. Bungie is not expecting responses to most of those waiver requests, as it did not receive any for the round it sent with the initial complaint, and is preparing to move forward with formal service wherever possible. *Id.* Bungie is also preparing to move for alternative service for those

PLAINTIFF'S *EX PARTE* FOURTH MOTION TO EXTEND SERVICE DEADLINE UNDER RULE 4(m) (Case No. 2:23-cv-01143-MLP) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Defendants it has not been able to pin down to an address. *Id.* at ¶ 7. Bungie needs the productions from its requested final round of subpoenas, and a brief period to analyze those productions, in order to ensure that the request for alternative service only encompasses those it cannot serve by traditional means. *Id.* Once alternative service is sought and identified U.S. Defendants who do not respond to Rule 4 waiver requests are served, Bungie can move forward with service on international Defendants while moving forward with the served Defendants.

Therefore, Bungie seeks an extension of 60 days to the Rule 4(m) deadline from the issuance of the Court's Order on this Motion.

## II. FACTUAL BACKGROUND

On October 27, 2023, Bungie filed a motion seeking third-party discovery to unmask anonymous defendants for service of process. Dkt. 24. The Court granted that motion in part on November 29, 2023. Dkt. 27. Eighteen subpoenas were served in accordance with the Order. Dkt. 29 at ¶ 10. On April 9, 2024, Bungie filed a second motion seeking further third-party discovery, Dkt. 40, which the Court granted on April 24th, Dkt. 51. Six subpoenas were served in accordance with that Order. Schmeyer Declaration ¶ 5. Bungie filed a third motion seeking a final round of third-party discovery on August 23rd, which is currently pending. Dkt. 58.

Bungie has also sent Rule 4 waiver requests with its Amended Complaint to the Defendants it has identified, including those who previously received such requests for the original complaint. Schmeyer Declaration ¶ 6. Bungie will afford reasonable time to respond, though it is prepared to promptly press forward with formal service or requests for alternative service given that one of the only two responses it has received to the original waiver requests instructed counsel to take this lawsuit and "stuff it". Dkt. 56 at ¶ 8. Bungie wishes to formally serve everyone it can, thereby making its alternative service requests as narrow as possible and only where necessary due to an inability to locate an address for a Defendant through Bungie's ongoing investigation and permitted third-party discovery. As such, Bungie needs the productions from its final round of subpoenas that are the subject of its pending motion to finalize its list of Defendants who cannot be served by traditional means. While every effort was

PLAINTIFF'S *EX PARTE* FOURTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 3

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

made to avoid the need for an additional service deadline extension given the Court's prior grant of a generous 90-day extension, Bungie did not receive the final production from prior subpoenas until August 1, due to Discord's innocent confusion that delayed its production by weeks. Schmeyer Declaration ¶¶ 8-11. Bungie required time to process this voluminous production to finalize and render precise its August 23rd motion for a final round of third-party discovery. *Id* at ¶ 11.

Bungie therefore submits that there is good cause to extend the Rule 4(m) deadline, currently set at September 25th, by a further 60 days to allow the final third-party discovery Bungie has requested to reach its conclusion, and to allow it to organize its service of process, or its motions for alternative service, for currently identified Defendants. Bungie anticipates that its next filings pertaining to service will be its requests for alternative service and its affidavits of service (or Rule 4 waivers should any be received), so long as it has obtained the final productions it seeks. This case can then proceed.

