UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE INC., <br><br>                    Plaintiff, <br><br>        v. <br><br> JOSHUA FISHER, *et al.*, <br><br>                    Defendants. | Case No. C23-1143-MLP <br><br> ORDER <br><br> **FILED UNDER SEAL** |

## I.  INTRODUCTION

This matter is before the Court on Plaintiff Bungie Inc.'s *Ex Parte* Third Motion for Expedited Discovery to Confirm Defendants' Identities and Locations.[1] (Pl.'s Mot. (dkt. # 58).) Defendants have not yet appeared in this matter. Having reviewed Plaintiff's submissions, the governing law, and the balance of the record, the Court GRANTS Plaintiff's Motion (dkt. # 58), as further explained below.

---

[1] Pursuant to the Court's order granting Plaintiff's motion to seal (dkt. ## 34, 36), Plaintiff's Motion and accompanying declarations were filed under seal. (Dkt. ## 58-60.) Passages of this Order that contain Plaintiff's confidential information were redacted from the public copy of this Order, and the unredacted Order was filed under seal. (*See id.*)

ORDER - 1

## II. BACKGROUND

On November 27, 2023, the Court partially granted Plaintiff's first motion for expedited discovery to identify the names and locations of unknown defendants. (Dkt. ## 24, 27.) The Court granted Plaintiff's second motion for expedited discovery on April 24, 2024. (Dkt. ## 40, 50.) The Court previously detailed the background of this case in those Orders. (*See* dkt. ## 27 at 1-5, 50 at 1-4.) Plaintiff has reportedly issued 24 subpoenas to third parties pursuant to the Court's Orders. (Schmeyer Decl. (dkt. # 59) at ¶ 5.) As a result, Plaintiff reports to have identified 23 Defendants as of the Motion's filing date. (Tewson Decl. (dkt. # 60) at ¶ 3.) Now, Plaintiff requests that the Court authorize a third round of expedited discovery to serve subpoenas on: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Pl.'s Mot. at 4.) Plaintiff anticipates that this will be the final request for expedited discovery. (*Id.* at 2.)

Plaintiff's investigation has uncovered ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (Tewson Decl. at ¶¶ 7-8.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.* at ¶ 12.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*) Accordingly, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*)

Plaintiff's investigator, Kathryn Tewson, asserts that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Tewson Decl. at ¶ 9.) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

FILED UNDER SEAL - 2

████████████████████████ (*Id.*) Accordingly, ████

████████████████████████████████████████

████████████████████ (*Id.*)

Plaintiff's investigation has revealed that ████████████████

████████████████████████████████

████████ (Tewson Decl. at ¶ 10.) Accordingly, ████████████

████████████████████ (*Id.*)

████████████████████████████████

████████████████████████████ (Tewson Decl. at

¶ 11.) ████████████████████████████

████ (*Id.*)

Finally, Plaintiff has discovered ████████████████

████████████████████████████████

████ (Tewson Decl. at ¶ 13.) ████████████████

████████████████████████ (*Id.* at ¶¶ 14-24.)

Accordingly, ████████████████████████████

████████████████████████ (*Id.* at ¶ 31.)

Additionally, ████████████████████████████

████████████████████████████████

████████████████ (Pl.'s Mot. at 4.)

### III.   DISCUSSION

Federal Rule of Civil Procedure 26(d) bars parties from seeking "discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding

FILED UNDER SEAL - 3

exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). In determining whether to permit expedited discovery, courts in this jurisdiction require that the moving party demonstrate that "good cause" exists to deviate from the standard pretrial schedule. *See Amazon.com, Inc. v. Yong*, 2021 WL 1237863, at *1 (W.D. Wash. Apr. 2, 2021) (adopting the "good cause" standard for motions for expedited discovery and finding that plaintiffs demonstrated good cause for expedited discovery); *see also Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. As explained by the Ninth Circuit, "[w]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Music Grp. Macao Commercial Offshore Ltd. v. John Does I-IX*, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) ("Courts routinely permit early discovery for the limited purpose of identifying 'Doe' defendants on whom process could not otherwise be served.").

To establish good cause for unknown defendants, a plaintiff must: (1) identify the unknown defendants with sufficient specificity for the court to "determine that the defendant is a real person who can be sued in federal court"; (2) recount the efforts taken to locate and identify the unknown defendants; (3) demonstrate the action can withstand a motion to dismiss; and (4)

demonstrate a reasonable likelihood that the sought discovery will "lead to identifying information that will permit service of process." *Cobbler Nev., LLC v. Does 1-32*, 2015 WL 5315948, at *3 (W.D. Wash. 2015) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)); *see also Amazon.com, Inc. v. Ackary*, 2022 WL 1027710, at *2 (W.D. Wash. Apr. 6, 2022). Good cause exists where a plaintiff has exhausted its means to identify the unknown defendants through publicly available information and has no other way to identify the individuals involved in the scheme. *Facebook, Inc. v. Various, Inc.*, 2011 WL 2437433, at *3 (N.D. Cal. 2011) ("Courts in [the Ninth] Circuit permit expedited discovery to identify unknown defendants usually when the plaintiff simultaneously can identify no defendants and legitimately fears that information leading to their whereabouts faces imminent destruction."); *see also Semitool*, 208 F.R.D. at 277 (granting expedited discovery where narrowly tailored requests will "substantially contribute to moving this case forward").

      As with its prior requests for expedited discovery, Plaintiff has established good cause under each of the relevant factors. First, the unknown defendants are persons or entities Plaintiff alleges have developed, marketed, sold, and supported the Ring-1 cheat software in violation of federal law, and therefore, are subject to suit in federal court. (*See* Am. Compl. (dkt. # 54).) Second, as considered above and in Plaintiff's prior motions for expedited discovery, Plaintiff has sufficiently detailed the steps it has taken to date to locate and identify the unknown Defendants. (*See* Tewson Decl. at ¶¶ 3-14, 20-31.) Third, it still appears Plaintiff's lawsuit can withstand a motion to dismiss given the nature of the allegations, claims, and Plaintiff's prior history of bringing successful claims against cheat software developers for Destiny 2. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (where plaintiff pleads sufficient facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged,"

1 the complaint is "plausible on its face" and can "survive a motion to dismiss"). Finally, █

2 ████████████████████████████████████████████████████████████████████████

3 ██████████████████████████████████████████████ that will aid Plaintiff in

4 identifying the unknown Defendants and their locations. (*See* Tewson Decl. at ¶¶ 8-13, 31.)

## IV.    CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1)    Plaintiff's Motion (dkt. # 58) is GRANTED. Plaintiff is granted leave, prior to the Rule 26(f) conference, to serve Rule 45 subpoenas on the following third parties that Plaintiff has identified as likely to be providing services to the unknown Defendants responsible for developing and distributing the Ring-1 cheat software: ████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████

(2)    Plaintiff shall provide an unredacted copy of this Order with each subpoena issued pursuant thereto.

(3)    To the extent subpoena responses reveal additional entities or individuals as having responsive information related to the identity or location of the unknown Defendants, or other actors responsible for developing and distributing the Ring-1 cheat software, Plaintiff shall seek leave from the Court before serving additional Rule 45 subpoenas on those entities or individuals.

(4)    The Clerk is directed to send an unredacted copy of this Order to Plaintiff.

Dated this 16th day of September, 2024.

*[Signature]*

MICHELLE L. PETERSON
United States Magistrate Judge