HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," JOSE DEJESUS AKA "DAVID HASTINGS" A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC", ANDREW THORPE A/K/A "CYPHER," RYAN POWER AKA "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," KICHING KANG A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," DAVID BRINLEE A/K/A "SINISTER," JOHN DOE NO. 11 A/K/A "THEGUY," JOHN DOE NO. 12 A/K/A "BEATRED," JOHN DOE NO. 13 A/K/A "COMMUNITYMODS," JOHN DOE NO. 14 A/K/A "PALACE," JOHN DOE NO. 15 A/K/A "VINCENTPRICE," JOHN DOE NO. 16 A/K/A "ESSWAN," JOHN DOE NO. 17A/K/A "ADMIRAL," JOHN DOE NO. 18 A/K/A "TOMDICKHARRY," JOHN DOE NO. 19 A/K/A "ROB," JOHN DOE NO. 20 A/K/A "STAYLOCKED," JOHN DOE NO. | Case No. 2:23-cv-01143-MLP<br><br>PLAINTIFF BUNGIE, INC.'S *EX PARTE* FIFTH MOTION FOR AN EXTENSION OF THE SERVICE DEADLINE UNDER RULE 4(m)<br><br>NOTE ON MOTION CALENDAR: November 15, 2024 |

PLAINTIFF'S *EX PARTE* FIFTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

21 A/K/A "FIVE-STAR," JOHN DOE NO. 22 A/K/A "HORROR," JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO, JOHN DOE NO. 24 A/K/A MIHAI LUCIAN, JOHN DOE NO. 25 A/K/A NATHAN BERNARD, A/K/A "DOVE," JOHN DOE NO. 26 A/K/A "BLACKMAMBA," JOHN DOE NO. 27 A/K/A "BILLNYE," JOHN DOE NO. 28 A/K/A "BANEK192," JOHN DOE NO. 29 A/K/A SHOPPY ECOMMERCE LTD, JOHN DOE NO. 30 A/K/A/ FINN GRIMPE A/K/A "FINNDEV," AND JOHN DOES NO. 31-50,

   Defendants.

Plaintiff Bungie, Inc. hereby moves for an additional 90-day extension to the Rule 4(m) deadline to serve any remaining unnamed U.S. Defendants in order to permit Bungie to complete the process of identifying and locating such Defendants.

I. **INTRODUCTION**

Bungie is the owner and developer of the massive multiplayer online video game shooter *Destiny 2*. Defendants develop, sell, market, and support cheat software targeted to attack *Destiny 2. See generally* Dkt. 54. Recognizing that Defendants have deliberately obscured their identities, the Court has granted Bungie's requests for third party discovery on November 29, 2023, *see* Dkt. 27, April 24, 2024, *see* Dkt. 51, and September 16, 2024, *see* Dkt. 68. Bungie has sent every subpoena permitted under those Orders. Additionally, with leave from the Court, Bungie amended its complaint to encompass what it has discovered, *see* Dkts. 53, 54.

Bungie has aggressively pursued efforts to complete the process of identifying, locating, and serving the Defendants. Bungie has served its remaining subpoenas and is in the process of reeling in those productions. Bungie, having not received Rule 4 waiver acceptances back from the Defendants it has identified, has served all identified U.S. Defendants. It also has begun the process of serving those located outside the United States, either through Hague service or alternative service, which Bungie will seek leave to pursue as soon as possible. Declaration of Dylan Schmeyer ¶ 11.

PLAINTIFF'S *EX PARTE* FIFTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Bungie has not obtained productions for its final subpoenas – it is working to obtain them as soon as it can, though the timeframe on which third parties choose to cooperate is outside of Bungie's control. *Id.* at ¶¶ 12-13. Bungie needs these productions, and a brief period to analyze them, in order to (1) potentially identify any remaining U.S. Defendants who remain anonymous and (2) ensure that its forthcoming alternative service request only encompasses Defendants it cannot serve by traditional means. Once alternative service is sought and identified U.S. Defendants are served, Bungie can also move forward with serving international Defendants while proceeding in this litigation with the served Defendants.

Bungie suspects that the delay in third-party productions in response to its final subpoenas is due in part to the impending holiday season, which may be slowing down internal processes at the companies it is working with to identify defendants. In light of this reality, Bungie is seeking an extension of 90 days in the hopes that, notwithstanding the upcoming holiday season, that will be sufficient time to receive the productions, analyze them, and identify and locate the remaining Defendants for service.

Therefore, Bungie seeks an extension of 90 days to the Rule 4(m) deadline from the issuance of the Court's Order on this Motion.

