# EXHIBIT A



**CT Corporation**
**Service of Process Notification**
10/29/2024
CT Log Number 547644095

## Service of Process Transmittal Summary

**TO:**   Payward Legal
Payward Inc.
100 PINE ST STE 1250 PMB A188
SAN FRANCISCO, CA 94111-5235

**RE:**   **Process Served in Florida**

**FOR:**   Payward Interactive, Inc.  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BUNGIE, INC. vs. JOSHUA FISHER |
| **CASE #:** | 223CV01143MLP |
| **NATURE OF ACTION:** | Subpoena - Business records |
| **PROCESS SERVED ON:** | C T Corporation System, Plantation, FL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 10/29/2024 at 11:07 |
| **JURISDICTION SERVED:** | Florida |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Payward Legal  legal@kraken.com |
| | Email Notification,  Michael O'Connor  michaelo@kraken.com |
| | Email Notification,  Rebekah Long  rebekah.long@kraken.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324
866-203-1500
DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

Date: Tue, Oct 29, 2024
Server Name: Warren Sua

| Entity Served | PAYWARD INTERACTIVE, INC. |
|---|---|
| Case Number | 2:23-cv-01143-MLP |
| Jurisdiction | FL |

| | Inserts | |
|---|---|---|
| | | |



AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| BUNGIE, INC., <br> *Plaintiff* <br> v. <br> JOSHUA FISHER et al. <br> *Defendant* | ) ) ) ) ) ) ) Civil Action No. 2:23-cv-01143-MLP |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:     Payward Interactive, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attached Exhibit A

| Place: Kamerman, Uncyk, Soniker & Klein P.C. via email or electronic transfer | Date and Time: 11/23/2024 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

     The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/29/2024

               *CLERK OF COURT*
                                                    OR      s/ Dylan M. Schmeyer
_____                         _____
  *Signature of Clerk or Deputy Clerk*                           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bungie, Inc. , who issues or requests this subpoena, are:

Dylan M. Schmeyer, 1700 Broadway, Floor 16, New York, NY 10019, dschmeyer@kusklaw.com, (718) 930-5942

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

```
Warren Sua
1547
2024/10/29 11:07:38
```

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-01143-MLP

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A

## DEFINITIONS

1. The use of the singular includes the plural and vice versa; and the use of the masculine includes the feminine and vice versa.

2. "And" and "or" shall be used interchangeably to include both the disjunctive and the conjunctive.

3. All verbs shall include all tenses.

4. "You" or "your" means Payward, Inc., your predecessors, successors, all past and current directors, officers, agents, employees, representatives, servants, consultants, investigators, and any person (as defined herein) who acted or purported to act, or who is acting or purporting to act, for Payward, Inc., or on your behalf, including your attorneys and their agents, employees, representatives, servants, consultants, investigators, or anyone acting for them or on their behalf in connection with this litigation.

5. "All facts" or "any facts" means each and every event, act, omission, incident, condition, or circumstance related to the subject matter of the Request where used (collectively "the events"), including the dates of the events, the identification of all persons who witnessed the event, and the identification of all persons who, although not a witness to the events, have personal knowledge of the event or some aspect of the events.

6. "Document" or "documents" shall have the same meaning as in Rule 34 of the Federal Rules of Civil Procedure and shall mean and include, without limitation, the original, any draft, any revision and each non-identical copy of any writings, drawings, graphs, charts, photographs, phono- records, recordings, videotape, CD, DVD, microfilm, film, data processing files, and any other computer readable files, programs, utilities or other data compilations from which information can be obtained, translated, or transcribed, if necessary, by the requesting party through detection devices into reasonably usable form,

including, without limitation, correspondence, memoranda, notes, scraps of paper, diaries, calendars, reports, telegrams, TWX's, telephone logs, e-mail, vouchers, invoices, journals, bills, orders, time slips or records, receipts, summaries, pamphlets, books, contracts, statistics, minutes, studies, tests and test reports, returns, computations, logs, financial records or statements, checks, bank statements, medical records, X-rays, laboratory reports or orders, otherwise memorialized or communicated matter, whether typed, printed, photocopied, filmed, microfilmed, or recorded in any manner, from whatever source received, in your possession or contract.

