UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC.,<br><br>               Plaintiffs,<br><br>      v.<br><br>JOSHUA FISHER, et al.,<br><br>               Defendants. | NO. 2:23-cv-01143-MLP<br><br>**PRAECIPE -** MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH<br><br>RE-NOTED FOR HEARING: 1/24/2025 |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH** [1]

Non-Party John Doe ("Objector"), recipient of a subpoena that Plaintiff Bungie, Inc. ("Plaintiff" or "Bungie") served upon non-party Payward Interactive, Inc. ("Payward"), by and through Objector's attorneys, Kaufman & Kahn, LLP (pending pro hac vice) and Ogden Murphy Wallace P.L.L.C., pursuant to Fed Rules Civ. Proc. R. 45(d)(3) submits this Motion to Quash.

Payward received from Bungie a subpoena dated October 29, 2024 requiring by November 23, 2024, production of all information relating to a particular crypto "wallet" (the "**Subpoena**").

---

[1] The factual basis for this Memorandum of Law is set forth in the accompanying Declaration of Mark S. Kaufman dated November 25, 2024 ("Kaufman").

**PRAECIPE -** MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO QUASH - 1
2:23-cv-01143-MLP

OGDEN MURPHY WALLACE, P.L.L.C.
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: (206) 447-7000/Fax: (206) 447-0215

{JBJ4902-6083-5840;3/09998.003013/}

The Subpoena purportedly was served on Payward on October 29, but Payward did not forward it to Objector until November 14, 2024. Kaufman, ¶¶ 5 and Ex. B. Objector is the accountholder for the wallet that is the subject of the Subpoena. Kaufman ¶ 6. As best construed, Bungie alleges that the Subpoena seeks information relating to Objector's crypto currency account at Payward. However, Bungie provided no support to demonstrate any basis for demanding from Payward information that relates to Objector's account. *See* Kaufman, ¶ 4 and Ex. A. The information sought in the Subpoena, including the identity of Objector, should not be disclosed because the Subpoena does not comply with Rule 45 and because Objector's privacy is protected under U.S. and European Union law. Consistent with the foregoing, Objector declines to be identified in this motion. Kaufman, ¶¶ 7-13.

A. **The Subpoena Fails to Comply with Rule 45**

"On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(c)(3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Wilcox v Swapp*, 2018 US Dist LEXIS 206666, at *15 [ED Wash Dec. 6, 2018, No. 2:17-CV-275-RMP] (citations omitted) (denying motion to compel and quashing subpoena). *See Allstate Ins. Co. v Lighthouse Law P.S. Inc.*, 2017 US Dist LEXIS 17284, at *6 [WD Wash Feb. 7, 2017, No. C15-1976RSL]) (granting motion to quash Allstate's subpoena of Google, Inc.); *Abu v Piramco SEA-TAC, Inc.*, 2009 US Dist LEXIS 12626, at *5 [WD Wash Feb. 5, 2009, No. C08-1167RSL] (granting motion to quash and denying motion to extent categories of requested documents were limited in scope). See also *Lin v Suavei, Inc.*, 2021 US Dist LEXIS 245187, at *19-20 [SD Cal Dec. 23, 2021, No. 3:20-cv-862-L-AHG] (defendant "has a legally protected privacy interest in his personal financial information"; quashing subpoena of bank records); *Lewin v Nackard Bottling Co*., 2010 US Dist LEXIS 123738, at *3 [D Ariz Nov. 4, 2010,

PRAECIPE - MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH - 2
2:23-cv-01143-MLP

OGDEN MURPHY WALLACE, P.L.L.C.
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: (206) 447-7000/Fax: (206) 447-0215

{JBJ4902-6083-5840;3/09998.003013/}

No. CV 10-8041-PCT-FJM]) ("By failing to limit its subpoena to certain categories of documents, …defendant is merely trying to engage in a fishing expedition.").

