K AMERMAN , U NCYK , S ONIKER & K LEIN P . C .

C OUNSELORS AT L AW

1700 B ROADWAY , 16 TH F LOOR

N EW Y ORK , N EW Y ORK 10019

(212) 400-4930

December 5, 2024

**VIA ECF**
Hon. Michelle L. Peterson
United States Courthouse
700 Stewart Street, Suite 12232
Seattle, WA 98101-9906

Re: Bungie, Inc. v. Fisher, et al., 2:23-cv-01143-MLP

Judge Peterson,

    I am counsel to Plaintiff, and write in support of Bungie's motion to require the anonymous party (the "Doe Defendant") that filed the motion to quash, Dkt. 77 (the "Motion"), to disclose their identity in order to proceed with the Motion.

    Briefly, on September 16, 2024, the Court granted Plaintiff's motion for leave to serve a discovery subpoena on Payward, Inc. for purposes of identifying the individuals or entities associated with a particular multi-sig wallet to which proceeds of the Ring -1 Enterprise were directed. Dkt. 68. On November 14, 2024, Payward forwarded a copy of that subpoena to Doe Defendant, informing Doe Defendant that Payward would be producing responsive documents unless it received proof by November 21, 2024 that a motion to quash had been filed.[1] On November 25, 2024, "Defendant John Does No. 11-50" filed the Motion, arguing – anonymously – that the information sought by the subpoena is protected under the EU's General Data Protection Regulation (the "GDPR"). Dkt. 77 at 4-7.

    Doe Defendant cannot be allowed to proceed anonymously. Parties[2] must presumptively litigate under their real names, and pseudonymous litigation is reserved for the "unusual case" where anonymity is needed "to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Even then, any need for anonymity must be balanced against any prejudice to the opposing party. *Id. See also Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1043 (9th Cir. 2010) (no right to litigate discrimination claim anonymously without real and reasonable fear of harm). That applies to third parties opposing a subpoena for identifying information that would allow them to be named as defendants. *See TCYK, LLC v. Does 48-98*, No. 2:13-CV-540, 2013 WL 5597077, at *2–3 (S.D. Ohio Oct. 11, 2013) (moving defendant could not move to quash anonymously absent

---

[1] The multi-sig wallet has not been used since Doe Defendant received that notice.
[2] As recognized by the decision to file as "Defendant John Does No. 11-50," Doe Defendant is a party, not a non-party. To the extent there is any confusion about that, Plaintiff intends to serve Doe Defendant as soon as it can, has asked Doe Defendant to execute a waiver of service (which Doe Defendant refused), and intends to move for leave to serve Doe Defendant through counsel. Any arguments Doe Defendant may have that they are not actually a member of the Ring -1 Enterprise can (and must) be pursued as defenses or on a motion to dismiss, as a party-defendant.

showing of harm); *AF Holdings LLC v. Doe*, No. 2:12-CV-1066 GEB GGH, 2012 WL 6042635, at *1 (E.D. Cal. Dec. 4, 2012) (dismissing motion to quash where third party movant refused to disclose their name). *See also Braun v. Primary Distrib. Doe No. 1*, No. 12-3690 YGR (JSC), 2012 WL 12895846, at *3 (N.D. Cal. Dec. 12, 2012) (Plaintiff entitled to discover identities of alleged infringer); *W. Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 13 (D.D.C. 2011) (desire to avoid being named as a defendant not a sufficient basis to claim anonymity).

Here, Doe Defendant has identified no harm that would justify anonymity.[3] Not only that, but allowing Doe Defendant to proceed pseudonymously would prejudice Plaintiff. Doe Defendant's substantive argument is that its information is protected by the GDPR because it is a European citizen. Dkt. 77 at 4 ("Objector is located in and a citizen of a member nation of the European Union"). Neither Plaintiff nor the Court can assess the veracity of that claim without knowing Doe Defendant's identity.[4] It would be fundamentally unfair to allow Doe Defendant to proceed pseudonymously on a Motion predicated primarily on Doe Defendant's claims about its personal location.

Because Doe Defendant cannot satisfy the *Allied Textile* test, the Court should dismiss the motion and direct Doe Defendant to refile it under its true name if it wishes to proceed.

Date: December 5, 2024

          /s/ *Akiva M. Cohen*
      Akiva M. Cohen
KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.
1700 Broadway
NY, NY 10019
212-400-4930
acohen@kusklaw.com

/s/ *Stacia N. Lay*
Stacia N. Lay
FOCAL PLLC
900 1st Ave S., Suite 201
Seattle, WA 98134
stacia@focallaw.com

---

[3] Courts have allowed pseudonymous motions to quash where the moving party seeks to assert a First Amendment right to anonymous speech, but not only is no such right implicated here, *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999) (right to anonymity applies only to legal conduct), but Doe Defendant's claim that it is located in Europe precludes any assertion of First Amendment rights. *Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 591 U.S. 430, 433 (2020) ("foreign citizens outside U. S. territory do not possess rights under the U. S. Constitution").
[4] As Plaintiff will show in its opposition to the Motion, the GDPR in any event provides no basis to quash.