# KAUFMAN & KAHN, LLP

December 5, 2024

BY ECF

The Honorable Michelle L. Peterson
U.S. District Court, Western District of Seattle
United States Courthouse
700 Stewart Street, Suite 12232
Seattle, WA 98101-9906

      Re:    <u>Bungie, Inc. v. Fisher, et al.</u> (Case No. 2:23-cv-01143-MLP)

To The Honorable Judge Peterson:

      We are co-counsel with Jessica Jensen of Ogden Murphy Wallace P.L.L.C. for the non-party (the "**Objector**") on whose behalf we filed a Motion to Quash (Dkts. 77, 80, 85). Plaintiff Bungie, Inc., served the subpoena at issue dated October 29, 2024 (the "**Subpoena**", Dkt. 80 at 5-19), upon Payward Interactive, Inc., a cryptocurrency company. Objector is the account holder of a "multi-signature wallet" served by Payward and identified in the Subpoena. (Dkt. 80 at 2.) Plaintiff says that sealed documents, which Plaintiff's counsel shared on an "Attorneys Eyes Only" basis, purport to demonstrate that the wallet is related to this case – but there has been no chance for Objector to see the documents or for Objector's counsel to oppose Plaintiff's analysis.

      The Subpoena seeks to obtain the muti-signature wallet's account information and, by demanding all correspondence between Payward and the account holder, the identity of Objector. Objector, a citizen of the European Union, filed the Motion to Quash in order to shield their personally identifying information ("PII") protected under EU privacy protection laws. Such laws are likely to have been violated by Payward Interactive's receipt in the United States of Objector's PII and should not be violated here, again. *See* Dkt. 85 at 4, 6, *et seq*. The Subpoena also violates CPLR Rule 45. *Id*. at 3-5.

      Plaintiff before even opposing the Motion to Quash now seeks to circumvent it and frustrate the relief sought therein. Plaintiff wants this Court to require, in response to Objector's motion to protect Objector's identity, that Objector reveal Objector's identity. By email dated November 26, 2024, Plaintiff's counsel demanded Objector's identity to demonstrate that "your client is in a GDPR-covered location" – indicating that counsel agrees that EU laws entitle Objector to protection of Objector's PII. *See, e.g.,* Dkt. 85 at 5-7, Dkts. 85-1 through 85-5.

      Rather than opposing the Motion to Quash, Plaintiff requested, and Objector consented to, adjourn that Motion's hearing date from December 18, 2024 to January 7, 2025. Instead of addressing that earlier-filed motion in due course, Plaintiff seeks to render it moot, avoiding the arguments and eviscerating the very relief that non-party Objector has requested therein.

December 5, 2024
-- Page 2 --

  In an email dated November 26, 2024, Plaintiff argued that decisions with substantially different facts require a party to be identified. *Cf. Doe v Kamehameha Schs*., 596 F.3d 1036, 1046 [9th Cir. 2010] ("the default presumption is that the plaintiffs will use their true names"). In contrast, Objector is a non-party who has not come to court voluntarily as a plaintiff nor has been identified as a defendant. In the November 26 email, Plaintiff also relied on *AF Holdings LLC v Doe*, 2012 US Dist LEXIS 172048, at *3 [ED Cal Dec. 4, 2012, No. 2:12-cv-1066 GEB GGH]), a non-precedential decision which noted that the subpoena's recipient in that case "does not claim that to reveal his identity would cause him to suffer embarrassment or invasion of his privacy." *Id*. (comparing cases where requests for pseudonymity were granted to preserve privacy), citing *Digital Sin, Inc. v Doe*, 2011 US Dist LEXIS 128033, at *11 [ND Cal Nov. 4, 2011, No. C 11-04397 LB] (allowing anonymity where Doe defendant who allegedly downloaded pornography had a valid jurisdictional defense).

  In the case at hand, non-party Objector argues in the presently unopposed Motion to Quash that revealing Objector's identity and other PII would invade privacy that is protected by EU privacy laws. Further, like an internet account used for pornography that could have multiple account users so that identification of a Doe defendant could cause the account holder unfairly to suffer embarrassment, the wallet at issue is "multi-signature" (Dkt. 80 at 14, 16-17). Thus, identification of the account holder could cause embarrassment and invade privacy of the wrong person or entity. As a citizen of the EU (which Objector could demonstrate by *in camera*, sealed review of supporting documentation), Objector also has a valid jurisdictional defense. As such, the Plaintiff's to eviscerate Objector's privacy, even before Plaintiff and this Court address the Motion to Quash, should be rejected.

                Very truly yours,

                /s/ Mark S. Kaufman
                Mark S. Kaufman
                *Admitted Pro Hac Vice*