HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," JOSE DEJESUS AKA "DAVID HASTINGS" A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC", ANDREW THORPE A/K/A "CYPHER," RYAN POWER AKA "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," KICHING KANG A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," DAVID BRINLEE A/K/A "SINISTER," JOHN DOE NO. 11 A/K/A "THEGUY," JOHN DOE NO. 12 A/K/A "BEATRED," JOHN DOE NO. 13 A/K/A "COMMUNITYMODS," JOHN DOE NO. 14 A/K/A "PALACE," JOHN DOE NO. 15 A/K/A "VINCENTPRICE," JOHN DOE NO. 16 A/K/A "ESSWAN," JOHN DOE NO. 17A/K/A "ADMIRAL," JOHN DOE NO. 18 A/K/A "TOMDICKHARRY," JOHN DOE NO. 19 A/K/A "ROB," JOHN DOE NO. 20 A/K/A "STAYLOCKED," JOHN DOE NO. | Case No. 2:23-cv-01143-MLP<br><br>PLAINTIFF BUNGIE, INC.'S *EX PARTE* SIXTH MOTION FOR AN EXTENSION OF THE SERVICE DEADLINE UNDER RULE 4(m)<br><br>NOTE ON MOTION CALENDAR:<br>February 10, 2025 |

PLAINTIFF'S *EX PARTE* SIXTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

21 A/K/A "FIVE-STAR," JOHN DOE NO. 22 A/K/A "HORROR," JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO, JOHN DOE NO. 24 A/K/A MIHAI LUCIAN, JOHN DOE NO. 25 A/K/A NATHAN BERNARD, A/K/A "DOVE," JOHN DOE NO. 26 A/K/A "BLACKMAMBA," JOHN DOE NO. 27 A/K/A "BILLNYE," JOHN DOE NO. 28 A/K/A "BANEK192," JOHN DOE NO. 29 A/K/A SHOPPY ECOMMERCE LTD, JOHN DOE NO. 30 A/K/A/ FINN GRIMPE A/K/A "FINNDEV," AND JOHN DOES NO. 31-50,

        Defendants.

Plaintiff Bungie, Inc. hereby moves for an additional 90-day extension to the Rule 4(m) deadline to permit Bungie to complete the process of identifying, locating, and then serving any remaining U.S. Defendants.

**I.     INTRODUCTION**

Bungie is the owner and developer of the massive multiplayer online video game shooter *Destiny 2*. Defendants develop, sell, market, and support cheat software targeted to attack *Destiny 2*. *See generally* Dkt. 54. Recognizing that Defendants have deliberately obscured their identities, the Court granted Bungie's requests for third party discovery on November 29, 2023, April 24, 2024, and September 16, 2024. *See* Dkts. 27, 51, 68. Bungie has served every subpoena permitted under those Orders. Additionally, Bungie amended its complaint to encompass what it had discovered. *See* Dkts. 53, 54.

Via third-party discovery, Bungie has aggressively pursued efforts to complete the process of identifying, locating, and serving the Defendants. Its most recent efforts have born tremendous fruit, but, due to the holidays, delays in getting all of the remaining productions, an inadvertent delay from a process server, and needing to send follow-up subpoenas as permitted by the September 16th Order, not all productions have been returned. *See generally* Declaration of Dylan Schmeyer ¶¶ 4-7.

Bungie, having not received Rule 4 waiver acceptances back from the Defendants it has

PLAINTIFF'S *EX PARTE* SIXTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

identified, has served all identified U.S. Defendants. It also has begun the process of serving Defendants located outside the United States, either through Hague service or alternative service. Bungie is finalizing its list of Defendants for whom Hague and alternative service will be necessary, and as soon as it can make its final identifications, that motion can be completed and filed. *Id.* at ¶ 12.

Bungie has only obtained half of the productions for its final round of subpoenas – various incidents have conspired to delay their receipt. *Id.* at ¶¶ 5, 6, 12-13. Bungie needs these productions, and a brief period to analyze them, in order to (1) potentially identify any remaining U.S. Defendants who remain anonymous and (2) ensure that its forthcoming alternative service request only encompasses Defendants it cannot serve by traditional means.

Bungie is cognizant of the long and sometimes winding road its investigation has taken, but it has made tremendous progress, particularly given the efforts Defendants have undertaken to mask their identities and locations. Bungie is seeking an extension of 90 days from the issuance of the Court's Order on this Motion so that the work it began in November 2023 (and before) can be completed.

