HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," JOSE DEJESUS AKA "DAVID HASTINGS" A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC", ANDREW THORPE A/K/A "CYPHER," RYAN POWER AKA "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," KICHING KANG A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," DAVID BRINLEE A/K/A "SINISTER," JOHN DOE NO. 11 A/K/A "THEGUY," JOHN DOE NO. 12 A/K/A "BEATRED," JOHN DOE NO. 13 A/K/A "COMMUNITYMODS," JOHN DOE NO. 14 A/K/A "PALACE," JOHN DOE NO. 15 A/K/A "VINCENTPRICE," JOHN DOE NO. 16 A/K/A "ESSWAN," JOHN DOE NO. 17A/K/A "ADMIRAL," JOHN DOE NO. 18 A/K/A "TOMDICKHARRY," JOHN DOE NO. 19 A/K/A "ROB," JOHN DOE NO. 20 A/K/A "STAYLOCKED," JOHN DOE NO. | Case No. 2:23-cv-01143-MLP<br><br>PLAINTIFF BUNGIE, INC.'S *EX PARTE* SEVENTH MOTION FOR AN EXTENSION OF THE SERVICE DEADLINE UNDER RULE 4(m)<br><br>NOTE ON MOTION CALENDAR: May 13, 2025 |

PLAINTIFF'S *EX PARTE* SEVENTH MOTION TO EXTEND SERVICE DEADLINE UNDER RULE 4(m) (Case No. 2:23-cv-01143-MLP) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

21 A/K/A "FIVE-STAR," JOHN DOE NO. 22 A/K/A "HORROR," JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO, JOHN DOE NO. 24 A/K/A MIHAI LUCIAN, JOHN DOE NO. 25 A/K/A NATHAN BERNARD, A/K/A "DOVE," JOHN DOE NO. 26 A/K/A "BLACKMAMBA," JOHN DOE NO. 27 A/K/A "BILLNYE," JOHN DOE NO. 28 A/K/A "BANEK192," JOHN DOE NO. 29 A/K/A SHOPPY ECOMMERCE LTD, JOHN DOE NO. 30 A/K/A/ FINN GRIMPE A/K/A "FINNDEV," AND JOHN DOES NO. 31-50,

Defendants.

Plaintiff Bungie, Inc. hereby moves for an additional 60-day extension to the Rule 4(m) deadline to permit Bungie to complete the process of identifying, locating, and then serving any remaining U.S. Defendants.

I.  **INTRODUCTION**

Bungie is the owner and developer of the massive multiplayer online video game shooter *Destiny 2*. Defendants develop, sell, market, and support cheat software targeted to attack *Destiny 2*. *See generally* Dkt. 54. Recognizing that Defendants have deliberately obscured their identities, the Court granted Bungie's requests for third party discovery on November 29, 2023, April 24, 2024, and September 16, 2024. *See* Dkts. 27, 51, 68. Bungie has served every subpoena permitted under those Orders. Additionally, Bungie amended its complaint to encompass what it had discovered. *See* Dkts. 53, 54.

Via third-party discovery, Bungie has aggressively pursued efforts to complete the process of identifying, locating, and serving the Defendants. After much negotiation with the subpoena recipients and the resulting delay therefrom, Bungie has finally obtained each production from the final round of subpoenas it sent out. *See generally* Declaration of Dylan Schmeyer ¶¶ 2-7.

Bungie has now either served or defaulted all U.S. Defendants known to it. It also has begun the process of serving Defendants located outside the United States, either through Hague

PLAINTIFF'S *EX PARTE* SEVENTH MOTION TO EXTEND SERVICE DEADLINE UNDER RULE 4(m) (Case No. 2:23-cv-01143-MLP) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

service or through a forthcoming motion for alternative service. Bungie's counsel is preparing for two arbitration hearings in other matters from May 19th to May 22nd and June 29th to July 2nd. But following the conclusion of those two arbitrations, Bungie will be able to finish analyzing the final productions it has received and finalize the list of Defendants for whom Hague and alternative service will be necessary, and as soon as it can make its final identifications, that motion can be completed and filed. *Id.* at ¶ 13. Bungie does not believe these final efforts will identify any further U.S. Defendants implicating Rule 4(m) but makes this Motion just in case it does.

