UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> JOSHUA FISHER, *et al.*, <br><br> Defendants. | Case No. C23-1143-MLP <br><br> ORDER |

### I.  INTRODUCTION

This matter is before the Court on Plaintiff Bungie, Inc.'s ("Bungie") eighth Motion for an extension of the service deadline under Rule 4(m). (Mot. (Dkt. # 115).) Bungie argues that its ongoing efforts to identify, locate, and serve the remaining unserved Defendants constitute good cause for an extension. Specifically, it avers that: (1) it lacks definitive information about the Defendants' identities and addresses, an obstacle outside its control; (2) it has conducted multiple rounds of subpoenas and discovery efforts, demonstrating diligent pursuit; (3) it requires additional time to analyze recent productions and develop alternative service strategies; (4) the potential foreign residence of some Defendants adds complexity; and (5) that additional time is necessary to prevent unjust dismissals or delays that could hinder the progress of this case. (*Id.*)

ORDER - 1

## II.     ANALYSIS

Rule 4(m) provides that if a defendant is not served within 90 days after filing a complaint, the court must dismiss the action without prejudice or extend the time for service upon a showing of good cause. Fed. R. Civ. P. 4(m); *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003). The Ninth Circuit has clarified that "good cause" at a minimum requires "excusable neglect." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). To evaluate whether neglect is excusable, courts consider four factors: (1) prejudice to the opposing party; (2) the length and impact of the delay; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

### A.     *Lemoge* Factors

#### 1.     *Prejudice to Opposing Party*

Although Bungie claims that the delay causes no prejudice (Mot. at 6), the purpose of Rule 4(m) is to promote the prompt resolution of litigation. "And Defendants' ability to resolve the present litigation will be delayed if [Bungie's] requested extension is granted—this is a form of prejudice." *See Benshoof v. Chin*, 2025 WL 1645202, at *1 (W.D. Wash. May 9, 2025). This factor, therefore, weighs against a finding of excusable neglect.

#### 2.     *Length of Delay and Impact*

Bungie states that "the delay would not negatively impact the orderly progress of the case" and that "the reason for the delay is largely, if not entirely, out of Bungie's control." (Mot. at 6.) Courts have found excusable neglect when the delay in service was "minimal." *See, e.g., Garcia v. Cty. of San Diego*, 2016 WL 11621400, at *3 (S.D. Cal. Mar. 22, 2016) (exercising discretion to extend service for a four-day delay); *Strange v. Eastman Outdoors, Inc.*, 2015 WL 12672696, at *2 (E.D. Cal. May 13, 2015) (exercising discretion to extend service for a 43-day

delay). However, nearly two years have passed since the complaint was filed in August 2023, and numerous Defendants remain unserved. Courts in the Ninth Circuit have repeatedly emphasized that delays of this magnitude weigh heavily against granting further extensions. *See Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (*per curiam*) (opining that Rule 4(m)'s time limit "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action"); *see also Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008) (delay of sixty-four days was unreasonable); *Bank of Am., N.A. v. Los Prados Cmty. Ass'n*, 2021 WL 5984985, at *1 (9th Cir. Dec. 16, 2021) (delay of three months was unreasonable); *Sohn v. Los Angeles Cnty.*, 2021 WL 5994529, at *2 (C.D. Cal. Oct. 13, 2021) (delay of seven months was unreasonable). Accordingly, this factor weighs strongly against granting Bungie an extension.

    3.  *Reasons for the Delay*

"Analysis for the reason for a delay includes 'whether it was within the reasonable control of the movant.'" *Tung Tai Grp. v. Oblon*, 2010 WL 2681962, at *3 (N.D. Cal. July 6, 2010) (quoting *Pioneer Invs. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)). Here, Bungie's delay falls squarely within its control. *See Fidelity Philadelphia Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). Bungie admits that its delay stems from processing multiple subpoenas and discovery efforts aimed at identifying Defendants' identities. (*See, e.g.*, dkt. ## 101, 111, 115.) However, logistical hurdles or ongoing investigations that lack recent, substantive progress do not establish good cause. *See Hawaii ex rel. Louie v. HSBC Bank Nevada*, 761 F.3d 1027, 1040 (9th Cir. 2014) ("the plaintiff is the master of a complaint"); *see also Wei*, 763 F.2d at 372 (noting it is plaintiff's counsel's responsibility to manage deadlines and finding that plaintiff's desire to amend the complaint did

ORDER - 3

not excuse delayed service); *see also Trueman v. Johnson*, 2011 WL 6721327, at *7 (D. Az. Dec. 21, 2011) ("although plaintiff's inability to locate defendants is a 'reason' for delay, that reason does not support a finding of excusable neglect"). Here, Bungie's repeated assertions of ongoing efforts fail to justify an extension. This weighs against granting further relief.

### 4.    Good Faith

Despite multiple motions, Bungie has failed to provide evidence of recent, tangible progress. Recycled statements like "awaiting final productions" or "working on final leads" (dkt. ## 101, 111, 115) show no concrete advancement. This pattern suggests that delays are due to unproductive investigations rather than unforeseen circumstances. Further, resource considerations, such as counsel's commitments to unrelated arbitration proceedings (dkt. # 115), do not constitute exceptional circumstances justifying more delay. *See Benshoof*, 2025 WL 1645202, at *2. The Court previously warned that "no further extension will be granted absent a showing of extraordinary circumstances." (Dkt. # 75.) Since then, Bungie has filed three motions reiterating similar, recycled justifications. (Dkt. ## 101, 111, 115.) This factor weighs against granting an extension.

### B.    Other Factors

Nevertheless, the Court maintains discretion to grant an extension of time in the absence of good cause. *See Mann*, 324 F.3d at 1090. The Supreme Court has emphasized that the Court's discretion under Rule 4(m) is broad, with the period for service operating "not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). This discretion is not limitless, however. In making discretionary extension decisions under Rule 4(m), a district court may consider matters beyond the *Lemoge* factors, such as actual notice to the defendant and whether service has been substantially achieved. *See*

ORDER - 4

*Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). In this case, given counsel's statement that "multiple deals may be possible in the coming month," that "his commitments are at an end," and that he is "close to finalizing the necessary parties and amendments" (*see* Decl. of Dylan Schmeyer (dkt. # 116), ¶¶ 12-14), the Court finds that a limited, final extension is warranted.

### III.   CONCLUSION

Accordingly, the Court GRANTS Bungie's Motion (dkt. # 115) in part. The deadline for Plaintiff to serve the Defendants is extended for **thirty (30) days** from the date of this Order. The Court cautions Bungie that it will not allow any further extensions of time in which to serve Defendants and that, if Bungie fails to timely complete service **by August 15, 2025**, this case will be dismissed without prejudice for failure to prosecute and failure to comply with a Court order.

Dated this 15th day of July, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5