HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," JOSE DEJESUS AKA "DAVID HASTINGS" A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC", ANDREW THORPE A/K/A "CYPHER," RYAN POWER AKA "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," KICHING KANG A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," DAVID BRINLEE A/K/A "SINISTER," JOHN DOE NO. 11 A/K/A "THEGUY," JOHN DOE NO. 12 A/K/A "BEATRED," JOHN DOE NO. 13 A/K/A "COMMUNITYMODS," JOHN DOE NO. 14 A/K/A "PALACE," JOHN DOE NO. 15 A/K/A "VINCENTPRICE," JOHN DOE NO. 16 A/K/A "ESSWAN," JOHN DOE NO. 17A/K/A "ADMIRAL," JOHN DOE NO. 18 A/K/A "TOMDICKHARRY," JOHN DOE NO. 19 A/K/A "ROB," JOHN DOE NO. 20 A/K/A "STAYLOCKED," JOHN DOE NO. | Case No. 2:23-cv-01143-MLP<br><br>PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>NOTE ON MOTION CALENDAR:<br>August 14, 2025 |

PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT
(Case No. 2:23-cv-01143-MLP) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

21 A/K/A "FIVE-STAR," JOHN DOE NO. 22 A/K/A "HORROR," JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO, JOHN DOE NO. 24 A/K/A MIHAI LUCIAN, JOHN DOE NO. 25 A/K/A NATHAN BERNARD, A/K/A "DOVE," JOHN DOE NO. 26 A/K/A "BLACKMAMBA," JOHN DOE NO. 27 A/K/A "BILLNYE," JOHN DOE NO. 28 A/K/A "BANEK192," JOHN DOE NO. 29 A/K/A SHOPPY ECOMMERCE LTD, JOHN DOE NO. 30 A/K/A/ FINN GRIMPE A/K/A "FINNDEV," AND JOHN DOES NO. 31-50,

   Defendants.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Bungie, Inc. respectfully moves the Court for leave to file a Second Amended Complaint in the form attached hereto as Exhibit A. In the proposed Second Amended Complaint, Bungie seeks only to incorporate the information it has obtained through third-party discovery the Court permitted it to pursue and Bungie's ongoing investigation. Specifically, Bungie seeks to amend the complaint to reflect the identities of previously unnamed Defendants and ascertained Doe Defendants (collectively "Defendants") it has identified to date, and to update its factual allegations in light of these identifications and the information surrounding them. Granting Bungie leave to file the proposed Second Amended Complaint will fulfill the purpose of the third-party discovery the Court permitted and will not cause any undue delay in the progress of this case or prejudice to the Defendants, none of whom have yet appeared in the case. To the contrary, allowing Bungie to file the proposed Second Amended Complaint will permit this case to move forward to the next stage.

Therefore, Bungie respectfully requests leave to file the proposed Second Amended Complaint attached hereto as Exhibit A.

## I.    FACTUAL BACKGROUND

On August 1, 2023, Bungie filed its original complaint and began the process of investigating and identifying both Defendants whose true identities were, at the time, obfuscated,

PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT
(Case No. 2:23-cv-01143-MLP) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

and Doe Defendants who were participants in the Ring-1 Enterprise. *See* Dkt. 1. This was a labor intensive and time-consuming endeavor—Defendants do business and speak publicly only through online personas and screen names and take great pains to hide their identities and remain anonymous, in part to thwart legal process.

Bungie had a handful of defendants already identified and requested leave of the Court to conduct third-party discovery to identify more. *See* Dkts. 24, 40, 58. The Court issued Orders granting leave to pursue that discovery on November 29, 2023 (Dkt. 27), April 24, 2024 (Dkt. 51), and September 16, 2024 (Dkt. 68). Based on the initial information obtained from this discovery and Bungie's own ongoing investigative efforts, on May 17, 2024, Bungie requested leave to amend its original complaint to reflect that information and name the Doe Defendants it had identified as of that time. *See* Dkt. 52. The Court granted Bungie leave to file an amended complaint (Dkt. 53), which Bungie did on June 17, 2024 (Dkt. 54).

Bungie has now identified more than a dozen defendants, has served every U.S. defendant apart from Jordan Miller, for whom Bungie filed a praecipe for summons on July 29, 2025 (Dkt. 118), has obtained default against two Defendants (Dkts. 98, 109), and has voluntarily dismissed three Defendants (Dkts. 100, 110, 114). These efforts, and the identities they've yielded, have provided Bungie with additional context to the operation of the Ring-1 Enterprise and a more accurate idea of the scope of its membership. Bungie has pursued summons for parties it has identified as it has been able to identify them and where outside factors, such as settlement negotiations, didn't prevent that course of action. As most Defendants were initially pled pseudonymously and many new facts have been discovered, this has led to there being dissonance between the current state of Bungie's knowledge and evidence, and the First Amended Complaint. Once and for all, Bungie would like to amend the complaint to reflect the entirety of what it has discovered thus far to the extent that it can. Therefore, Bungie seeks to amend its complaint and properly place the facts of the liability of these newly identified Defendants on the record now that it has completed the third-party discovery the Court permitted it to pursue.

PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT
(Case No. 2:23-cv-01143-MLP) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

## II. ARGUMENT

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a)(1) provides that a party may amend a complaint once as a matter of course within 21 days of service, or within 21 days of being served with an answer or a motion to dismiss, whichever is earlier. *Lopez v. Swift*, No. 12-CV-5099-TOR, 2014 WL 2957459, at *2 (E.D. Wash. July 1, 2014). As the time periods in Rule 15(a)(1) have passed and Bungie has previously amended its complaint, leave of the Court is required to amend the complaint. *See* FED. R. CIV. P. 15(a)(2).

