HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," JOSE DEJESUS AKA "DAVID HASTINGS" A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC", ANDREW THORPE A/K/A "CYPHER," RYAN POWER AKA "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," KICHING KANG A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," DAVID BRINLEE A/K/A "SINISTER," JOHN DOE NO. 11 A/K/A "THEGUY," JOHN DOE NO. 12 A/K/A "BEATRED," JOHN DOE NO. 13 A/K/A "COMMUNITYMODS," JOHN DOE NO. 14 A/K/A "PALACE," JOHN DOE NO. 15 A/K/A "VINCENTPRICE," JOHN DOE NO. 16 A/K/A "ESSWAN," JOHN DOE NO. 17A/K/A "ADMIRAL," JOHN DOE NO. 18 A/K/A "TOMDICKHARRY," JOHN DOE NO. 19 A/K/A "ROB," JOHN DOE NO. 20 A/K/A "STAYLOCKED," JOHN DOE NO. | Case No. 2:23-cv-01143-MLP<br><br>PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE<br><br>NOTE ON MOTION CALENDAR:<br>August 15, 2025 |

PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE
(Case No. 2:23-cv-01143-MLP) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

21 A/K/A "FIVE-STAR," JOHN DOE NO. 22 A/K/A "HORROR," JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO, JOHN DOE NO. 24 A/K/A MIHAI LUCIAN, JOHN DOE NO. 25 A/K/A NATHAN BERNARD, A/K/A "DOVE," JOHN DOE NO. 26 A/K/A "BLACKMAMBA," JOHN DOE NO. 27 A/K/A "BILLNYE," JOHN DOE NO. 28 A/K/A "BANEK192," JOHN DOE NO. 29 A/K/A SHOPPY ECOMMERCE LTD, JOHN DOE NO. 30 A/K/A/ FINN GRIMPE A/K/A "FINNDEV," AND JOHN DOES NO. 31-50,

   Defendants.

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Bungie, Inc. seeks leave to serve Defendants John Doe No. 29 a/k/a Shoppy Ecommerce Ltd.; John Doe No. 9 a/k/a "1vitus"; John Doe No. 24 a/k/a "Mihai Lucian"; John Doe No. 28 a/k/a "Banek192" a/k/a Ivan M. Sergeevich; John Doe No. 40 a/k/a Maksimka Nikitin; John Doe No. 5 a/k/a "C52YOU"; John Doe. No. 11 a/k/a "TheGuy"; John Doe No. 13 a/k/a "CommunityMods"; John Doe No. 17 a/k/a "Admiral"; John Doe No. 27 a/k/a "BillNye"; and John Doe No. 26 a/k/a "BlackMamba" (the Group 1 Defendants); and John Doe No. 12 a/k/a "Beatred" a/k/a Cicero Loureiro; John Doe No. 16 a/k/a "Esswan" a/k/a Sabeen Rehman Soomro; and John Doe No. 15 a/k/a "VincentPrice" a/k/a David Bonar Marpaung (the Group 2 Defendants) (all collectively referred to herein as the "Service Defendants") by: (1) email; (2) social media posts to platforms these Service Defendants frequently use; and (3) private message on those platforms.

Bungie's request complies with Rule 4(f)(3) because using these methods does not contravene any international agreement and is reasonably calculated to give notice to these Defendants. Alternative service, combined with Bungie's Hague and Rule 4 service efforts, will enable it to serve every Defendant even partially unmasked. Bungie also requests a brief extension of the relevant deadline to effect this service.

PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE
(Case No. 2:23-cv-01143-MLP) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

# FACTUAL BACKGROUND

## I. BUNGIE AND DEFENDANTS' CHEAT SOFTWARE

Bungie owns the video game franchise "*Destiny*", including Destiny 2. Bungie has sued the Ring -1 Enterprise, a conglomerate that sells illegal *Destiny 2* cheats. *See generally* Dkt. 54. On August 14, Bungie moved for leave to file a Second Amended Complaint, listing all identifiable Defendants. Dkt. 119. Bungie moves for alternative service on these Service Defendants because it cannot identify physical addresses for the Group 1 Defendants, or, for the Group 2 Defendants, it doubts the authenticity of the addresses it has identified. For these Defendants, Bungie has identified avenues of service reasonably calculated to give these Service Defendants notice. *See generally* Declaration of Kathryn Tewson.

