HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>　　Plaintiff,<br><br>v.<br><br>JOSHUA FISHER, JACOB W. MAHURON A/K/A "PRAGMATICTAX," MATTHEW ABBOTT A/K/A "NOVA," JOSE DEJESUS AKA "DAVID HASTINGS" A/K/A "J3STER," TRAVERS RUTTEN A/K/A "TRAVERS7134," JESSE WATSON A/K/A "JESSEWATSON3944," JOHN DOE NO. 1 A/K/A "CALC", ANDREW THORPE A/K/A "CYPHER," RYAN POWER AKA "KHALEESI," JOHN DOE NO. 4 A/K/A "GOD," JOHN DOE NO. 5 A/K/A "C52YOU," JOHN DOE NO. 6 A/K/A "LELABOWERS74," JOHN DOE NO. 7 A/K/A "FRAMEWORK," KICHING KANG A/K/A "SEQUEL," JOHN DOE NO. 9 A/K/A "1NVITUS," DAVID BRINLEE A/K/A "SINISTER," JOHN DOE NO. 11 A/K/A "THEGUY," JOHN DOE NO. 12 A/K/A "BEATRED," JOHN DOE NO. 13 A/K/A "COMMUNITYMODS," JOHN DOE NO. 14 A/K/A "PALACE," JOHN DOE NO. 15 A/K/A "VINCENTPRICE," JOHN DOE NO. 16 A/K/A "ESSWAN," JOHN DOE NO. 17A/K/A "ADMIRAL," JOHN DOE NO. 18 A/K/A "TOMDICKHARRY," JOHN DOE NO. 19 A/K/A "ROB," JOHN DOE NO. 20 A/K/A "STAYLOCKED," JOHN DOE NO. 21 A/K/A "FIVE-STAR," JOHN DOE NO. 22 A/K/A "HORROR," JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO, JOHN DOE NO. 24 A/K/A MIHAI LUCIAN, JOHN | Case No. 2:23-cv-01143-MLP<br><br>DECLARATION OF DYLAN SCHMEYER IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE<br><br>NOTE ON MOTION CALENDAR:<br>August 15, 2025 |

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-MLP) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

DOE NO. 25 A/K/A NATHAN BERNARD, A/K/A "DOVE," JOHN DOE NO. 26 A/K/A "BLACKMAMBA," JOHN DOE NO. 27 A/K/A "BILLNYE," JOHN DOE NO. 28 A/K/A "BANEK192," JOHN DOE NO. 29 A/K/A SHOPPY ECOMMERCE LTD, JOHN DOE NO. 30 A/K/A/ FINN GRIMPE A/K/A "FINNDEV," AND JOHN DOES NO. 31-50,

    Defendants.

I, Dylan Schmeyer, declare and state as follows:

1. I am an attorney with Kamerman, Uncyk, Soniker & Klein, P.C., counsel to Plaintiff Bungie, Inc. ("Bungie") in this action. I make this declaration based on my personal knowledge of the facts herein, and could and would testify to them competently if necessary.

2. I am submitting this declaration in support of Bungie's *Ex Parte* Motion for Alternative Service.

3. In this and other recent filings, Bungie is attempting to address every avenue of service in this case and to address the Court's concerns in its July 15th Order (*see* Dkt. 117), to best perfect service and advance this litigation.

## I. BUNGIE'S SERVICE EFFORTS AFTER THE COURT'S JULY 15TH ORDER

4. Upon the Court's issuance of its July 15th Order, Bungie and its counsel redoubled their service efforts.

5. Prior to the Court's July 15th Order, Bungie had issued 30 third party subpoenas for information about the defendants in this action, most of whom are anonymous. Bungie obtained some form of information from 28 of those subpoenas, even if only enough to close a lead or declare an avenue of investigation a dead-end. Of the remaining two, it became apparent that one of the subpoena recipients faced liability as a defendant, and Bungie named it as such in the First Amended Complaint. The other subpoena recipient, Telegram, is notorious for its refusal to respond to subpoenas. Undersigned counsel issued that subpoena only in the hopes that reports of Telegram's cooperation with federal law enforcement might indicate a softening of its longstanding refusal to comply with valid subpoenas. When Telegram did not cooperate, I

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-MLP) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

elected to simply continue with more fruitful avenues of investigation rather than stir up a costly and, more importantly, time-consuming effort aimed at forcing its compliance.

6.  As of July 15th, Bungie had named and identified 12 defendants in the Amended Complaint. Of those, six are believed to have resided in the United States. Of those six, two defaulted. *See* Dkts. 98, 109. The remaining six reside outside the United States and must be served pursuant to the Hague Service Convention.

7.  After a thorough review of all of its data in preparation of both its Motion for Leave to File a Second Amended Complaint (Dkt. 119) and the present Motion for Alternative Service, Bungie discovered a probable address for the one remaining U.S. Defendant it had identified but had not previously had an address for.

8.  Once Bungie obtained reasonable confirmation of that U.S. Defendant's identity (Jordan Miller a/k/a Jesse Watson a/k/a "Jessewatson3944") and address, it promptly filed a praecipe to issue summons on July 29, 2025. *See* Dkt. 118.

## II.  BUNGIE'S CONTINUED PROSECUTION OF THIS CASE

9.  Meanwhile, Bungie continued working on the Second Amended Complaint and its motion for leave to file that amendment.

10.  Bungie filed its Motion for Leave to File a Second Amended Complaint on August 14, 2025.

11.  Simultaneously, Bungie has continued to engage in settlement negotiations that have borne fruit in some instances and that are ongoing in other instances.

