HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA FISHER; JACOB W. MAHURON A/K/A "PRAGMATICTAX"; JOSE DEJESUS A/K/A "DAVID HASTINGS" A/K/A "J3STER"; JORDAN MILLER A/K/A JESSE WATSON A/K/A "JESSEWATSON3944"; JOHN DOE NO. 1 A/K/A "CALC"; ANDREW THORPE A/K/A "CYPHER"; RYAN POWER AKA "KHALEESI"; JOHN DOE NO. 4 A/K/A "GOD"; JOHN DOE NO. 5 A/K/A "C52YOU"; JOHN DOE NO. 6 A/K/A "LELABOWERS74"; JOHN DOE NO. 7 A/K/A "FRAMEWORK"; KICHING KANG A/K/A "SEQUEL"; JOHN DOE NO. 9 A/K/A "1NVITUS"; JOHN DOE NO. 11 A/K/A "THEGUY"; CICERO LOUREIRO A/K/A "BEATRED"; JOHN DOE NO. 13 A/K/A "CM" A/K/A "COMMUNITYMODS"; ROBERT S. HERRITY A/K/A "MODDINGPALACE" A/K/A "ROB" A/K/A "PALACE"; DAVID BONAR MARPAUNG A/K/A "VINCENTPRICE"; SABEEN REHMAN SOOMRO A/K/A "ESSWAN"; JOHN DOE NO. 17 A/K/A "ADMIRAL"; JOHN DOE NO. 18 A/K/A "TOMDICKHARRY"; JOHN DOE NO. 20 A/K/A "STAYLOCKED"; TAYLOR KNETTER A/K/A "FIVE-STAR"; JOHN DOE NO. 22 A/K/A "HORROR"; JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO; JOHN DOE NO. 24 A/K/A MIHAI LUCIAN; NATHAN | Case No. 2:23-cv-01143-MLP<br><br>PROOF OF SERVICE PURSUANT TO ORDER GRANTING PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION FOR ALTERNATIVE SERVICE (DKT. 123) |

PROOF OF ALTERNATIVE SERVICE PURSUANT TO DKT. 123
(Case No. 2:23-cv-01143-MLP) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

| | |
|---|---|
| 1 | BERNARD A/K/A "DOVE"; JOHN DOE NO. 26 A/K/A "BLACKMAMBA"; JOHN DOE NO. 27 A/K/A "BILLNYE"; JOHN DOE NO. 28 A/K/A "BANEK192" A/KA/ "IVAN M. SERGEEVICH"; SHOPPY ECOMMERCE LTD. A/K/A SHOPPY.GG; FINN ALEXANDER GRIMPE A/K/A/ FINN GRIMPE A/K/A "FINNDEV"; JOHN DOES NO. 31-37 A/K/A DEVELOPER DOES; JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"; JOHN DOE NO. 39 A/K/A "BEATREAL"; JOHN DOE NO. 40 A/K/A MAKSIMKA NIKITIN; AND JOHN DOES NO. 41-50, |

Defendants.

I, Dylan Schmeyer, declare and state as follows:

1.  I am an attorney with Kamerman, Uncyk, Soniker & Klein, P.C., counsel to Plaintiff Bungie, Inc. in this action. I make this declaration based on my personal knowledge of the facts herein, and could and would testify to them competently if necessary.

2.  On August 20, 2025, the Court issued an order granting Plaintiff's Motion for Alternative Service (Dkt. 123) (hereafter referred to as "the Order"), authorizing Bungie to affect service by email, social media posts, and/or private message to social media platforms by all methods available for each of the following Defendants:

    a.    John Doe No. 5 a/k/a "C52YOU" ("C52YOU");

    b.    John Doe No. 9 a/k/a "1nvitus" ("1nvitus");

    c.    John Doe No. 11 a/k/a "TheGuy" ("TheGuy");

    d.    John Doe No. 12 a/k/a "Beatred" a/k/a Cicero Loureiro ("Beatred");

    e.    John Doe No. 13 a/k/a "CommunityMods" ("CommunityMods");

    f.    John Doe No. 15 a/k/a "VincentPrice" a/k/a David Bonar Marpaung ("VincentPrice");

    g.    John Doe No. 16 a/k/a "Esswan" a/k/a Sabeen Rehman Soomro ("Esswan");

    h.    John Doe No. 17 a/k/a "Admiral" ("Admiral");

