HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JOSHUA FISHER; JACOB W. MAHURON A/K/A "PRAGMATICTAX"; JOSE DEJESUS A/K/A "DAVID HASTINGS" A/K/A "J3STER"; JORDAN MILLER A/K/A JESSE WATSON A/K/A "JESSEWATSON3944"; JOHN DOE NO. 1 A/K/A "CALC"; ANDREW THORPE A/K/A "CYPHER"; RYAN POWER AKA "KHALEESI"; JOHN DOE NO. 4 A/K/A "GOD"; JOHN DOE NO. 5 A/K/A "C52YOU"; JOHN DOE NO. 6 A/K/A "LELABOWERS74"; JOHN DOE NO. 7 A/K/A "FRAMEWORK"; KICHING KANG A/K/A "SEQUEL"; JOHN DOE NO. 9 A/K/A "1NVITUS"; JOHN DOE NO. 11 A/K/A "THEGUY"; CICERO LOUREIRO A/K/A "BEATRED"; JOHN DOE NO. 13 A/K/A "CM" A/K/A "COMMUNITYMODS"; ROBERT S. HERRITY A/K/A "MODDINGPALACE" A/K/A "ROB" A/K/A "PALACE"; DAVID BONAR MARPAUNG A/K/A "VINCENTPRICE"; SABEEN REHMAN SOOMRO A/K/A "ESSWAN"; JOHN DOE NO. 17 A/K/A "ADMIRAL"; JOHN DOE NO. 18 A/K/A "TOMDICKHARRY"; JOHN DOE NO. 20 A/K/A "STAYLOCKED"; TAYLOR KNETTER A/K/A "FIVE-STAR"; JOHN DOE NO. 22 A/K/A "HORROR"; JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO; JOHN DOE NO. 24 A/K/A MIHAI LUCIAN; NATHAN | Case No. 2:23-cv-01143-MLP<br><br>PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION REQUESTING AN EXTENSION TO THE ALTERNATIVE SERVICE DEADLINE FOR TELEGRAM SERVICE<br><br>NOTE ON MOTION CALENDAR:<br>September 9, 2025 |

PLAINTIFF'S *EX PARTE* MOTION REQUESTING EXTENSION OF
ALTERNATIVE SERVICE DEADLINE FOR TELEGRAM SERVICE
(Case No. 2:23-cv-01143-MLP) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

| | |
|---|---|
| 1 | BERNARD A/K/A "DOVE"; JOHN DOE NO. 26 A/K/A "BLACKMAMBA"; JOHN DOE NO. 27 A/K/A "BILLNYE"; JOHN DOE NO. 28 A/K/A "BANEK192" A/KA/ "IVAN M. SERGEEVICH"; SHOPPY ECOMMERCE LTD. A/K/A SHOPPY.GG; FINN ALEXANDER GRIMPE A/K/A/ FINN GRIMPE A/K/A "FINNDEV"; JOHN DOES NO. 31-37 A/K/A DEVELOPER DOES; JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"; JOHN DOE NO. 39 A/K/A "BEATREAL"; JOHN DOE NO. 40 A/K/A MAKSIMKA NIKITIN; AND JOHN DOES NO. 41-50, |
| 8 | Defendants. |

Plaintiff Bungie, Inc. ("Bungie) hereby moves for a 45-day extension to the Court's alternative service deadline – set in the Court's August 20th Order (Dkt. 123) – to permit Bungie to serve Defendants John Doe No. 26 a/k/a "BlackMamba" and John Doe No. 27 a/k/a "BillNye" ("the Telegram Defendants") via Telegram, the only available method to serve these Defendants.

## I.    FACTUAL BACKGROUND

Bungie is the owner and developer of the massive multiplayer online video game shooter *Destiny 2*. Defendants develop, sell, market, and support cheat software targeted to attack *Destiny 2*. *See generally* Dkt. 124. On August 20, 2025, the Court granted Bungie's Motion for Alternative Service of 14 Defendants for whom Bungie was unable to identify contact information that would permit traditional service to be completed. *See* Dkt. 123. The Court authorized Bungie to utilize alternative means of service "by email, social media posts, and/or private message to social media platforms by all methods available". *Id*. Bungie has served 11 of those 14 Defendants and a 12th has been handled via separate agreement with counsel for that Defendant. Declaration of Dylan Schmeyer ¶ 4. The only two that remain are the Telegram Defendants, for whom Telegram is the only method of service available. *Id.* at ¶¶ 3, 6. The Court gave Bungie 14 days from the issuance of the last summons sought to effect alternative service. Dkt. 123 at 6. The final summons were issued on August 27. Dkt. 131.

