HONORABLE MICHELLE L. PETERSON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOSHUA FISHER; JACOB W. MAHURON A/K/A "PRAGMATICTAX"; JOSE DEJESUS A/K/A "DAVID HASTINGS" A/K/A "J3STER"; JORDAN MILLER A/K/A JESSE WATSON A/K/A "JESSEWATSON3944"; JOHN DOE NO. 1 A/K/A "CALC"; ANDREW THORPE A/K/A "CYPHER"; RYAN POWER AKA "KHALEESI"; JOHN DOE NO. 4 A/K/A "GOD"; JOHN DOE NO. 5 A/K/A "C52YOU"; JOHN DOE NO. 6 A/K/A "LELABOWERS74"; JOHN DOE NO. 7 A/K/A "FRAMEWORK"; KICHING KANG A/K/A "SEQUEL"; JOHN DOE NO. 9 A/K/A "1NVITUS"; JOHN DOE NO. 11 A/K/A "THEGUY"; CICERO LOUREIRO A/K/A "BEATRED"; JOHN DOE NO. 13 A/K/A "CM" A/K/A "COMMUNITYMODS"; ROBERT S. HERRITY A/K/A "MODDINGPALACE" A/K/A "ROB" A/K/A "PALACE"; DAVID BONAR MARPAUNG A/K/A "VINCENTPRICE"; SABEEN REHMAN SOOMRO A/K/A "ESSWAN"; JOHN DOE NO. 17 A/K/A "ADMIRAL"; JOHN DOE NO. 18 A/K/A "TOMDICKHARRY"; JOHN DOE NO. 20 A/K/A "STAYLOCKED"; TAYLOR KNETTER A/K/A "FIVE-STAR"; JOHN DOE NO. 22 A/K/A "HORROR"; JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO; JOHN DOE NO. 24 A/K/A MIHAI LUCIAN; NATHAN | Case No. 2:23-cv-01143-MLP<br><br>DECLARATION OF DYLAN M. SCHMEYER IN SUPPORT OF PLAINTIFF BUNGIE, INC.'S *EX PARTE* MOTION REQUESTING AN EXTENSION TO THE ALTERNATIVE SERVICE DEADLINE FOR TELEGRAM SERVICE<br><br>NOTE ON MOTION CALENDAR:<br>September 9, 2025 |

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-MLP) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

| | |
|---|---|
| 1 | BERNARD A/K/A "DOVE"; JOHN DOE NO. 26 A/K/A "BLACKMAMBA"; JOHN DOE NO. 27 A/K/A "BILLNYE"; JOHN DOE NO. 28 A/K/A "BANEK192" A/KA/ "IVAN M. SERGEEVICH"; SHOPPY ECOMMERCE LTD. A/K/A SHOPPY.GG; FINN ALEXANDER GRIMPE A/K/A/ FINN GRIMPE A/K/A "FINNDEV"; JOHN DOES NO. 31-37 A/K/A DEVELOPER DOES; JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"; JOHN DOE NO. 39 A/K/A "BEATREAL"; JOHN DOE NO. 40 A/K/A MAKSIMKA NIKITIN; AND JOHN DOES NO. 41-50, |

Defendants.

I, Dylan Schmeyer, declare and state as follows:

1. I am an attorney with Kamerman, Uncyk, Soniker & Klein, P.C., counsel to Plaintiff Bungie, Inc. in this action. I make this declaration based on my personal knowledge of the facts herein, and could and would testify to them competently if necessary.

2. On August 20, 2025, the Court issued an order granting Plaintiff's Motion for Alternative Service (Dkt. 123) (hereafter referred to as "the Order"), authorizing Bungie to affect service by email, social media posts, and/or private message to social media platforms by all methods available for each of the following Defendants:

    a. John Doe No. 5 a/k/a "C52YOU";

    b. John Doe No. 9 a/k/a "1vitus";

    c. John Doe No. 11 a/k/a "TheGuy";

    d. John Doe No. 12 a/k/a "Beatred" a/k/a Cicero Loureiro;

    e. John Doe No. 13 a/k/a "CommunityMods";

    f. John Doe No. 15 a/k/a "VincentPrice" a/k/a David Bonar Marpaung;

    g. John Doe No. 16 a/k/a "Esswan" a/k/a Sabeen Rehman Soomro;

    h. John Doe No. 17 a/k/a "Admiral";

    i. John Doe No. 24 a/k/a "Mihai Lucian";

    j. John Doe No. 26 a/k/a "BlackMamba";

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-MLP) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

        k.        John Doe No. 27 a/k/a "BillNye";

        l.        John Doe No. 28 a/k/a "Banek192" a/k/a Ivan M. Sergeevich;

        m.        John Doe No. 29 a/k/a Shoppy Ecommerce Ltd.; and

        n.        John Doe No. 40 a/k/a Maksimka Nikitin.

3.        As relevant to the present Motion, the only available method to serve Defendants John Doe No. 26 a/k/a "BlackMamba" ("BlackMamba") and John Doe No. 27 a/k/a "BillNye" ("BillNye") is via posts and private messages to the appropriate Telegram channels (hereafter, the "Telegram Defendants").

4.        The remaining 12 alternative service Defendants have either been served by methods approved in the Court's Order or service has been addressed via agreement with counsel for the relevant Defendant. Proof of this alternative service, along with additional information about Bungie's alternative service efforts, has been submitted in a separate filing.

