UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

BUNGIE, INC.,
Plaintiff,

v.

JOSHUA FISHER, et al.
VINCENT MAGNY - Defendant (Pro Se).

Case No.: 2:23-cv-01143-TL



FILED
LODGED
RECEIVED

MAIL

NOV 07 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

---

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM IN SUPPORT

---

Defendant, Vincent Magny ("Defendant"), appearing pro se and respectfully without waiving any rights or objections, hereby moves this Court to dismiss the Complaint filed by Plaintiff Bungie, Inc. for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

### I. INTRODUCTION

With full respect to this Court and its process, the Defendant, a resident of Pont-Rouge, Quebec, Canada, does not recognize the personal jurisdiction of this Court over him. However, out of respect for due process, he files this Motion to Dismiss supported by applicable law and facts known to him.

### II. BACKGROUND

Defendant is a private individual residing in Pont-Rouge, Quebec, Canada. He has never resided in the United States, maintained property there, or engaged in ongoing commercial activity directed toward U.S. residents. He does not maintain a business presence, bank accounts, or agents in the State of Washington.

Furthermore, Defendant voluntarily ceased any and all involvement with any activities remotely connected to the allegations in this case as of June 2020, long before this lawsuit was initiated. Since that date, he has not engaged in any conduct directed toward the United States or its residents.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss for lack of personal jurisdiction. The plaintiff bears the burden of establishing that jurisdiction is proper. See *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The Due Process Clause of the Fourteenth Amendment limits the power of a court to exercise jurisdiction over a nonresident defendant. Jurisdiction is proper only where the defendant has established such minimum contacts with the forum that maintaining the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).Even if minimum contacts were established (which they are not), exercising jurisdiction would be unreasonable and would offend traditional notions of fair play and substantial justice. See *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987)

## IV. ARGUMENT

### A. The Defendant Lacks Minimum Contacts with Washington

To establish specific jurisdiction, the plaintiff must demonstrate that the defendant purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting activities there. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Defendant has not purposefully availed himself of the laws of Washington or any U.S. state. He resides entirely in Canada, and any alleged conduct occurred wholly outside the United States. His lack of physical presence or continuing connection with the forum precludes a finding of personal jurisdiction.

### B. The Alleged Conduct, If Any, Occurred Outside the Forum

Even if Bungie alleges harm in Washington, the Supreme Court has made clear that the plaintiff's contacts alone cannot establish jurisdiction over a foreign defendant. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Jurisdiction must arise from the defendant's own intentional acts directed at the forum, not from the plaintiff's location or perceived injury.

### C. Defendant's Cessation of Any Related Involvement Demonstrates Absence of Purposeful Availment

Defendant voluntarily ceased any involvement with matters possibly related to this action in or around June 2020, long before the filing of this complaint and without any notice of a pending dispute. This good-faith cessation further supports the absence of ongoing contacts required to assert jurisdiction under *Walden v. Fiore* and *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255 (2017).

### D. Precedent: *Bungie, Inc. v. Thorpe*, No. 21-cv-05677-EMC

In a similar action, a federal Court of North California dismissed claims against United Kingdom defendant Andrew Thorpe for lack of personal jurisdiction. The Court found insufficient evidence of purposeful availment and held that minimal online interactions were inadequate to establish jurisdictional grounds. This case mirrors those circumstances and warrants the same outcome.

## V. CONCLUSION

Defendant respectfully requests that this Court dismiss the Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), and grant such other and further relief as the Court deems just and proper. Defendant expressly reserves all other defenses.

Respectfully submitted this this _6_ day of _Novembre_, 2025.

---

**Vincent Magny**
69 rue du Jardin, Pont-Rouge, Quebec, Canada
Defendant (Pro Se)

**DECLARATION OF VINCENT MAGNY**

I, Vincent Magny, declare under penalty of perjury under the laws of the United States of America that:

1. I am a resident of Pont-Rouge, Quebec, Canada.
2. I have never resided in the United States, conducted business there, or directed activities toward that forum.
3. I voluntarily ceased any involvement with matters possibly related to this action in or around June 2020, without any notice or knowledge of any dispute or complaint from the Plaintiff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, executed on this 6 day of Novembre, 2025, in Pont-Rouge, Quebec, Canada.

**Vincent Magny, Defendant (Pro Se)**
**69 rue du Jardin, Pont-Rouge, Québec, Canada.**
vmagny1@gmail.com

69 DU JARDIN
PONT-ROUGE
G3H OC7
P. QUÉBEC
CANADA

CLERK of Court
U.S. District Court
Western District of Washington
700 Stewart Street, Suite 2310
Seattle, WA 98101-9906
USA

FILED ___ LODGED ___ RECEIVED ___ | MAIL |
NOV 07 2025
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