### III.   LEGAL ARGUMENT

Rule 4(m) states that a court "must extend the time for service for an appropriate period" where the plaintiff shows good cause for an inability to serve a defendant within 90 days of filing the complaint. FED. R. CIV. P. 4(m). *See also Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) ("Rule 4(m) . . . requires a district court to grant an extension of time when the plaintiff shows good cause for the delay.") (emphasis omitted). A showing of good cause may involve various factors, such as the lack of prejudice to defendant and the significant prejudice to plaintiff if the extension were not granted and the complaint was dismissed, and the defendant's receipt of actual notice of the lawsuit. *See, e.g., Efaw*, 473 F.3d at 1041; *Madrid v. Adkins*, No. C19-1710 JLR-TLF, 2020 U.S. Dist. LEXIS 173154, *6, 8 (W.D. Wash. Aug. 20, 2020), *report & recommendation adopted by* 2020 U.S. Dist. LEXIS 186681 (W.D. Wash. Oct. 6, 2020); *Hoefer v. Apple Wash. LLC*, No. C17-1369 RAJ, 2018 U.S. Dist. LEXIS 216863, *5-6 (W.D. Wash. Dec. 27, 2018). Upon a showing of good cause for the lack of service, the district court must extend the time period for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

PLAINTIFF'S *EX PARTE* FOURTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

Even absent a showing of good cause, the court still has "the discretion to dismiss without prejudice or extend the time period." *Id.* (*citing Petrucelli v. Bohringer & Ratzinger*, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995)).

The Ninth Circuit has also concluded that Rule 4's timing requirement for service is "inapplicable to service in a foreign country[.]" *Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991) (per curiam). Thus, where it appears defendants may need to be served in foreign countries, the time limit for service in Rule 4(m) does not apply. *Amazon.com Inc. v. Awns*, No. C22-402-MLP, 2022 U.S. Dist. LEXIS 185807, *2 (W.D. Wash. Oct. 11, 2022). However, "[d]espite the lack of an express time limit, Rule 4(m) does not preclude the court from setting a reasonable time limit for service in a foreign country to properly manage a civil case." *Id.* (internal quotation marks omitted). Bungie has not completed its investigation into the Unidentified Defendants and does not fully know which are residents of the United States and which reside in a foreign country, although many are believed to be domiciled abroad. Dkt. 56 at ¶ 4. Bungie is in the process of affecting service, by waiver or formal service, of the U.S. Defendants it has been able to locate. *Id*. at ¶ 5. Bungie has sent Rule 4 waiver requests to the Defendants it has identified. Schmeyer Declaration ¶ 6. To the extent that any are residents of a foreign country, no time limit has yet been set, and Bungie will pursue serving them, once they are identified, in the same manner as it is pursuing foreign Defendants it has already identified and located. *See* Dkt. 26 at ¶¶ 4-5; Dkt. 41 at ¶ 6.

Bungie has good cause for having not yet served the remaining unserved domestic Defendants: Namely, that Bungie doesn't know who they are yet, whether they are in fact in the United States or in a foreign country, the address of their primary residence, or any other contact information sufficient to affect service. Where Bungie has, through its diligent investigative efforts, identified Defendants and ascertained that they are U.S. residents, it has served those Defendants or sent them Rule 4 waiver requests, though none have yet appeared in this case. Schmeyer Declaration ¶ 6; *see also* Dkt. 26 at ¶¶ 4-7; Dkt. 41 at ¶¶ 5-6; Dkt. 56 at ¶¶ 5-10. Further, Bungie has, with the Court's permission, issued two waves of subpoenas to third parties

PLAINTIFF'S *EX PARTE* FOURTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

to identify, locate and affect service on the remaining Unidentified Defendants. While more Does have been discovered, and the Court has granted leave that they be amended into the complaint, a number of them remain unidentified.[1] More time to identify and serve these Unidentified Defendants, whether they are foreign or domestic, is required for Bungie to conclude its investigation and execute service.