## II.    FACTUAL BACKGROUND

On October 27, 2023, Bungie filed a motion seeking third-party discovery to unmask anonymous defendants for service of process. Dkt. 24. The Court granted that motion in part on November 29, 2023. Dkt. 27. Eighteen subpoenas were served under that Order. Dkt. 29 at ¶ 10. On April 9, 2024, Bungie filed a second motion seeking further third-party discovery, which the Court granted on April 24th. *See* Dkts. 40, 51. Six subpoenas were served under that Order. Schmeyer Declaration ¶ 5. Bungie filed a third motion seeking a final round of third-party discovery on August 23rd, which was granted on September 16th. Dkts. 58, 67. Six subpoenas were served under that Order, though Bungie is still awaiting the productions. Schmeyer Declaration ¶¶ 5, 12. Specifically, although the response deadlines for five of those six subpoenas have passed, Bungie continues to work with the third parties to obtain responsive

PLAINTIFF'S *EX PARTE* FIFTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

documents. *Id.* at ¶¶ 12-13. Bungie anticipates that those efforts will yield fruit but will necessarily take time.

Bungie sent Rule 4 waiver requests to each of the 16 Defendants it has identified and sufficiently pinned to a domicile, with its Amended Complaint. *Id.* at ¶ 6. Bungie received one favorable response, two aggressively negative responses, and no response from the rest. *Id.* at ¶ 6. Therefore, Bungie has moved forward with formally serving all U.S. Defendants whom it has sufficiently identified and who have not agreed to waive service. *Id.* at ¶ 7. Bungie wishes to formally serve everyone it can, thereby focusing its forthcoming alternative service request only on Defendants that Bungie's investigation and permitted third-party discovery cannot sufficiently identify and locate. As such, Bungie needs the productions from its final subpoenas to finalize its list of Defendants who cannot be served by traditional means and to confirm whether there are any more U.S. Defendants unknown to it. Bungie has encountered further challenges in securing these productions from the third parties and has been working through them with those parties. *Id.* at ¶¶ 12-13. Bungie requires more time to secure, analyze, and finalize its investigation so that it may finalize its alternative service needs and amend the complaint with any newly identified Doe defendants. *Id.* at ¶ 14.

Bungie therefore submits that there is good cause to extend the Rule 4(m) deadline, currently set at November 16th, by a further 90 days to allow the final third-party discovery Bungie is awaiting to reach its conclusion, and thereby allow it to finalize its forthcoming alternative service requests. All known U.S. Defendants should have been served by the time of this filing – this extension to the Rule 4(m) deadline is thus only for those unidentified Defendants who may yet turn out yet to be located in the U.S.

### III. LEGAL ARGUMENT

Under Rule 4(m), a court "must extend the time for service for an appropriate period" where the plaintiff shows good cause for an inability to serve a defendant within 90 days of filing the complaint. FED. R. CIV. P. 4(m). *See also Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) ("Rule 4(m) . . . requires a district court to grant an extension of time when the plaintiff

PLAINTIFF'S *EX PARTE* FIFTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

shows good cause for the delay.") (emphasis omitted). A showing of good cause may involve various factors, such as the lack of prejudice to defendant and the significant prejudice to plaintiff if the extension were not granted and the complaint was dismissed, and the defendant's receipt of actual notice of the lawsuit. *See, e.g.*, *Efaw*, 473 F.3d at 1041; *Madrid v. Adkins*, No. C19-1710 JLR-TLF, 2020 U.S. Dist. LEXIS 173154, *6, 8 (W.D. Wash. Aug. 20, 2020), *report & recommendation adopted by* 2020 U.S. Dist. LEXIS 186681 (W.D. Wash. Oct. 6, 2020); *Hoefer v. Apple Wash. LLC*, No. C17-1369 RAJ, 2018 U.S. Dist. LEXIS 216863, *5-6 (W.D. Wash. Dec. 27, 2018). Upon a showing of good cause for the lack of service, the district court must extend the time period for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir.2001). Even absent a showing of good cause, the court still has discretion to extend the time period. *Id*. (*citing Petrucelli v. Bohringer & Ratzinger*, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995)).

The Ninth Circuit has also concluded that Rule 4's timing requirement for service is "inapplicable to service in a foreign country[.]" *Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991) (per curiam). Thus, where it appears defendants may need to be served in foreign countries, the time limit for service in Rule 4(m) does not apply. *Amazon.com Inc. v. Awns*, No. C22-402-MLP, 2022 U.S. Dist. LEXIS 185807, *2 (W.D. Wash. Oct. 11, 2022). However, "[d]espite the lack of an express time limit, Rule 4(m) does not preclude the court from setting a reasonable time limit for service in a foreign country to properly manage a civil case." *Id.* (internal quotation marks omitted). Bungie requires the productions from its final subpoenas to determine which of the remaining Unidentified Defendants are residents of the United States or a foreign country, although many are believed to be domiciled abroad. Dkt. 56 at ¶ 4. Bungie has begun formal service of all but one of the U.S. Defendants it has been able to locate, and has sent a Rule 4 waiver request to the remaining U.S. Defendant. Schmeyer Declaration ¶ 7. Bungie also has sent Rule 4 waiver requests to all of the Defendants it has sufficiently identified. *Id.* at ¶ 6. To the extent that any of the remaining Unidentified Defendants are residents of a foreign country, Bungie will pursue serving them, once they are identified, in the same manner as it is pursuing foreign Defendants it has already identified and located. *Id.* at ¶ 6.