7. "Communication" or "communications" shall mean, including, but not limited to, correspondence, memoranda, notes, transmittals, or other written material.

8. "Person" or "persons" shall mean any or all entities, including without limitation, individuals, associations, corporations, including their affiliates, parents or subsidiaries, companies, partnerships, joint ventures, sole proprietorships, firms, trust, estates, agencies or governmental entities.

9. "Related to," "relating to," or "relates to" means supporting, connected with, regarding, constituting, containing, discussing, concerning, referring to, evidencing, or in any way pertaining to the subject matter of the Request where used.

10. "ESI" means electronically stored information of any kind, including emails, texts, voice messages, writings, drawings, graphs, charts, photographs, spreadsheets, sound recordings, images, and other data or data compilations, stored in any electronic medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form.

11. "Withdraw funds" and/or "disburse funds" means any payment or transfer of any money or cryptocurrency from one account, either to another, or to an outside entity.

12. "Muti-signature wallet" or "Multisig" means any wallet that can be accessed by multiple users and that must have approval from two or more of those users to withdraw or disburse funds.

## INSTRUCTIONS

1. When the identification of a person is requested:

    a. if the person is an individual, please state the person's full name, the name of the person's employer or business affiliation, the person's job title, the person's business address and business telephone number, any business relationship between you and the person, and the dates, if any, of any commencement or termination of the person's employment or other association with you; and

    b. if the person is not an individual, please state the person's full name, current address, a description of the entity, whether a corporation, general partnership, limited partnership or some other form, the identity of the individual who has the highest title or position of authority within the entity, and any past or present business relationships between you and the entity.

2. "Identify," when used with respect to a document, means to state (a) the type of document (e.g., letter, memorandum, handwritten note), (b) its title, and name or number, if any, (c) its date, (d) its author and addressee, (e) its last known custodian or location, (f) a brief description of its subject matter, and (g) its size, length, or number of pages, as appropriate.

3. "Identify," when referring to any act, means to state (a) the substance of the event or events constituting each act, (b) the location of each act, (c) the date of each act, (d) the identity of all persons involved in each act, and (d) the identity of any documents arising from, reflecting, recording or relating to each act.

4. "Identify," when referring to any oral communication means to state (a) the date of the communication, (b) the type of communication (e.g., phone conversation, face-to-face meeting, etc.), (c) the identity of the person initiating the communication, (d) the identity of the person or persons to whom the communication was directed, (e) the identity of all other persons who were present when the communication was made or who heard the communication, (f) the subject matter of the communication, and (g) the identity of any documents arising from, reflecting, recording, or relating to the communication.

5. Each request seeks any and all responsive documents in your possession, custody, or control.

6. If any responsive document or thing is no longer in existence, cannot be located, or is not in your possession, custody or control, identify each such document or thing in accordance with Paragraph 2 above, and, for each such identified document or thing, identify its date, its subject matter, the name, home address, home telephone number, employer, employer's address, and business telephone number of each person who prepared it, each person who received an original or copy of the document or thing, each person who was shown an original or copy of the document or thing, each person who has, or may have had, past or present possession of the document or thing, or who has, or may have, knowledge or information relating to the document or thing, and the reason the document or thing is no longer in existence or in your possession, custody, or control.

**DOCUMENTS TO BE PRODUCED**

1. Produce all DOCUMENTS relating to the multi-signature wallet 36io3TPCi2i6muiBoiNkkJLCnw38PgrQWs, including but not limited to account information of the users who own the wallet, have accessed the wallet, or have received money from the wallet; records of any transactions relating to the wallet, including withdrawals and deposits; and any IP address information you possess relating to the wallet, its users, and its transfers.

2. All DOCUMENTS constituting YOUR records pertaining to any accounts held or owned by the owners and users of the multi-signature wallet 36io3TPCi2i6muiBoiNkkJLCnw38PgrQWs, including but not limited to: any cryptocurrency accounts, any cryptocurrency wallets, any cryptocurrency transactions, the balances of any such accounts, deposits into such accounts, withdrawals from such accounts, recipients of any such withdrawals, checks or electronic transfers showing deposits or withdrawals, and any and all other DOCUMENTS of any kind or nature whatsoever pertaining to the accounts with access to the Multisig.