The Subpoena seeks production of all account information, including the accountholder's personally identifying information (PII), for a crypto payment wallet specified in Exhibit A to the Subpoena. The Subpoena does not provide any evidence that any of the requested information relating to such wallet is relevant to the litigation and is the only means to obtain such information. The Subpoena demands not only the identification of the wallet's accountholder but also all of the transactions of such account and is not limited to obtaining transactions that purportedly are relevant to the above-entitled lawsuit. *See* Kaufman Ex. A. Obtaining all such information is akin to a subpoena demanding all production of all credit card payments or all emails from an account. Thus, the Subpoena is impermissibly broad and seeks protected information.

As provided in Rule 45, the Court "***must*** quash or modify" the Subpoena because the Subpoena:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. Proc. 45(d)(3) (emphasis added).

**1.    The Subpoena Is Untimely**

Objector did not receive the Subpoena until November 14, 2024. Thus, Objector did not receive the Subpoena until 16 days after service was purportedly made on Payward on October 29, 2024, so Objector could not serve Bungie with any objections to the Subpoena within 14 days of

PRAECIPE - MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH - 3
2:23-cv-01143-MLP

OGDEN MURPHY WALLACE, P.L.L.C.
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: (206) 447-7000/Fax: (206) 447-0215

{JBJ4902-6083-5840;3/09998.003013/}

the date of service, as provided in Rule 45(d)(2)(B). Kaufman ¶¶ 4-5, 9-10.

Even though the Subpoena states that Payward should respond by Saturday, November 23, 2024, Objector did not have sufficient time to obtain counsel in the U.S. and in Seattle and to file this motion on or before such date. Kaufman ¶ 14. As such, the Subpoena did not provide a reasonable time to comply, as required by Rule 45(d)(3)(A)(i).

### 2. The Subpoena Requires Compliance Beyond Rule 45's Geographical Limits

The Subpoena was served on Payward, whose agent for service of process is allegedly in Plantation, Florida and whose principal place of business is located in Cheyenne, Wyoming, and requires production of documents and information to Bungie's attorneys in New York, New York, more than 100 miles away from either location. Additionally, Objector is located in and a citizen of a member nation of the European Union; is not incorporated or organized under the laws of any state; and is not located or maintain an office located in the United States. Kaufman ¶¶ 11-12. Thus, the Subpoena violates Rule 45 (c)(2) and 45(d)(3)(A)(ii).

### 3. The Subpoena Requires Disclosure of Protected Matter

Objector has a well established legally protected privacy interest in their financial information. *See*, *Lin*., 2021 US Dist LEXIS 245187, at *19-20; *Chazin v. Lieberman,* 129 F.R.D. 97, 98 (S.D. N.Y. 1990) (quashing subpoenas to third-party banks on grounds that party's bank records are private). The Subpoena is particularly objectionable where it not only seeks Objector's private information but does so without any limitation in scope and without establishing the request, in whole or in part, has any relevance to the subject matter of the underlying lawsuit.

Moreover, Objector has an account with a European affiliate of Payward and Objector did not expressly authorize the affiliate to share any of the account-holder's information with Payward

PRAECIPE - MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH - 4
2:23-cv-01143-MLP

OGDEN MURPHY WALLACE, P.L.L.C.
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: (206) 447-7000/Fax: (206) 447-0215

{JBJ4902-6083-5840;3/09998.003013/}

in the United States. Kaufman ¶ 19. As discussed in more detail below, the privacy protection law of the European Union (the EU), as set forth in the General Data Protection Regulation law (the "**GDPR**") explicitly limits the sharing of information to prevent the unauthorized use of its citizens' personally identifiable information (PII) that is less regulated in the United States.

For all of the foregoing reasons, the Subpoena would require Payward to disclose protected material, in violation of Rule 45(d)(3)(A)(iii).