## II.  FACTUAL BACKGROUND

On October 27, 2023, Bungie filed a motion seeking third-party discovery to unmask anonymous defendants for service of process. Dkt. 24. The Court granted that motion in part on November 29, 2023. Dkt. 27. Eighteen subpoenas were served under that Order. Dkt. 29 at ¶ 10. On April 9, 2024, Bungie filed a second motion seeking further third-party discovery, which the Court granted on April 24th. *See* Dkts. 40, 51. Six subpoenas were served under that Order. Schmeyer Declaration ¶¶ 4, 7. Bungie filed a third motion seeking a final round of third-party discovery on August 23rd, which was granted on September 16th. Dkts. 58, 68. Six subpoenas were eventually served under that Order, although due to an inadvertent error by the process server, three subpoenas were served much later than anticipated, and a follow-up subpoena had to be served per the production from Payward. Schmeyer Declaration ¶¶ 5-7. Bungie's analysis of the Payward subpoena production, and thus Bungie's ability to identify its follow-up needs,

PLAINTIFF'S *EX PARTE* SIXTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

was substantially delayed by the now withdrawn motion to quash (*see* Dkts. 77, 95), which caused Payward to withhold the production until resolution. Schmeyer Declaration ¶ 6. Bungie will need additional time to obtain and analyze these extant productions to complete its efforts to identify and locate the remaining Defendants. *Id.* at ¶¶ 12-13.

Bungie sent Rule 4 waiver requests to all named Defendants it has identified and pinned to a domicile, and one it has identified with reliable communication methods, with its Amended Complaint. *Id.* at ¶ 8. Bungie received only two favorable responses. *Id*. Therefore, Bungie has moved forward with serving all U.S. Defendants whom it has identified and who have not agreed to waive service. *Id*. at ¶ 9. One of those Defendants has since defaulted. Dkt. 98. Another has been dismissed. Dkt. 100.

Bungie wishes to formally serve everyone it can, thereby focusing its forthcoming alternative service request only on Defendants that Bungie's investigation and third-party discovery cannot identify and locate. As such, Bungie needs the final third-party productions to finalize its list of Defendants who cannot be served by traditional means and to confirm whether there are any more U.S. Defendants unknown to it. Bungie has made steady progress with identification and service to this juncture. Schmeyer Declaration ¶¶ 8-11. But Bungie requires more time to secure, analyze, and finalize its investigation so that it may finalize its alternative service needs and amend the complaint with any newly identified Doe defendants. *Id.* at ¶ 13.

Bungie therefore submits that there is good cause to extend the Rule 4(m) deadline, currently set at February 16th, by a further 90 days to allow the final third-party discovery Bungie is awaiting to reach its conclusion, and thereby allow Bungie to finalize its forthcoming alternative service requests. All known U.S. Defendants have been served by the time of this filing – this extension to the Rule 4(m) deadline is thus only for those unidentified Defendants who may yet turn out yet to be located in the U.S.

### III. LEGAL ARGUMENT

Under Rule 4(m), a court "must extend the time for service for an appropriate period" where the plaintiff shows good cause for an inability to serve a defendant within 90 days of filing

PLAINTIFF'S *EX PARTE* SIXTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

the complaint. FED. R. CIV. P. 4(m). *See also Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) ("Rule 4(m) . . . requires a district court to grant an extension of time when the plaintiff shows good cause for the delay.") (emphasis omitted). A showing of good cause may involve various factors, such as the lack of prejudice to defendant and the significant prejudice to plaintiff if the extension were not granted and the complaint was dismissed, and the defendant's receipt of actual notice of the lawsuit. *See, e.g.*, *Efaw*, 473 F.3d at 1041; *Madrid v. Adkins*, No. C19-1710 JLR-TLF, 2020 U.S. Dist. LEXIS 173154, *6, 8 (W.D. Wash. Aug. 20, 2020), *report & recommendation adopted by* 2020 U.S. Dist. LEXIS 186681 (W.D. Wash. Oct. 6, 2020); *Hoefer v. Apple Wash. LLC*, No. C17-1369 RAJ, 2018 U.S. Dist. LEXIS 216863, *5-6 (W.D. Wash. Dec. 27, 2018). Upon a showing of good cause for the lack of service, the district court must extend the time period for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Even absent a showing of good cause, the court still has discretion to extend the time period. *Id.* (*citing Petrucelli v. Bohringer & Ratzinger*, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995)).

The Ninth Circuit has also concluded that Rule 4's timing requirement for service is "inapplicable to service in a foreign country[.]" *Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991) (per curiam). Thus, where it appears defendants may need to be served in foreign countries, the time limit for service in Rule 4(m) does not apply. *Amazon.com Inc. v. Awns*, No. C22-402-MLP, 2022 U.S. Dist. LEXIS 185807, *2 (W.D. Wash. Oct. 11, 2022). However, "[d]espite the lack of an express time limit, Rule 4(m) does not preclude the court from setting a reasonable time limit for service in a foreign country to properly manage a civil case." *Id.* (internal quotation marks omitted).