Bungie seeks an extension of 60 days from the issuance of the Court's Order on this Motion to finalize its service list and pending settlement negotiations, and its upcoming motions to amend the complaint, make alternative service, and for default judgments.

## II. FACTUAL BACKGROUND

On October 27, 2023, Bungie filed a motion seeking third-party discovery to unmask anonymous defendants for service of process. Dkt. 24. The Court granted that motion in part on November 29, 2023. Dkt. 27. Eighteen subpoenas were served under that Order. Dkt. 29 at ¶ 10. On April 9, 2024, Bungie filed a second motion seeking further third-party discovery, which the Court granted on April 24th. *See* Dkts. 40, 51. Six subpoenas were served under that Order. Schmeyer Declaration ¶ 7. Bungie filed a third motion seeking a final round of third-party discovery on August 23rd, which was granted on September 16th. Dkts. 58, 67. Six subpoenas were eventually served under that Order, although due to an inadvertent error by the process server, three subpoenas were served much later than anticipated, and a follow-up subpoena had to be served per the production from Payward. Schmeyer Declaration ¶¶ 6-7. Bungie's analysis of the Payward subpoena production, and thus Bungie's ability to identify its follow-up needs, was substantially delayed by the now withdrawn motion to quash, *see* Dkts. 77, 95, which caused Payward to withhold the production until resolution, Dkt. 102 at ¶ 6. After significant additional effort, Bungie was able to procure its final outstanding productions without need for judicial intervention. Schmeyer Declaration ¶¶ 5-7. However, the final production was not received until

PLAINTIFF'S *EX PARTE* SEVENTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

April 9. *Id.* at ¶ 6.

Bungie sent Rule 4 waiver requests to all named Defendants it has identified and pinned to a domicile, and one it has identified with reliable communication methods, with its Amended Complaint. *Id.* at ¶ 8. Bungie received only two favorable responses. *Id.* Therefore, Bungie served all U.S. Defendants whom it has identified to date and who have not agreed to waive service. *Id.* at ¶ 9. Two of those Defendants have since defaulted. Dkts. 98, 109. Another two have been dismissed. Dkts. 100, 110.

Bungie, final productions in hand, is analyzing them and making any final identifications so its motion for alternative service is sufficiently targeted. It is also trying to confirm whether there are any more U.S. Defendants unknown to it, though that currently appears unlikely. It is time consuming and meticulous work, but Bungie is analyzing the productions it has received in the last 90 days and is cross-referencing them against the data it already has. Schmeyer Declaration ¶¶ 2, 4-7, 10. Bungie requires more time to complete this stage of its investigation so that it may finalize its alternative service needs and amend the complaint with any newly identified Doe defendants. *Id.* at ¶ 13.

Bungie therefore submits that there is good cause to extend the Rule 4(m) deadline, currently set at May 14th, by a further 60 days to finish analyzing the data available to it and to finalize its forthcoming alternative service and amendment requests. Because all known U.S. Defendants have been served, this extension request to the Rule 4(m) deadline applies only to those unidentified Defendants who may yet turn out yet to be located in the U.S., in the event there are any such Defendants left.