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Allowing Bungie to file the Second Amended Complaint would serve justice and promote judicial efficiency, as it would fulfill the purpose of the third-party discovery permitted by the Court by allowing Bungie to proceed against newly identified Defendants and ensure accurate facts are pled regarding them. This would minimize delays and diversions and keep the case moving forward. Further, as discussed below, there is no substantial or undue prejudice, bad faith, undue delay, or futility.

The generosity in granting leave to amend is "to be applied with extreme liberality" as there is a strong presumption in favor of granting leave to amend a complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). Five factors affect the Court's discretion in granting leave to amend a complaint: (1) whether there has been bad faith on the part of the party seeking leave; (2) whether the amendment will cause undue delay; (3) the possibility of prejudice to the opposing party; (4) whether the amendment will be futile; and (5) whether the complaint has previously been amended. *See, e.g. United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). *See also Foman v. Davis,* 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). The first four factors weigh in favor of granting Bungie's motion, and the fifth factor does not outweigh the other four factors.

First, there is no bad faith on Bungie's part. When Bungie filed its original and first

PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT
(Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

amended complaints, it identified all parties to the maximum extent possible with the information it had available. Bungie has been transparent and forthright about what it knows, what it doesn't, and the information it needs to learn more. The Court granted leave to obtain expedited third-party discovery for the express purpose of de-anonymizing the pseudonymous defendants and identifying further Doe defendants. That discovery has borne fruit at every turn and Bungie seeks only to amend the complaint to include what new information it has ascertained since its last amendment under virtually identical circumstances. There isn't a modicum of bad faith behind Bungie's request for leave to amend.

Second, granting the motion will not cause undue delay; while certain Defendants have been served and are in contact with Bungie, no other party has appeared, answered, or filed any pre-answer motion. This amendment will also serve to forestall further potential delays in the future; Bungie must name the Does it has discovered to proceed against them.

Third, for the same reasons, amendment cannot cause prejudice to any other party. It is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital*, 316 F.3d at 1052. *See also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987). Prejudice is the "touchstone of the inquiry under rule 15(a)." *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"); *cf. DCD Programs*, 833 F.2d at 186-87 (noting that party opposing amendment "bears the burden of showing prejudice"). Absent prejudice, or a strong showing among the other factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052 (citing *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 245 (5th Cir.1997)). This Motion does not come near or after any deadline that would cut off such requests, nor is it near the discovery deadline (which has not yet been set). Indeed, no Defendant has appeared much less filed an answer yet; there is no better, less prejudicial time to amend in new defendants and newly identified defendants than at this phase of the litigation.

Fourth, the amendment clearly will not be futile, as the purpose of amendment is to name

PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT
(Case No. 2:23-cv-01143-MLP) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

and add necessary parties to the action, a step that will be unavoidably required in the future, if not completed now.

"The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149 (9th Cir. 1989)). This discretion is used to deny amendments where the facts were previously known to the plaintiff and is appropriately wielded to prevent prejudice to defendants from the addition of new claims or facts that should never have been left out of the previous amendments. *Id.; see also Fidelity Fin. Corp v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) (refusing to allow plaintiff to file a fourth amended complaint where "[t]he factual bases of the claims were known to [plaintiff] long before" and the defendant would have been prejudiced); *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980). Bungie has amended its complaint once before, where it added new parties and a new claim. This time, it seeks only to name Doe Defendants and articulate the facts giving rise to liability against them, as Bungie transparently informed the Court it intended to do upon the completion of the third-party discovery it was permitted to pursue for this purpose. Therefore, the fact that Bungie previously amended its complaint should not be sufficient to defeat its request to amend its complaint a second time, particularly as all of the other factors favor granting Bungie's request and the well-established policy is to liberally grant leave to amend.

### III.    CONCLUSION

For these reasons, Bungie respectfully requests that the Court grant leave to file the proposed Second Amended Complaint attached hereto as Exhibit A. Pursuant to LCR 15(a), attached as Exhibit A and B are, respectively, copies of the (1) proposed Second Amended Complaint and (2) a redline showing the changes made to the Amended Complaint in the Second Amended Complaint.

//

//

PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT
(Case No. 2:23-cv-01143-MLP) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Dated this 14th day of August, 2025.

KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.

By: <u>s/ Dylan Schmeyer</u>
    Dylan M. Schmeyer (admitted *pro hac vice*)
    3598 E. 106th Ave
    Thornton, CO 80233
    Tel: (719) 930-5942
    Email: dschmeyer@kusklaw.com

*Attorneys for Plaintiff Bungie, Inc.*

Respectfully submitted,

FOCAL PLLC

By: <u>s/ Stacia N. Lay</u>
    Stacia N. Lay, WSBA #30594
    900 1st Avenue S., Suite 201
    Seattle, Washington 98134
    Tel: (206) 529-4827
    Fax: (206) 260-3966
    Email: stacia@focallaw.com

## **WORD LIMIT CERTIFICATION**

I certify that this memorandum contains 1,730 words, in compliance with the Local Civil Rules.

By: <u>s/ Stacia N. Lay</u>
    Stacia N. Lay, WSBA #30594

PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE
TO FILE A SECOND AMENDED COMPLAINT
(Case No. 2:23-cv-01143-MLP) – 7

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966