## II. BUNGIE HAS NOT FOUND RELIABLE ADDRESSES FOR THE SERVICE DEFENDANTS BUT HAS IDENTIFIED METHODS TO EFFECT SERVICE

Despite its investigation, Bungie could not determine authentic physical addresses for the Service Defendants. Tewson Dec. §§ IV.A-B. Bungie has exhausted its investigative leads short of Rule 26 discovery. *Id.* ¶ 10. Bungie has identified alternative means to reach the Service Defendants and reasonably believes it can serve Defendants by these methods. *Id.* ¶ 13.

## III. BUNGIE'S SERVICE EFFORTS

If granted this relief, Bungie can serve all identified Defendants. Should the Court grant this Motion and Bungie's motion to file the Second Amended Complaint (Dkt. 119), and summonses have been issued, Bungie will immediately commence all service. *See* Declaration of Dylan Schmeyer ¶ 24. Bungie can also serve Jordan Miller a/k/a Jesse Watson a/k/a "Jessewatson3944" once a summons is available. *See* Dkt. 118.

# LEGAL ARGUMENT

Litigants normally serve foreign defendants via the Hague Service Convention. FED. R. CIV. P. 4(f). However, Rule 4(f)(3) gives courts discretion to allow alternative service on foreign parties if the proposed method of service is not prohibited by an international agreement and satisfies constitutional due process standards. *Rio Properties, Inc. v. Rio Int'l*

PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE
(Case No. 2:23-cv-01143-MLP) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

*Interlink*, 284 F.3d 1007, 1015-16 (9th Cir. 2002). Service under Rule 4(f)(3) is an independent mechanism for service and does not require exhaustion of other methods of service. *Id*. Serving these Defendants by email, posting, and private message satisfies both elements. The Hague Service Convention does "not apply where the address of the person to be served with the document is not known," such as the Group 1 Defendants. *Convention Done at the Hague Nov. 15, 1965*; Article 1, T.I.A.S. No. 6638 (Feb. 10, 1969), available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17.

A Court may consider delay and expense in deciding whether to authorize alternative service under Rule 4(f)(3). *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, *3 (W.D. Tex. July 2, 2014).

### A.    Alternative Service of These International Defendants Does Not Contravene International Agreements.

The Service Defendants are all located abroad. Tewson Dec. ¶ 12. There is no international agreement prohibiting service by the means requested.

As an initial matter, the Hague Convention does not apply where a defendant's address is unknown. *See* Hague Service Convention, Article I, *supra*. Generally, "if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so," courts will conclude that the address is unknown. *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1390 (S.D.N.Y. 2022).

Bungie's investigative efforts are described in detail in the Tewson Declaration, and included tracking participants' conduct across the web, social media, online communities, and the Bitcoin blockchain. Tewson Dec. ¶ 3. Where available evidence warranted it, Bungie employed these methodologies to identify members of the Ring-1 Enterprise. Bungie evaluated whether it could make further progress in the investigation of each unknown defendant with the same degree of rigor. This investigative work unmasked seven Doe Defendants susceptible to Hague Service, evidencing Bungie's reasonable diligence. Schmeyer Dec. ¶ 16. Despite reasonable investigation, Bungie cannot find reliable addresses for the Service Defendants.

PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE
(Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Tewson Dec. ¶ 11. The Service Defendants operate anonymously and hide their addresses. *Id.* ¶¶ 15-24. Therefore, the Hague Convention does not apply to them.