## III.  PRESENTLY IDENTIFIED POTENTIAL DEFENDANTS

12.  At present, Bungie has identified 43 individuals (including a small handful of entities) involved with the Ring-1 enterprise.

13.  Of these 43 individuals, three are, at present, completely anonymous to Bungie. Only their Telegram or Discord screen names are presently known, but based on Bungie's past experience, their co-conspirators are likely to provide additional information allowing Bungie to

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-MLP) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

unmask them soon. Nevertheless, Bungie seeks leave serve them via the online channels they use in commerce.

14. Of the 40 remaining individuals, Bungie has partial identifying information for 12 more, in the form of email addresses, social media presences, or in one case, a phone number. Bungie has determined that seven of these individuals may be located abroad in Israel, Romania, Brazil, France, Indonesia, Russia or Türkiye. Bungie believes it has sufficient information to seek alternative service on these individuals. The individuals in Indonesia, Brazil, and Turkey almost certainly have fraudulent addresses, as the accompanying Declaration of Kathryn Tewson describes at length.

15. Bungie has fully identified the remaining 38 individuals (some of whom were identified in the Amended Complaint). Bungie has already served five of these individuals (including one outside the United States), and another has waived service. Of these six defendants, two have defaulted. Bungie has also reached settlements with a handful of the remaining individuals.

16. This leaves seven fully identified Ring -1 participants who reside abroad. Bungie will need to obtain service on these individuals and entities pursuant to the Hague Service Convention. They reside in four countries: Canada, Germany, the U.K., and Ireland. In addition, some of the defendants for whom Bungie has partial identifying information sufficient for alternative service (as described above, in paragraph 14) reside in Isreal, Romania, Brazil, France, Indonesia, Russia or Türkiye.

### IV. HAGUE SERVICE CONSIDERATIONS

17. Service of a Complaint under the Hague convention requires translation of the Complaint and adherence to local service procedures. This can make Hague service expensive and time consuming.

18. In response to an inquiry from undersigned counsel, Bungie's Hague service contractor estimated that the costs associated with Hague service for a single complaint on these defendants could easily exceed $32,000. Moreover, Bungie's Hague service contractor has

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

provided an estimate of how long it will take to have the Amended Complaint or Second Amended Complaint translated into the necessary languages and served on defendants, which is set forth in the table below:

| Country | Translation and Service Time | Translation and Service Cost |
|---|---|---|
| Canada (Quebec) | A week to serve, and an additional week to obtain proof | $2,400 (service only) |
| Germany (Schleswig-Holstein) | "A few weeks", though times vary depending on the region. | $6,900-$7,900 (service, translation (est.) and printing/shipping costs, |
| Israel[1] | A week or two to receive a court appointment, a matter of days after that to effect service, and a few weeks after that for proof. | $2,600 (service, printing/shipping) |
| France | 4-5 months to obtain proof. The Central Authority in France can take quite some time. | $5,000-$6,000 (service, translation) |
| Romania | Hague Service is notoriously difficult in Romania. Six months to a year or more. | $1,600-$1,700 (service, translation if necessary, printing/shipping) |
| Russia[2] | A year or more, with Letters Rogatory being the only possibly available option at this moment in time and in this geopolitical climate. | $13,450-$14,450 (service, translation, State Department fees, printing/shipping) |
| U.K. | 2-3 weeks to an affidavit from a process server, several weeks for proof from Central Authority. Bungie would elect for the most expedient option available. | $2,000-$2,700 per defendant |
| Ireland | Service within a week or two, proof in a week or so thereafter. | $2,700 (service) |

19. Given the substantial expense and time involved in Hague service, Bungie is awaiting an order on its motion for leave to file a Second Amended Complaint. Once the Court rules on that motion, it will send the operative complaint out for translation and service for every

---

[1] The corporate defendant located in Israel has no physical location at which to serve it, and is subject to Bungie's Motion for Alternative Service.

[2] Service of process in Russia presents special problems. The Russian Federation declared the United States to be in violation of the Hague Convention in 2003 and suspended its cooperation with the United States. *Legal Considerations: International Judicial Assistance: Russia,* U.S. DEP'T OF STATE, http://travel.state.gov/content/travel/en/legal-considerations/judicial/country/russia-federation.html (last updated November 15, 2013), (follow "Service of Process" hyperlink).

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-MLP) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Hague service defendant for whom it does not ask the Court for alternative service relief in this Motion. It seemed prudent to undersigned counsel to make final amendments to the complaint before initiating Hague service so all facts in Bungie's knowledge could be pled, and Bungie would not incur the substantial fees for translation and Hague service twice.

20. Bungie is filing its motion for alternative service today, August 15th, to request relief so that it may serve those defendants known to it for whom it does not have a reliable address but does have reliable methods of communication.

21. Bungie's Hague service vendor has urged undersigned counsel to stress that his estimates are based on his experience, but that due to several factors,[3] the time to accomplish Hague service can be highly variable.

22. Bungie will commence Hague and alternative service immediately should leave to amend and to pursue alternative service be granted.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 15th day of August, 2025, at Thornton, Colorado.

*s/ Dylan Schmeyer*
DYLAN SCHMEYER

---

[3] Some of these factors are unique to the target jurisdiction. Others can depend on the locality (service in rural areas may take longer, for example).

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-MLP) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966