PROOF OF ALTERNATIVE SERVICE PURSUANT TO DKT. 123
(Case No. 2:23-cv-01143-MLP) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

        i.      John Doe No. 24 a/k/a "Mihai Lucian" ("Mihai Lucian");

        j.      John Doe No. 26 a/k/a "BlackMamba";

        k.      John Doe No. 27 a/k/a "BillNye";

        l.      John Doe No. 28 a/k/a "Banek192" a/k/a Ivan M. Sergeevich ("Banek192");

        m.      John Doe No. 29 a/k/a Shoppy Ecommerce Ltd. ("Shoppy"); and

        n.      John Doe No. 40 a/k/a Maksimka Nikitin ("Maksimka Nikitin").

      3.      Eleven of the above Defendants were to be served with the Summons and Second Amended Complaint via email to the email addresses identified in Bungie's motion papers: Defendants "1nvitus", "TheGuy", "Beatred", "CommunityMods", "VincentPrice", "Esswan", Admiral, Mihai Lucian, "Banek192", Shoppy, and Maksimka Nikitin (hereafter, the "Email Service Defendants"). Additionally, Defendants "CommunityMods", "1nvitus", and "Beatred" would also be served by posting a link to the Summons and Second Amended Complaint in the Discord Servers identified in Bungie's motion papers (hereafter, the "Discord Service Defendants").

**A.    Email Service Defendants**

      4.      Pursuant to the Order, I emailed the Email Service Defendants at the email addresses identified in the Declaration of Kathryn Tewson filed in support of Bungie's Motion for Alternative Service (Dkt. 122) by attaching (a) the Summons, (b) the Second Amended Complaint, and (c) a copy of the Court's Order. Additionally, in the event the Defendants had email security programs that stripped or blocked email attachments, in the emails, we included Sharefile links for the Summons, Second Amended Complaint, and the Court's Order for each of the individual Email Service Defendants. Attached hereto as **Exhibits 1-11** are the true and correct copies of each of the emails I sent to the Email Service Defendants on August 29, 2025, along with their attachments.

      5.      As of the filing of this declaration, I have received three bounceback notifications. A bounceback notification is a message from the Simple Mail Transport Protocol ("SMTP")

PROOF OF ALTERNATIVE SERVICE PURSUANT TO DKT. 123
(Case No. 2:23-cv-01143-MLP) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

1  indicating that the email is undeliverable.

2        6.    Two of these bounceback notifications were generated by two of the three email
3  addresses identified as belonging to Maksimka Nikitin. However, the third email address,
4  maksimka.nikitin.07@list.ru, did not generate a bounceback notification. In my experience, this
5  indicates that delivery to this email address for Defendant Maksimka Nikitin was successful.
6  True and correct copies of the two bounceback notifications for two of the three email addresses
7  for Defendant Maksimka Nikitin are attached hereto as **Exhibit 13**

8        7.    The third bounceback notification was to Defendant Admiral at the address
9  admirallul@protonmail.com. A true and correct copy of the bounceback notification for the
10 email address for "Admiral" is attached hereto as **Exhibit 12**.

11       8.    Defendant Admiral's Discord account was also deleted. These are the only two
12 approved methods available to serve Admiral.

13       9.    Attached hereto as **Exhibit 15** is a true and correct copy of a search showing that
14 Admiral's Discord account has been deleted.