However, Bungie has been thwarted in expediently serving the Telegram Defendants by

PLAINTIFF'S *EX PARTE* MOTION REQUESTING EXTENSION OF
ALTERNATIVE SERVICE DEADLINE FOR TELEGRAM SERVICE
(Case No. 2:23-cv-01143-MLP) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Telegram's own features. *See* Schmeyer Dec. ¶¶ 9-13. Bungie has been able to solve the problem but cannot finalize its service efforts in time. *Id.* at ¶¶ 18-19. Bungie can accomplish service of the Telegram Defendants but needs to appropriately set up and age a Telegram account to do so effectively. Schmeyer Dec. ¶ 19. Bungie seeks an extension of 45 days to serve the Telegram Defendants. This will be the only request for more time for the authorized service via Telegram—Telegram service will have either succeeded or failed by the end of the requested extension. *Id.* at ¶ 20.

## II.    LEGAL ARGUMENT

Under Rule 4(m), a court "must extend the time for service for an appropriate period" where the plaintiff shows good cause for an inability to serve a defendant within 90 days of filing the complaint. FED. R. CIV. P. 4(m). A district court must extend the time for service upon a showing of good cause. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). Even absent a showing of good cause, the court still has discretion to extend the time period. *Id*. (*citing Petrucelli v. Bohringer & Ratzinger*, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995)).

Bungie has identified and begun a solution that will see service by Telegram accomplished, or failed, within a few more weeks. It simply requires more time. Given that it has no alternatives to serve the Telegram Defendants but via Telegram, there is good cause to extend the service deadline so this authorized alternative service can be completed. Bungie believed that it could accomplish service via Telegram by the September 10th deadline; it was only after Bungie started moving forward with alternative service once the Court entered its Order that Bungie learned that Telegram service would take longer than expected.

Once the Court issued the final summons needed for Bungie's next steps for alternative service, Bungie's counsel began preparing to take action on alternative service the next day. Schmeyer Dec. ¶ 7. Part of these preparations involved addressing Telegram service and preparing to use that platform to serve the relevant Defendants. Unfortunately, it became apparent rather quickly that there were substantial obstacles, imposed by Telegram, that would render service more challenging than initially expected. Schmeyer Dec. ¶¶ 9-13. Bungie

PLAINTIFF'S *EX PARTE* MOTION REQUESTING EXTENSION OF
ALTERNATIVE SERVICE DEADLINE FOR TELEGRAM SERVICE
(Case No. 2:23-cv-01143-MLP) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

explored multiple vendors, from a process server to more technical and domain-specific experts, but on the truncated schedule available, no vendor could be secured for a reasonable cost or who could guarantee meeting the deadline of September 10th. Schmeyer Dec. ¶ 14. As a consequence, Bungie opted to perform Telegram service itself. *Id.*

As Telegram's security features can only be properly addressed with time and hardware, Bungie needs to create an account able to serve the two Telegram Defendants and "age" it—*i.e.*, let enough time pass so that the limitations imposed on new accounts expire and so the account is not flagged for suspicious activity because it is so newly created. Schmeyer Dec. ¶¶ 15-16. This is likely the only opportunity we have to serve the Telegram Defendants. Schmeyer Dec. ¶ 17. As such, this will be the one and only request for an extension to the deadline to complete service of the two Defendants via Telegram—Bungie's attempt at Telegram service will either succeed or fail by the end of the time requested. *Id.* at ¶ 20.

## III. CONCLUSION

Bungie therefore respectfully requests that the Court extend Bungie's deadline to serve the Defendants "BlackMamba" and "BillNye" via Telegram by 45 days from the date of the order on this Motion.

Dated this 9th day of September, 2025.          Respectfully submitted,

KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.

By: *s/ Dylan Schmeyer*
    Dylan M. Schmeyer (admitted *pro hac vice*)
    3598 E. 106th Ave
    Thornton, CO 80233
    Tel: (719) 930-5942
    Email: dschmeyer@kusklaw.com

*Attorneys for Plaintiff Bungie, Inc.*

FOCAL PLLC

By: *s/ Stacia N. Lay*
    Stacia N. Lay, WSBA #30594
    900 1st Avenue S., Suite 201
    Seattle, Washington 98134
    Tel: (206) 529-4827
    Fax: (206) 260-3966
    Email: stacia@focallaw.com

PLAINTIFF'S *EX PARTE* MOTION REQUESTING EXTENSION OF ALTERNATIVE SERVICE DEADLINE FOR TELEGRAM SERVICE (Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

## **WORD LIMIT CERTIFICATION**

I certify that this memorandum contains 841 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
Stacia N. Lay, WSBA #30594

PLAINTIFF'S *EX PARTE* MOTION REQUESTING EXTENSION OF ALTERNATIVE SERVICE DEADLINE FOR TELEGRAM SERVICE
(Case No. 2:23-cv-01143-MLP) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966