5.        Bungie's choice to request multiple avenues of alternative service for every Defendant possible proved prescient. Various methods were thwarted, but because multiple methods of alternative service were identified, every alternative service Defendant apart from the Telegram Defendants has been served.

6.        Unfortunately, the Telegram Defendants have not been served because there are no email addresses, Discord accounts, or other avenues available to serve BlackMamba or BillNye. Telegram is the only approved method available to serve them and Bungie is unable to complete Telegram service by September 10, 2025, the current deadline.

7.        On August 26 and August 27, the Summons for all the Defendants contemplated by the Order were issued (Dkts. 129, 130, and 131). I began preparations to complete alternative service on August 28 with the goal of completing that service by August 29, 2025.

8.        My office and I were largely successful in accomplishing that goal. We served 10 of the 14 Defendants successfully on August 29. Additionally, we may have succeeded at serving Defendant John Doe No. 17 a/k/a "Admiral" as well.

9.        The preparation efforts during this time, however, revealed to us that Telegram

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-MLP) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

service was not going to be as simple to perform as we had expected.

10. Although Telegram is a social media platform and therefore supports the types of user actions necessary to effectuate alternative service such as public posts to channels, private messages to users, posting of links to external websites, and direct upload of files, it also includes many features designed to limit abuse of the platform, some of which are inherent to the platform and some of which are user-configurable. In accordance with standard industry anti-abuse practice, many of these features are not clearly articulated in public-facing documentation.

11. Telegram itself is not a subpoena-responsive organization, and it is likely that these security measures are intended not just to prevent "abuse" as that term is typically understood, but also to protect Telegram users from the very service of process contemplated by the Order. See a news article about this issue attached as **Exhibit 1**.

12. In consultation with experts within the field and in closing the last inch of the procedure necessary to effect service, my office learned of many of these non-public security measures for the first time. I subsequently concluded that service via Telegram would require several extra diligence steps to avoid being screened out via these automated security features.

13. In addition, although Bungie has no way of knowing for sure which, if any, of the user-configurable security features the Telegram Defendants have enabled, the Telegram Defendants' history of conduct up to this point suggests that it is highly likely that they will have enabled every option that does not inhibit their core business activities. Therefore, to maximize the likelihood of effective service, it is essential to proceed as though all available security measures have been enabled.

14. Upon realizing the extent of these concerns, I immediately began an exhaustive search for an appropriate specialist vendor to effectuate the Telegram service on Bungie's behalf on an extremely truncated timeframe, looking to still accomplish service by September 10. The field of such vendors is not broad; of the very small number of agencies I was able to identify, none were able to effectuate this service on a reasonable timeline for a practicable cost. I therefore concluded that the best option to effect this service would be to proceed in-house while

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-MLP) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

taking all possible steps to avoid being thwarted by Telegram's "anti-abuse" measures.

15. Because many social media platform abuse vectors exploit saturation attacks via hundreds or thousands of virtual accounts newly created via programmatic means, Telegram's automated security features severely limit the functionality of accounts which are not associated with a telephone number assigned to a physical telephone or other device or which are one of many such accounts associated with a single such telephone number. Therefore, for the greatest chance of success, this service must be accomplished via a Telegram account connected to a verified telephone number belonging to a physical phone, rather than a virtual telephone number such as those supplied by Google Voice, and which is not associated with other current or former Telegram accounts.

16. Because of the commonality of these abuse vectors, Telegram's automated security features also severely limit the functionality of newly-created accounts. Therefore, for the greatest chance of success, the account used to accomplish this service must be "aged," meaning that significant actual calendar time (weeks, not days) must have passed between the time the account is created and the time that service is attempted. Based on the information I obtained from my inquiries, I believe that for the greatest chance of success, this service must be accomplished by a Telegram account that is a minimum of thirty days old.

17. Based on my observations of the Telegram Defendants thus far, I believe it is highly likely that we will only have one opportunity to effect service on the Telegram Defendants. I anticipate that 45 additional days would constitute adequate time to procure the necessary equipment and age the account for the necessary period to maximize the likelihood that we will be able to effectuate the service of process contemplated by the Order. Given that we are likely to only have one opportunity to serve these Telegram Defendants before they take further action to obfuscate themselves, the most effective way that I can guarantee the appropriate care and attention to detail, as well as the appropriate caution, is utilized is to do it ourselves, as we did for the other Defendants who were served by alternative methods (*i.e.*, email and Discord posts).

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-MLP) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

18. On September 4, I took several first steps to begin this process and have every expectation that I will be able to serve the Telegram Defendants as soon as I can clear Telegram's verification hurdles and spam filters to do so.

19. However, I need more time to properly set up both the hardware and the Telegram account to do so. I am continuing to take these additional necessary steps so that we will be ready to proceed with service as soon as we can, should the Court grant us the requested extension.

20. I am comfortable that an additional 45 days will be enough time for me to either complete service on the Telegram Defendants or to report to the Court that service via Telegram of BillNye and BlackMamba has failed. This will be the only request for additional time for alternative service of the Telegram Defendants. If this fails, I have no alternative and am thus asking for the time I need to both make my best effort and to be able to try at all. Otherwise, I'll have to backburner these anonymous defendants until I can better identify them.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 9th day of September, 2025, at Thornton, Colorado.

*s/ Dylan Schmeyer*
DYLAN SCHMEYER

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-MLP) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966