There is no undue prejudice to the Unidentified Defendants if such an extension were granted. The extension is necessary to allow time for Bungie to (1) either identify Defendants so they may be served or so Bungie may exhaust its efforts to do so, and (2) move for alternative service of the identified Defendants that Bungie is ultimately unable to obtain a physical address for. Bungie, on the other hand, would be significantly prejudiced, as the Unidentified Defendants could continue their tortious conduct (and potentially add new or additional layers of anonymity to avoid identification) while Bungie continued to toil to identify them, functionally rewarding them for obfuscating their identities. This delay would not negatively impact the orderly progress of the case. The additional 60 days is solely to allow Bungie time to complete its efforts to identify and locate the Unidentified Defendants, or so it can determine which Defendants it will need to seek alternative service for. Further, the reason for the delay is largely, if not entirely, out of Bungie's control. Any delay is due in significant part to the Defendants' ongoing attempts to conceal their identities. *See, e.g.*, Dkt. 25 at ¶¶ 5-15. The potential but heretofore unknown foreign residence of many Unidentified Defendants has further complicated and delayed efforts to identify, locate, and serve them. Finally, Bungie has acted diligently and in good faith in promptly pursuing multiple avenues of discovery and investigation – including the pursuit of third-party discovery via 24 subpoenas so far with 6 or more hopefully to come – intended to identify, name, and serve Defendants. *See, e.g.*, *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCGx), 2013 U.S. Dist. LEXIS 121976, *13-14 (C.D. Cal. Aug. 26, 2013)

---

[1] Since filing its Amended Complaint, Bungie has been successful in identifying and locating some of the Doe Defendants and has requested issuance of summons to serve those Defendants. *See* Dkts. 61-64.

PLAINTIFF'S *EX PARTE* FOURTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 6

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

(difficulty in locating defendant and plaintiffs' attempts to locate defendant through discovery supported the conclusion that plaintiffs acted in good faith).

If the Court concludes that this is not good cause requiring an extension under the mandatory language of Rule 4(m), it should still exercise its discretion and grant the extension in the interest of judicial efficiency. Bungie has invested considerable time and resources into determining the obfuscated identities of the Defendants, to some success – Bungie believes it has identified the majority. Bungie has pursued the third-party discovery the Court has allowed it to, and is merely awaiting the remaining productions of the final round it has sought in its pending motion to make final decisions as to service. These productions will allow it to either identify and locate the Unidentified Defendants for traditional service or to identify the next steps that are necessary to request alternative service. Absent a grant of more time, it is conceivable that other U.S. Defendants could be dismissed from this suit, without prejudice, for lack of service. Bungie's efforts to identify them would not cease, however, and once they were identified, Bungie would sue them again once their names and addresses were discovered. Allowing more time for Bungie to complete the limited third-party discovery it has sought now, so this can be accomplished on a reasonable timeline without these additional steps, is the most efficient path.

## IV. CONCLUSION

For the foregoing reasons, Bungie respectfully requests that the Court extend Bungie's deadline to serve Defendants by 60 days from the date of the order on this Motion.

Dated this 13th day of September, 2024.        Respectfully submitted,

| KAMERMAN, UNCYK, SONIKER & KLEIN, P.C. | FOCAL PLLC |
|---|---|
| By: *s/ Dylan Schmeyer*<br>Dylan M. Schmeyer (admitted *pro hac vice*)<br>750 W. 148th Ave, #4216<br>Westminster, CO 80023<br>Tel: (719) 930-5942<br>Email: dschmeyer@kusklaw.com | By: *s/ Stacia N. Lay*<br>Stacia N. Lay, WSBA #30594<br>900 1st Avenue S., Suite 201<br>Seattle, Washington 98134<br>Tel: (206) 529-4827<br>Fax: (206) 260-3966<br>Email: stacia@focallaw.com |

*Attorneys for Plaintiff Bungie, Inc.*

PLAINTIFF'S *EX PARTE* FOURTH MOTION TO EXTEND SERVICE DEADLINE UNDER RULE 4(m) (Case No. 2:23-cv-01143-MLP) – 7

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

## **WORD LIMIT CERTIFICATION**

I certify that this memorandum contains 2,089 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
Stacia N. Lay, WSBA #30594

PLAINTIFF'S *EX PARTE* FOURTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 8

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966