PLAINTIFF'S *EX PARTE* FIFTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Bungie has good cause for having not yet served any remaining U.S. Defendants: Namely, that Bungie doesn't know who they are yet, whether they are in fact in the United States or a foreign country, the address of their primary residence, or other information sufficient to affect service. Although Bungie has issued three waves of subpoenas to third parties to identify, locate and affect service on the Unidentified Defendants, a number of them remain unidentified.[1] Bungie is working on following its final leads to their conclusion via the final subpoenas, which necessarily entails working with third parties and the delays inherent in that process. More time is therefore needed to identify and serve these Unidentified Defendants, whether they are foreign or domestic.

There is no undue prejudice to the Unidentified Defendants if such an extension were granted. The extension is necessary to allow time for Bungie to (1) either identify Defendants so they may be served or exhaust its efforts to do so, and (2) move for alternative service of the identified Defendants that Bungie is ultimately unable to obtain a physical address for. Bungie, on the other hand, would be significantly prejudiced, as the Unidentified Defendants could continue their tortious conduct (and potentially add new or additional layers of anonymity to avoid identification) while Bungie continued to toil to identify them, functionally rewarding them for obfuscating their identities. This delay would not negatively impact the orderly progress of the case. The requested 90 days is solely to allow Bungie time to complete its efforts to identify and locate the remaining Unidentified Defendants, or so it can determine which Defendants it will need to seek alternative service for. Further, the reason for the delay is largely, if not entirely, out of Bungie's control. Any delay is due in significant part to the Defendants' ongoing attempts to conceal their identities. *See, e.g.*, Dkt. 25 at ¶¶ 5-15. The potential but heretofore unknown foreign residence of many Unidentified Defendants has further complicated and delayed efforts to identify, locate, and serve them. Finally, Bungie has acted diligently and in

---

[1] Since filing its Amended Complaint, Bungie has been successful in identifying and locating some of the Doe Defendants and has requested issuance of summons to serve those Defendants. *See* Dkts. 61-64, 71.

PLAINTIFF'S *EX PARTE* FIFTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

good faith in promptly pursuing multiple avenues of discovery and investigation – including the pursuit of third-party discovery via 30 subpoenas – intended to identify, name, and serve Defendants. *See, e.g.*, *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCGx), 2013 U.S. Dist. LEXIS 121976, *13-14 (C.D. Cal. Aug. 26, 2013) (difficulty in locating defendant and plaintiffs' attempts to locate defendant through discovery supported the conclusion that plaintiffs acted in good faith).

If the Court concludes that this is not good cause requiring an extension under the mandatory language of Rule 4(m), it should still exercise its discretion and grant the extension in the interest of judicial efficiency. Bungie has invested considerable time and resources into determining the obfuscated identities of the Defendants, to considerable success – Bungie has identified a significant number. *See* Schmeyer Declaration ¶ 6. Bungie has pursued the third-party discovery the Court has allowed it to and is merely awaiting the productions from the final subpoenas to make final decisions as to service. These productions will allow it to either identify and locate the Unidentified Defendants for traditional service or to crystalize its alternative service needs. Absent a grant of more time, it is conceivable that other U.S. Defendants could be dismissed from this suit, without prejudice, for lack of service. Bungie's efforts to identify them would not cease, however, and once they were identified, Bungie would sue them again once their names and addresses were discovered. Allowing more time for Bungie to complete the limited third-party discovery it has sought now, so this can be accomplished on a reasonable timeline without these additional steps, is the most efficient path.

**IV.    CONCLUSION**

Bungie therefore respectfully requests that the Court extend Bungie's deadline to serve the remaining U.S. Defendants by 90 days from the date of the order on this Motion.

//
//
//
//

PLAINTIFF'S *EX PARTE* FIFTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 7

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

| | |
|---|---|
| Dated this 15th day of November, 2024. | Respectfully submitted, |
| KAMERMAN, UNCYK, SONIKER & KLEIN, P.C. | FOCAL PLLC |
| By: *s/ Dylan Schmeyer*<br>Dylan M. Schmeyer (admitted *pro hac vice*)<br>750 W. 148th Ave, #4216<br>Westminster, CO 80023<br>Tel: (719) 930-5942<br>Email: dschmeyer@kusklaw.com | By: *s/ Stacia N. Lay*<br>Stacia N. Lay, WSBA #30594<br>900 1st Avenue S., Suite 201<br>Seattle, Washington 98134<br>Tel: (206) 529-4827<br>Fax: (206) 260-3966<br>Email: stacia@focallaw.com |

*Attorneys for Plaintiff Bungie, Inc.*

## WORD LIMIT CERTIFICATION

I certify that this memorandum contains 2,082 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
Stacia N. Lay, WSBA #30594

PLAINTIFF'S *EX PARTE* FIFTH MOTION TO EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 8

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966