3. All DOCUMENTS constituting YOUR records pertaining to any accounts held or owned by the recipients of disbursements, withdrawals, and/or deposits from the Multisig 36io3TPCi2i6muiBoiNkkJLCnw38PgrQWs, including but not limited to: any cryptocurrency accounts, any cryptocurrency wallets, any cryptocurrency transactions, the balances of any such accounts, deposits into such accounts, withdrawals from such accounts, recipients of any such withdrawals, checks or electronic transfers showing deposits or withdrawals, and any and all other DOCUMENTS of any kind or nature whatsoever pertaining to the accounts receiving disbursements, withdrawals, and or deposits from the Multisig.

4. All DOCUMENTS YOU and/or YOUR company received from the accounts with access to the Multisig 36io3TPCi2i6muiBoiNkkJLCnw38PgrQWs.

5. All DOCUMENTS YOU and/or YOUR company sent to users with access to the Multisig 36io3TPCi2i6muiBoiNkkJLCnw38PgrQWs.

6. All communications in any form whatsoever between YOUR company and users with access to the Multisig 36io3TPCi2i6muiBoiNkkJLCnw38PgrQWs.

HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," JOSE DEJESUS AKA "DAVID HASTINGS" A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC", ANDREW THORPE A/K/A "CYPHER," RYAN POWER AKA "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," KICHING KANG A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," DAVID BRINLEE A/K/A "SINISTER," JOHN DOE NO. 11 A/K/A "THEGUY," JOHN DOE NO. 12 A/K/A "BEATRED," JOHN DOE NO. 13 A/K/A "COMMUNITYMODS," JOHN DOE NO. 14 A/K/A "PALACE," JOHN DOE NO. 15 A/K/A "VINCENTPRICE," JOHN DOE NO. 16 A/K/A "ESSWAN," JOHN DOE NO. 17A/K/A "ADMIRAL," JOHN DOE NO. 18 A/K/A "TOMDICKHARRY," JOHN DOE NO. 19 A/K/A "ROB," JOHN DOE NO. 20 A/K/A "STAYLOCKED," JOHN DOE NO. | Case No. 2:23-cv-01143-MLP<br><br>DECLARATION OF CUSTODIAN OF RECORDS OF PAYWARD INTERACTIVE, INC. |

DECLARATION OF CUSTODIAN OF RECORDS
(Case No. 2:23-cv-01143-MLP) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

| | |
|---|---|
| 21 A/K/A "FIVE-STAR," JOHN DOE NO. 22 A/K/A "HORROR," JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO, JOHN DOE NO. 24 A/K/A MIHAI LUCIAN, JOHN DOE NO. 25 A/K/A NATHAN BERNARD, A/K/A "DOVE," JOHN DOE NO. 26 A/K/A "BLACKMAMBA," JOHN DOE NO. 27 A/K/A "BILLNYE," JOHN DOE NO. 28 A/K/A "BANEK192," JOHN DOE NO. 29 A/K/A SHOPPY ECOMMERCE LTD, JOHN DOE NO. 30 A/K/A/ FINN GRIMPE A/K/A "FINNDEV," AND JOHN DOES NO. 31-50, | |
| Defendants. | |

I, _____, declare and state as follows:

1.  I am a duly authorized custodian of the attached records and have authority to certify the attached records.

2.  The attached records are true and correct copies of all the records described in the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action dated October 29, 2024 that was served on Payward Interactive, Inc.

3.  The attached records were prepared or received in the ordinary course of regularly conducted business. These records were prepared or received at or near the time of the act, events, conditions, or opinions described therein and were prepared or received either (a) by persons with knowledge of those acts, events, conditions, or opinions, or (b) from information transmitted by persons with knowledge of those acts, events, conditions, or opinions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

DATED: _____, 2024

By: _____
(Signature) RECORDS CUSTODIAN

_____
(Print Name)

DECLARATION OF CUSTODIAN OF RECORDS
(Case No. 2:23-cv-01143-MLP) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966