### 4.     The Subpoena Imposes an Undue Burden

As explained immediately below, Payward may be held liable for releasing the accountholder's PII in violation of European Union privacy laws and be substantially fined for such conduct. Kaufman ¶¶ 22-23. The possibility of fines for violation of the EU's privacy protections is sufficient to be an undue burden on Payward to comply with the Subpoena, in violation of Rule 45(d)(2)(B)(iv). *See Leibovitch v Islamic Republic of Iran*, 188 F. Supp. 3d 734, 758-759 [ND Ill 2016] ("The heavy penalties that apply reflect that these countries attach great significance to the non-disclosure of this information.").

For any one of the above reasons – each of which is sufficient grounds to grant this motion -- Objector respectfully submits that the Subpoena should be quashed.

### B.     Privacy Protection under the European Union's GDPR

According to Article 44 of the European Union's GDPR, personal data may only be transferred to countries outside of the EU that ensure an adequate level of protection comparable to that within the EU by providing appropriate safeguards as set out in Chapter V of the GDPR. The Court of Justice of the EU ("CJEU"), in *Schrems v. Meta Platforms Ireland Ltd* (CJEU Case C-446/21) (the "*Schrems II* Decision", a copy of which is annexed and made **Exhibit 1** hereto and is also available at

PRAECIPE - MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH - 5
2:23-cv-01143-MLP

OGDEN MURPHY WALLACE, P.L.L.C.
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: (206) 447-7000/Fax: (206) 447-0215

{JBJ4902-6083-5840;3/09998.003013/}

https://curia.europa.eu/juris/document/document.jsf?text=&docid=290674&pageIndex=0&doclang=EN&mode=lst&dir=&occ=first&part=1&cid=9492395), declared the EU-U.S. Privacy Shield invalid due to insufficient safeguards in U.S. law, particularly regarding access by U.S. intelligence agencies to personal data without adequate privacy protections. The CJEU indicated that it is possible to continue transferring data to the United States using 'Standard Contractual Clauses' (SCC), but only provided that sufficient *additional* measures are taken to ensure an equivalent level of protection.

The CJEU has found that U.S. surveillance laws, such as Section 702 of the Foreign Intelligence Surveillance Act (FISA) and Executive Order 12333, allow for broad and disproportionate access to personal data by U.S. authorities. This level of access is incompatible with the principles of necessity and proportionality enshrined in Articles 5 and 6 of the GDPR.

As highlighted in *Schrems II*, EU citizens do not have effective legal remedies in the United States to challenge unlawful processing or access to their data by U.S. authorities or companies. This violates Article 47 of the Charter of Fundamental Rights of the European Union, which guarantees the right to an effective remedy.

GDPR Article 45(2) requires that third countries maintain independent supervisory authorities capable of enforcing compliance with data protection rules. The CJEU concluded that such oversight mechanisms are lacking in the United States, further undermining the protection of EU citizens' rights.

For example, consistent with *Schrems II*, in August 2024 the Dutch Data Protection Authority (the "Dutch DPA") fined Uber 290 million Euro because Uber did not sufficiently protect the information of its European drivers. The Dutch DPA found that Uber transferred personal data of European taxi drivers to the United States and failed to appropriately safeguard

PRAECIPE - MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH - 6
2:23-cv-01143-MLP

OGDEN MURPHY WALLACE, P.L.L.C.
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: (206) 447-7000/Fax: (206) 447-0215

{JBJ4902-6083-5840;3/09998.003013/}

the data associated with such transfers. According to the Dutch DPA, this constitutes a serious violation of the GDPR. (A copy of an article summarizing the Dutch DPA's fining Uber is annexed and made **Exhibit 2** hereto, and a copy of the decision as translated by Deepl, a Dutch translation program, is annexed and made **Exhibit 3** hereto).

The CJEU has consistently ruled against mass and indiscriminate data collection practices, as seen in cases like *Digital Rights Ireland v. Minister for Communications, et al.* (CJEU, Joined Cases C -293/12 and C -594/12) and *Tele2 Svierge AB, et al. v. Watson, et al.* (CJEU Joined Cases C-203/15 and C-698/15 (copies of which are annexed and made **Exhibit 4** and **Exhibit 5** hereto, respectively). The lack of safeguards against such practices in U.S. law poses a significant risk to my fundamental rights under Articles 7 and 8 of the Charter.