Bungie requires the last productions to determine which of the remaining unidentified Defendants are U.S. residents and which are domiciled abroad. Dkt. 56 at ¶ 4. Bungie formally served all of the U.S. Defendants it has been able to locate and has had one Rule 4 waiver returned. Dkt. 99; Schmeyer Declaration ¶ 8. To the extent that any of the remaining unidentified Defendants are residents of a foreign country, Bungie will pursue serving them, once they are identified, in the same manner as it is pursuing foreign Defendants it has already identified and

PLAINTIFF'S *EX PARTE* SIXTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

located. *Id.*

Bungie has good cause for having not yet served any remaining U.S. Defendants: Namely, that Bungie doesn't know who they are yet, whether they are in fact in the United States or a foreign country, the address of their primary residence, or other information sufficient to affect service. Although Bungie has issued three waves of subpoenas to third parties to identify, locate and affect service on the unidentified Defendants, some remain unidentified.[1] Bungie is working on following its final leads via the productions from the final subpoenas, which necessarily entails working with third parties and the delays inherent in that process. More time is therefore needed to identify and serve these unidentified Defendants, whether they are foreign or domestic.

There is no undue prejudice to the unidentified Defendants if such an extension were granted. The extension is necessary to allow time for Bungie to (1) either identify Defendants so they may be served or exhaust its efforts to do so, and (2) move for alternative service of the identified Defendants that Bungie is ultimately unable to obtain a physical address for. Bungie, on the other hand, would be significantly prejudiced, as the unidentified Defendants could continue their tortious conduct (and potentially add new or additional layers of anonymity to avoid identification) while Bungie continued to identify them, functionally rewarding them for obfuscating their identities. This delay would not negatively impact the orderly progress of the case. The request is solely to allow Bungie time to complete its efforts to identify and locate the remaining unidentified Defendants, or so it can determine which Defendants it will need to seek alternative service for. Further, the reason for the delay is largely, if not entirely, out of Bungie's control. Any delay is due in significant part to the Defendants' ongoing attempts to conceal their identities. *See, e.g.*, Dkt. 25 at ¶¶ 2-13. The potential but heretofore unknown foreign residence of many unidentified Defendants has further complicated and delayed efforts to identify, locate,

---

[1] Since filing its Amended Complaint, Bungie has been successful in identifying and locating some of the Doe Defendants and has requested issuance of summons to serve those Defendants. *See* Dkts. 61-64, 71-72.

PLAINTIFF'S *EX PARTE* SIXTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

and serve them. Finally, Bungie has acted diligently and in good faith in promptly pursuing multiple avenues of discovery and investigation – including via 31 subpoenas – to identify, name, and serve Defendants. *See, e.g.*, *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCGx), 2013 U.S. Dist. LEXIS 121976, *13-14 (C.D. Cal. Aug. 26, 2013) (difficulty in locating defendant and plaintiffs' attempts to locate defendant through discovery supported the conclusion that plaintiffs acted in good faith). Bungie's filing of requests for summons, a request for entry of default, proofs of service and Rule 4 waivers, and voluntary dismissals is indicative of its continuing progress in its investigation and this case. Bungie is making good use of all the time the Court grants it.

If the Court concludes that this is not good cause requiring an extension under the mandatory language of Rule 4(m), it should still exercise its discretion and grant the extension in the interest of judicial efficiency. Bungie has invested considerable time and resources into determining the obfuscated identities of the Defendants, to considerable success – Bungie has identified a significant number. *See* Schmeyer Declaration ¶ 8. Bungie has actively pursued the permitted third-party discovery and is merely awaiting the remaining productions from the final subpoenas to make final decisions as to service. These productions will allow it to either identify and locate the unidentified Defendants for traditional service or to crystalize its alternative service needs. Absent a grant of more time, it is conceivable that additional U.S. Defendants could be dismissed from this suit, without prejudice, for lack of service. Bungie's efforts to identify them would not cease, however, and once they were identified, Bungie would sue them again once their names and addresses were discovered. Allowing more time for Bungie to complete the limited third-party discovery it has sought now, so this can be accomplished on a reasonable timeline without these additional steps, is the most efficient path.

### IV. CONCLUSION

Bungie therefore respectfully requests that the Court extend Bungie's deadline to serve the remaining U.S. Defendants by 90 days from the date of the order on this Motion.

//

PLAINTIFF'S *EX PARTE* SIXTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 7

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Dated this 10th day of February, 2025.   Respectfully submitted,

| | |
|---|---|
| KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.<br><br>By: *s/ Dylan Schmeyer*<br>   Dylan M. Schmeyer (admitted *pro hac vice*)<br>   750 W. 148th Ave, #4216<br>   Westminster, CO 80023<br>   Tel: (719) 930-5942<br>   Email: dschmeyer@kusklaw.com | FOCAL PLLC<br><br>By: *s/ Stacia N. Lay*<br>   Stacia N. Lay, WSBA #30594<br>   900 1st Avenue S., Suite 201<br>   Seattle, Washington 98134<br>   Tel: (206) 529-4827<br>   Fax: (206) 260-3966<br>   Email: stacia@focallaw.com |

*Attorneys for Plaintiff Bungie, Inc.*

## WORD LIMIT CERTIFICATION

I certify that this memorandum contains 2,082 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
   Stacia N. Lay, WSBA #30594

PLAINTIFF'S *EX PARTE* SIXTH MOTION TO EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 8

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966