### III.   LEGAL ARGUMENT

Under Rule 4(m), a court "must extend the time for service for an appropriate period" where the plaintiff shows good cause for an inability to serve a defendant within 90 days of filing the complaint. FED. R. CIV. P. 4(m). *See also Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) ("Rule 4(m) . . . requires a district court to grant an extension of time when the plaintiff shows good cause for the delay.") (emphasis omitted). A showing of good cause may involve

PLAINTIFF'S *EX PARTE* SEVENTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

various factors, such as the lack of prejudice to defendant and the significant prejudice to plaintiff if the extension were not granted and the complaint was dismissed, and the defendant's receipt of actual notice of the lawsuit. *See, e.g.*, *Efaw*, 473 F.3d at 1041; *Madrid v. Adkins*, No. C19-1710 JLR-TLF, 2020 U.S. Dist. LEXIS 173154, *6, 8 (W.D. Wash. Aug. 20, 2020), *report & recommendation adopted by* 2020 U.S. Dist. LEXIS 186681 (W.D. Wash. Oct. 6, 2020); *Hoefer v. Apple Wash. LLC*, No. C17-1369 RAJ, 2018 U.S. Dist. LEXIS 216863, *5-6 (W.D. Wash. Dec. 27, 2018). Upon a showing of good cause for the lack of service, the district court must extend the time period for service. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Even absent a showing of good cause, the court still has discretion to extend the time period. *Id.* (*citing Petrucelli v. Bohringer & Ratzinger*, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995)).

The Ninth Circuit has also concluded that Rule 4's timing requirement for service is "inapplicable to service in a foreign country[.]" *Lucas v. Natoli*, 936 F.2d 432 (9th Cir. 1991) (per curiam). Thus, where it appears defendants may need to be served in foreign countries, the time limit for service in Rule 4(m) does not apply. *Amazon.com Inc. v. Awns*, No. C22-402-MLP, 2022 U.S. Dist. LEXIS 185807, *2 (W.D. Wash. Oct. 11, 2022). However, "[d]espite the lack of an express time limit, Rule 4(m) does not preclude the court from setting a reasonable time limit for service in a foreign country to properly manage a civil case." *Id.* (internal quotation marks omitted).

Bungie needs to finish determining which of the remaining unidentified Defendants are U.S. residents and which are domiciled abroad. Dkt. 56 at ¶ 4. Bungie formally served all of the U.S. Defendants it has been able to locate and has had one Rule 4 waiver returned. Dkt. 99; Schmeyer Declaration ¶¶ 8-9. To the extent that any of the remaining unidentified Defendants are residents of a foreign country, Bungie will pursue serving them, once they are identified, in the same manner as it is pursuing foreign Defendants it has already identified and located. *Id.*

Bungie has good cause for having not yet served any remaining U.S. Defendants: Namely, that Bungie doesn't know who they are yet, whether they are in fact in the United States or a foreign country, the address of their primary residence, or other information sufficient to

PLAINTIFF'S *EX PARTE* SEVENTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

affect service. Although Bungie has issued three waves of subpoenas to third parties to identify, locate and affect service on the unidentified Defendants, some remain unidentified.[1] Bungie is working on following its final leads via the productions from the final subpoenas. More time is therefore needed to identify and serve these unidentified Defendants, whether they are foreign or domestic.

There is no undue prejudice to the unidentified Defendants if such an extension were granted. The extension is necessary to allow time for Bungie to (1) either identify Defendants so they may be served or exhaust its efforts to do so, and (2) move for alternative service of the identified Defendants that Bungie is ultimately unable to obtain a physical address for. Bungie, on the other hand, would be significantly prejudiced, as the unidentified Defendants could continue their tortious conduct (and potentially add new or additional layers of anonymity to avoid identification) while Bungie continued to identify them, functionally rewarding them for obfuscating their identities. This delay would not negatively impact the orderly progress of the case. The request is solely to allow Bungie time to complete its efforts to identify and locate the remaining unidentified Defendants, or so it can determine which Defendants it will need to seek alternative service for. Further, the reason for the delay is largely, if not entirely, out of Bungie's control. Any delay is due in significant part to the Defendants' ongoing attempts to conceal their identities. *See, e.g.*, Dkt. 25 at ¶¶ 2-13. The potential but heretofore unknown foreign residence of many unidentified Defendants has further complicated and delayed efforts to identify, locate, and serve them. Finally, Bungie has acted diligently and in good faith in promptly pursuing multiple avenues of discovery and investigation – including via 30 subpoenas – to identify, name, and serve Defendants. *See, e.g.*, *Vanleeuwen v. Keyuan Petrochemicals, Inc.*, No. CV 11-9495 PSG (JCGx), 2013 U.S. Dist. LEXIS 121976, *13-14 (C.D. Cal. Aug. 26, 2013) (difficulty in locating defendant and plaintiffs' attempts to locate defendant through discovery supported the