### B. Service by Email, Post, and Message Meets the Due Process Standard.

Service meets the due process standard if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation marks omitted). The Ninth Circuit has held that service on foreign defendants by email satisfies due process and Rule 4(f)(3) where they cannot be reached by other means or their addresses are unknown.[1] *Id.* at 1017-18. Similarly, courts have authorized service by social media and online posting. *See, e.g.*, *Assef v. Doe*, No. 15-cv-01960-MEJ, 2016 U.S. Dist. LEXIS 41597, *11 (N.D. Cal. Mar. 28, 2016) (authorizing service by email and blog post). Bungie cannot communicate with these international defendants except via these methods. Tewson Dec. ¶ 12. This intentional obfuscation is the way they prefer it. *Id.* ¶¶ 25-34.

These methods are the "most likely to reach" a foreign party with no U.S. address and who only provided an email for contact information. *Rio Properties*, 284 F.3d at 1017-18 (where defendant only does business online without physical presence, and primarily over email, email communication is reasonably calculated to provide notice). Similarly, the court allowed email service on defendants in China because "Defendants' address is unknown but active email addresses are available and that email reasonably is calculated to provide Defendants notice of the lawsuit and comport with due process." *Will Co. v. Lee*, No. C20-5802 BHS, 2021 U.S. Dist. LEXIS 15621, *3-4 (W.D. Wash. Jan. 27, 2021) (noting that plaintiff sent messages to the email addresses and the emails "did not bounce back"). Based on the Service Defendants' commercial activity, Bungie has reasonable indicia that these communication methods are viable. Tewson

---

[1] Given the difficulties in serving defendants in Russia, many courts authorize email service on Russian defendants. *Smith v. Wolf Performance Ammunition*, No. 2:13-CV-02223-JCM, 2015 WL 315891, *3 (D. Nev. Jan. 23, 2015) (email service to a Russian defendant met Rule 4(f)(3)'s requirements); *Microsoft Corp. v. Does 1-18*, No. 1:13CV139 LMB/TCB, 2014 WL 1338677, *3 (E.D. Va. Apr. 2, 2014) (email service authorized under Russian law).

PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE
(Case No. 2:23-cv-01143-MLP) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Dec. ¶ 13.

Other decisions have found email service permissible where, as here, the plaintiff "has [unsuccessfully] made a reasonable effort to locate a physical address for service". *See, e.g., Word Ape, LLC v. Pawico*, No. 2:20-cv-01768-DWC, 2021 U.S. Dist. LEXIS 37825, *8-9 (W.D. Wash. Jan. 4, 2021); *see also Amazon.com Inc. v. Sirowl Tech.*, No. 2:20-cv-01217-RSL-JRC, 2020 U.S. Dist. LEXIS 228235, *7-8 (W.D. Wash. Dec. 4, 2020) (authorizing email service because plaintiffs could not obtain a valid physical address for defendants who conduct business through the internet).

Courts have also approved service by social media and website posts where, as here, such service appeared to be the "only available means of contacting" the defendants and were "reasonably calculated to give notice under the circumstances because it appears Defendants may have actively concealed their identities." *Assef*, 2016 U.S. Dist. LEXIS 41597 at *11 (approving service by email and posting to the blog at issue in the case); *see also Word Ape*, 2021 U.S. Dist. LEXIS 37825 at *8-9 (approving service by email and Facebook message to defendant's Facebook store).

Here, Bungie has searched publicly available information and used other investigative tools, in addition to its investigative expertise, but has been unable to locate a physical address for the Service Defendants. Tewson Dec. ¶ 11. In many cases, the email addresses and platforms it lists are, in the Defendants' own words and behavior, the best methods to reach them, and thus the best methods to effect service. Bungie has no other methods available. *See Rio Properties*, 284 F.3d at 1018 (noting that, "when faced with an international ebusiness scofflaw, . . . email may be the only means of effecting service of process"). For clarity, each of the methods of service that Bungie lists comports with due process. Bungie seeks leave to serve by all methods available for each Service Defendant only to ensure that all reasonable steps are taken to provide effective notice.