15       10.    However, evidence indicates that Admiral received the Summons, Second
16 Amended Complaint, and a copy of the Order even so. As noted above, in anticipation of
17 potential email security programs that strip or block attachments, we provided individual
18 Sharefile links for all fourteen Defendants to put in our alternative service email messages.
19 Therefore, in the event our attachments to the service emails were blocked or removed, these
20 Sharefile links can be clicked, and the individualized documents for each defendant can be
21 downloaded. Whenever the individualized Sharefile links are viewed, my office is notified.

22       11.    Despite the purported bounceback, Admiral's documents were accessed on
23 Sharefile on September 8, 2025, at 2:38 PM, from the IP address 72.153.153.77. Attached hereto
24 as **Exhibit 16** is a true and correct copy of the usage log created by Sharefile documenting this
25 access.

26       12.    Although the IP address 72.153.153.77 geolocates to San Francisco, CA, my
27 office used a tool called Spur to investigate further and discovered that this IP address is part of

PROOF OF ALTERNATIVE SERVICE PURSUANT TO DKT. 123
(Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

the Luminati Proxy pool of IP addresses. Attached hereto as **Exhibit 17** is a true and correct copy of the Spur report showing this association. Luminati Proxy, like other proxy services, allows users to "mask" their own IP addresses such that their activity appears to be originating from a different IP address than the one assigned to them by their ISP. The Luminati Proxy service has been previously observed by my office to be frequently used by the Ring -1 Enterprise.

13. The only source of the individualized Sharefile link pointing to Admiral's documents was the service email sent by my office to the email address associated with Admiral. This link was not published anywhere else or distributed by any other means. Therefore, the only way someone other than my office could have accessed this link is by receiving the service email by which it was conveyed to Admiral.

14. The IP address 72.153.153.77 is not associated with any member of my office.

15. Based on my experience, I believe the most likely explanation for the apparent disparity is that Admiral has configured their email client to deliver a bounceback message in response to all incoming mail, even that which was delivered successfully, to deceive the senders of these emails into believing that the email address was inoperative.

16. Because the Admiral service documents were demonstrably accessed by a user outside my office, and because the only source of the individualized Sharefile link to the Admiral service documents was the email by which that service was effected, it is virtually certain the Admiral service documents were accessed either by Admiral or by someone with whom Admiral shared the service email, thus demonstrating that Admiral has either actual or constructive notice of this lawsuit.

17. This conclusion is further bolstered by the deletion of Admiral's Discord account and the configuration of his email address to appear to outsiders to be inoperative.

18. However, if the Court determines that this is insufficient evidence of service on Admiral, as Bungie continues to investigate another avenue to serve this Defendant, it will file a request for an extension of the deadline to serve Admiral if that investigation is successful.

PROOF OF ALTERNATIVE SERVICE PURSUANT TO DKT. 123
(Case No. 2:23-cv-01143-MLP) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

**B.    Discord Service Defendants**

19. Further pursuant to the Order, I directed my office staff to post a link to (a) the Summons, (b) the Second Amended Complaint, and (c) a copy of the Court's Order to the Discord server for Defendant 1nvitus. Attached hereto as **Exhibit 14** is a true and correct copy of the content of the post we submitted on August 29, 2025 to that Discord.

20. However, with respect to Defendants CommunityMods and Beatred, both the administrators of the CommunityMods Discord server and Beatred Discord server recently changed the permission settings for posting in those servers such that they now require permission from an administrator, moderator, or other user who has been delegated authority to grant posting privileges to users. Absent such posting privileges, we are unable to effect service onto the Discord server itself for Defendants CommunityMods and Beatred as contemplated by Bungie's request in the Motion for Alternative Service.

21. The process of obtaining these privileges involves participating in a live voice interview with an agent of the Discord server. Based on my experience, I believe this requirement was introduced to restrict posting privileges in these Discord servers to those who are not adverse to these Defendants.