Apparently, a Payward affiliate located in the European Union that provided services to Objector transferred Objector's information to Payward in the U.S. It is unclear how the EU affiliate justified such data transfer to the U.S. If Payward or its affiliate relied on Standard Contractual Clauses (SCCs) imbedded in a Terms of Services Agreement or Registration Agreement, which service providers sometimes use to justify data transfers, they still would have required additional safeguards that are often difficult to implement effectively given U.S. surveillance practices. Without binding measures ensuring compliance with GDPR standards, any transfer of Objector's personal data would be unlawful under the EU's GDPR.

For this additional reason, and consistent with Rule 45(d)(3)(iii)'s prohibition against production of protected material, the Subpoena should be quashed.

PRAECIPE - MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO QUASH - 7
2:23-cv-01143-MLP

OGDEN MURPHY WALLACE, P.L.L.C.
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: (206) 447-7000/Fax: (206) 447-0215

{JBJ4902-6083-5840;3/09998.003013/}

### C. In the Alternative, Any Responses Should Be Produced Subject to a Protective Order and Deemed CONFIDENTIAL

If despite the foregoing the Court were to deny the requested relief, in the alternative, Objector requests that the Court enter a Protective Order substantially in the form of the Model Protective Order annexed and made **Exhibit 6** hereto, and that any information or documents that Payward produces in response to the Subpoena (a) be labeled CONFIDENTIAL, (b) deny production of any Personally Identifying Information unless and until Bungie demonstrates that any such information is relevant to this litigation, and (c) be limited to information relevant to this litigation.

### CONCLUSION

WHEREAS, as a result of the foregoing, non-party Objector "John Doe" reserves requests that the Court issue an Order:

A. Quashing the Subpoena dated October 29, 2024 served by Plaintiff Bungie, Inc. on non-party Payward Interactive, Inc.; or

B. In the alternative, entering a Protective Order substantially in the form of the Model Protective Order annexed and made Exhibit B hereto, and direct Payward (a) to label any information or documents that Payward produces in response to the Subpoena as CONFIDENTIAL, (b) withhold production of any Personally Identifying Information unless and until Bungie demonstrates that any such information is relevant to this litigation, and (c) be limited to information relevant to this litigation; and For such other and additional relief as the Court deems just and appropriate.

///

///

PRAECIPE - MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH - 8
2:23-cv-01143-MLP

OGDEN MURPHY WALLACE, P.L.L.C.
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: (206) 447-7000/Fax: (206) 447-0215

{JBJ4902-6083-5840;3/09998.003013/}

DATED this 3rd day of December, 2024.

                                        OGDEN MURPHY WALLACE

                            By   /s/ Jessica B. Jensen
                                  Jessica B. Jensen, WSBA #29353
                                  jjensen@omwlaw.com
                                  701 5th Avenue, Suite 5600
                                  Seattle, WA 98104
                                  Tel: (206) 447-7000
                                  Fax: (206) 447-0215

                              KAUFMAN & KAHN, LLP

                            By   /s/ Mark S. Kaufman
                                  (Pending admission *pro hac vice*)
                                  10 Grand Central
                                  155 East 44th Street, 19th Floor
                                  New York, NY 10017
                                  Tel.: (212) 293-5556
                                  Email: kaufman@kaufmankahn.com

                              *Attorneys for Non-Party Objector "John Doe"*

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH - 9
2:23-cv-01143-MLP

OGDEN MURPHY WALLACE, P.L.L.C.
701 5th Avenue, Suite 5600
Seattle, WA 98104
Tel: (206) 447-7000/Fax: (206) 447-0215

{JBJ4902-6083-5840;3/09998.003013/}