---

[1] Since filing its Amended Complaint, Bungie has been successful in identifying and locating some of the Doe Defendants and has requested issuance of summons to serve those Defendants. *See* Dkts. 61-64, 71-72, 104-105.

PLAINTIFF'S *EX PARTE* SEVENTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

conclusion that plaintiffs acted in good faith).

Bungie's filing of requests for summons, requests for entry of default, proofs of service and Rule 4 waivers, and voluntary dismissals, as well as Bungie's ongoing pursuit of a resolution with some Defendants, is indicative of its continuing progress in its investigation and this case. Bungie is making good use of all the time the Court grants it. Additionally, while Bungie's counsel continues to diligently analyze the final productions received in response to its last round of subpoenas, counsel also must prepare for two arbitrations in other matters from May 19th to May 22nd and June 29th to July 2nd.

If the Court concludes that this is not good cause requiring an extension under the mandatory language of Rule 4(m), it should still exercise its discretion and grant the extension in the interest of judicial efficiency. Bungie has invested considerable time and resources into determining the obfuscated identities of the Defendants, to considerable success – Bungie has identified a significant number. *See* Schmeyer Declaration ¶ 8. Bungie has actively pursued the permitted third-party discovery but requires time to complete its analysis of the final productions it recently received to make final decisions as to service. These productions will allow it to either identify and locate the unidentified Defendants for traditional service or to crystallize its alternative service needs. Absent a grant of more time, it is conceivable that additional U.S. Defendants could be dismissed from this suit, without prejudice, for lack of service. Bungie's efforts to identify them would not cease, however, and once they were identified, Bungie would sue them again once their names and addresses were discovered. Allowing more time for Bungie to complete the limited third-party discovery it has sought now, so this can be accomplished on a reasonable timeline without these additional steps, is the most efficient path.

### IV.   CONCLUSION

Bungie therefore respectfully requests that the Court extend Bungie's deadline to serve the remaining U.S. Defendants, if any, by 60 days from the date of the order on this Motion.

//

//

PLAINTIFF'S *EX PARTE* SEVENTH MOTION TO
EXTEND SERVICE DEADLINE UNDER RULE 4(m)
(Case No. 2:23-cv-01143-MLP) – 7

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Dated this 13th day of May, 2025.

Respectfully submitted,

KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.

By: *s/ Dylan Schmeyer*
    Dylan M. Schmeyer (admitted *pro hac vice*)
    3598 E. 106th Ave
    Thornton, CO 80233
    Tel: (719) 930-5942
    Email: dschmeyer@kusklaw.com

*Attorneys for Plaintiff Bungie, Inc.*

FOCAL PLLC

By: *s/ Stacia N. Lay*
    Stacia N. Lay, WSBA #30594
    900 1st Avenue S., Suite 201
    Seattle, Washington 98134
    Tel: (206) 529-4827
    Fax: (206) 260-3966
    Email: stacia@focallaw.com

## **WORD LIMIT CERTIFICATION**

I certify that this memorandum contains 2,085 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
    Stacia N. Lay, WSBA #30594

PLAINTIFF'S *EX PARTE* SEVENTH MOTION TO EXTEND SERVICE DEADLINE UNDER RULE 4(m) (Case No. 2:23-cv-01143-MLP) – 8

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966