Even if Bungie expended significantly more time and resources to obtain more addresses, there is no guarantee that it would be able to do so, and the effort required would be significant,

PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE
(Case No. 2:23-cv-01143-MLP) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

involving more investigation time and more third-party discovery. Bungie expended considerable time and resources thus far, and desires to move forward with the legal process, vindicate its rights, and remedy the harm done to it by the Ring-1 enterprise. Bungie interprets the Court's July 15th Order (Dkt. 117) as urging it to do just that, and Bungie seeks to comply. These Defendants should not be allowed to duck accountability for their actions by diligently masking their physical addresses.

### D. LCR 15(a)'s 14-day service deadline should be extended to allow Bungie to complete alternative service, if granted.

Under LCR 15, when the Court grants leave to file an amended complaint, the amended pleading must be filed and served on all parties within 14 days of order granting leave, "unless the court orders otherwise." LCR 15(a). Here, Bungie asks that if the Court grants Bungie's Motion to Amend, the service deadline for the Second Amended Complaint be calculated as follows: Bungie will file praecipe for summons within 7 days of the date of the later of the order granting the relief sought herein or the Motion to Amend, and non-Hague service will be completed within 14-days after issuance of the last summons so requested. Although the Court has not set a deadline for Hague service and Rule 4(m) does not apply to such service, completing Hague service within 14 days of an order granting leave to file an amended complaint is impossible given the timelines involved in Hague service. *See* Schmeyer Dec. ¶¶ 18-23. Therefore, Bungie respectfully requests that the Court order that LCR 15(a)'s 14-day service deadline does not apply to Hague service.

### E. The Rule 4(m) Deadline to serve Jordan Miller should be extended to allow Bungie to serve Miller after a summons for him is issued.

Bungie acknowledges that the Court's July 15th Order states that no extension of the Rule 4(m) deadline will be granted. Dkt. 117. Following that order, Bungie identified Jordan Miller a/k/a Jesse Watson a/k/a "Jessewatson3944, a suspected U.S. resident. Schmeyer Dec. ¶¶ 7-8. Bungie then linked him to an address satisfying Rule 4(a)(1)(C). *Id.* On July 29th, Bungie requested a summons for him. Dkt. 118. A district court must extend the time period for

PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE
(Case No. 2:23-cv-01143-MLP) – 7

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

service for good cause shown. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Whether good cause is shown, the court may extend the Rule 4(m) deadline. *Id.* (*citing Petrucelli v. Bohringer & Ratzinger*, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995)). The current Rule 4(m) deadline in this case is August 15th. Bungie requires a summons to serve Jordan Miller. Considering this catch-22, Bungie respectfully submits that there is good cause to extend that deadline, one last time, for 14 days from the issuance of that summons, so Bungie can serve Miller. Bungie asks the Court to use its discretion to allow Bungie to fully comply with the July 15th Order.

## CONCLUSION

Bungie respectfully requests that the Court authorize Bungie to serve these Defendants via the methods identified herein.

Dated this 15th day of August, 2025.        Respectfully submitted,

| KAMERMAN, UNCYK, SONIKER & KLEIN, P.C. | FOCAL PLLC |
|---|---|
| By: *s/ Dylan M. Schmeyer*<br>    Dylan M. Schmeyer (admitted *pro hac vice*)<br>    3598 E. 106th Ave<br>    Thornton, CO 80233<br>    Tel: (719) 930-5942<br>    Email: dschmeyer@kusklaw.com | By: *s/ Stacia N. Lay*<br>    Stacia N. Lay, WSBA #30594<br>    900 1st Avenue S., Suite 201<br>    Seattle, Washington 98134<br>    Tel: (206) 529-4827<br>    Fax: (206) 260-3966<br>    Email: stacia@focallaw.com |

*Attorneys for Plaintiff Bungie, Inc.*

## WORD LIMIT CERTIFICATION

I certify that this memorandum contains 2,099 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
    Stacia N. Lay, WSBA #30594

PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION
FOR ALTERNATIVE SERVICE
(Case No. 2:23-cv-01143-MLP) – 8

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966