22. I believe it is virtually certain that I would be unable to obtain these posting permissions without making false statements about my identity and purpose within the prescribed interview and thereby violating Rules 4.1 ("Truthfulness in Statements to Others") and 4.3 ("Dealing with Unrepresented Persons") of the Colorado Rules of Professional Conduct, the contents of which are materially identical to the rules of the same number within the Washington Rules of Professional Conduct. Because I am unwilling to violate these ethical rules and would be unwilling to engage in such deceptive conduct even if the rules could somehow be construed to permit such conduct under these circumstances, I elected to forgo service via these Discord servers and instead rely on the email service authorized by the Court.

23. Therefore, we failed to successfully serve process in those Discords for Defendants CommunityMods and Beatred. However, for the sake of clarity, both

PROOF OF ALTERNATIVE SERVICE PURSUANT TO DKT. 123
(Case No. 2:23-cv-01143-MLP) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

CommunityMods and Beatred received emails that both (a) attached the Summons, Second Amended Complaint, and the Order and (b) included an individualized Sharefile link to those documents, and we did not receive any bounceback notifications for those Defendants. Therefore, despite the lack of success with service via Discord, the evidence indicates that service by email of Defendants CommunityMods and Beatred was successful.

24. We have made contact with an attorney for Defendant "C52You" and have handled the service question via a separate agreement.

**C.  Telegram Service Defendants**

25. The Order also permitted service via post in Telegram of BillNye, BlackMamba, and Banek192 (hereafter referred to collectively as the "Telegram Service Defendants").

26. While we had an email address available to serve Banek192 (and successfully completed email service), we had no such alternative method for Defendants BillNye and BlackMamba: Telegram service is the only method available to serve those two Defendants.

27. We have not been able to affect Telegram service of Defendants BillNye and BlackMamba as of yet for reasons beyond our immediate control, and have requested an extension in a separate filing, where we detail the specifics of that situation.

**D.  Summary of Successful Alternative Service**

28. To summarize, as described above, the following Defendants were successfully served by the method(s) noted:

   a. John Doe No. 9 a/k/a "1nvitus" – email (Exhibit 1) and Discord post (Exhibit 14);

   b. John Doe No. 11 a/k/a "TheGuy" – email (Exhibit 2);

   c. John Doe No. 12 a/k/a "Beatred" a/k/a Cicero Loureiro – email (Exhibit 3);

   d. John Doe No. 13 a/k/a "CommunityMods" – email (Exhibit 4);

   e. John Doe No. 15 a/k/a "VincentPrice" a/k/a David Bonar Marpaung – email (Exhibit 5);

PROOF OF ALTERNATIVE SERVICE PURSUANT TO DKT. 123
(Case No. 2:23-cv-01143-MLP) – 7

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

  f. John Doe No. 16 a/k/a "Esswan" a/k/a Sabeen Rehman Soomro – email (Exhibit 6);

  g. John Doe No. 17 a/k/a "Admiral" – accessed Sharefile link sent via email (Exhibit 7; Exhibit 16);

  h. John Doe No. 24 a/k/a "Mihai Lucian" – email (Exhibit 8);

  i. John Doe No. 28 a/k/a "Banek192" a/k/a Ivan M. Sergeevich – email (Exhibit 9);

  j. John Doe No. 29 a/k/a Shoppy Ecommerce Ltd. – email (Exhibit 10); and

  k. John Doe No. 40 a/k/a Maksimka Nikitin – email (Exhibit 11).

29. As noted above, Defendants BillNye and BlackMamba are to be served via Telegram but Bungie needs additional time to complete that service, and will file a motion for an extension of time to complete that service shortly after this declaration is filed.

30. With respect to John Doe No. 17 a/k/a "Admiral", because Admiral's individualized Sharefile link included in the service email was accessed, Bungie believes that service was ultimately successful. However, if that service is deemed insufficient, Bungie will seek leave to pursue another alternative method of service should it be able to do so.

31. As to John Doe No. 5 a/k/a "C52YOU", service has been addressed via an agreement with an attorney representing that Defendant.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 9th day of September, 2025, at Thornton, Colorado.

*s/ Dylan Schmeyer*
DYLAN SCHMEYER

(Case No. 2:23-cv-01143-MLP) – 8

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966