HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOSHUA FISHER; JACOB W. MAHURON A/K/A "PRAGMATICTAX"; JOSE DEJESUS A/K/A "DAVID HASTINGS" A/K/A "J3STER"; JORDAN MILLER A/K/A JESSE WATSON A/K/A "JESSEWATSON3944"; JOHN DOE NO. 1 A/K/A "CALC"; ANDREW THORPE A/K/A "CYPHER"; RYAN POWER AKA "KHALEESI"; JOHN DOE NO. 4 A/K/A "GOD"; JOHN DOE NO. 5 A/K/A "C52YOU"; JOHN DOE NO. 6 A/K/A "LELABOWERS74"; JOHN DOE NO. 7 A/K/A "FRAMEWORK"; KICHING KANG A/K/A "SEQUEL"; JOHN DOE NO. 9 A/K/A "1NVITUS"; JOHN DOE NO. 11 A/K/A "THEGUY"; CICERO LOUREIRO A/K/A "BEATRED"; JOHN DOE NO. 13 A/K/A "CM" A/K/A "COMMUNITYMODS"; ROBERT S. HERRITY A/K/A "MODDINGPALACE" A/K/A "ROB" A/K/A "PALACE"; DAVID BONAR MARPAUNG A/K/A "VINCENTPRICE"; SABEEN REHMAN SOOMRO A/K/A "ESSWAN"; JOHN DOE NO. 17 A/K/A "ADMIRAL"; JOHN DOE NO. 18 A/K/A "TOMDICKHARRY"; JOHN DOE NO. 20 A/K/A "STAYLOCKED"; TAYLOR KNETTER A/K/A "FIVE-STAR"; JOHN DOE NO. 22 A/K/A "HORROR"; JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO; JOHN DOE NO. 24 A/K/A MIHAI LUCIAN; NATHAN | Case No. 2:23-cv-01143-TL<br><br>PLAINTIFF BUNGIE, INC.'S RESPONSE TO THE MOTION TO DISMISS OF DEFENDANT JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"<br><br>NOTE ON MOTION CALENDAR:<br>December 9, 2025 |

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT
JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"
(Case No. 2:23-cv-01143-TL) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

| | |
|---|---|
| 1 | BERNARD A/K/A "DOVE"; JOHN DOE NO. 26 A/K/A "BLACKMAMBA"; JOHN DOE NO. 27 A/K/A "BILLNYE"; JOHN DOE NO. 28 A/K/A "BANEK192" A/KA/ "IVAN M. SERGEEVICH"; SHOPPY ECOMMERCE LTD. A/K/A SHOPPY.GG; FINN ALEXANDER GRIMPE A/K/A/ FINN GRIMPE A/K/A "FINNDEV"; JOHN DOES NO. 31-37 A/K/A DEVELOPER DOES; JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"; JOHN DOE NO. 39 A/K/A "BEATREAL"; JOHN DOE NO. 40 A/K/A MAKSIMKA NIKITIN; AND JOHN DOES NO. 41-50, |

Defendants.

Defendant John Doe No. 38 a/k/a Vince Magny a/k/a "Frost" ("Defendant" or "Magny") moves to dismiss Plaintiff Bungie, Inc.'s Complaint, challenging only the Court's jurisdiction over him. That motion is meritless.[1] Indeed, Defendant expressly acknowledges his participation in the Ring -1 Enterprise, thereby confirming that the Court may exercise personal jurisdiction over him, consistent with due process, under the Washington long-arm statute or, alternatively, under the Federal long arm statute. Defendant's participation was not slight, ephemeral, or coincidental, but deep and material. And were that somehow not enough, Defendant expressly consented to jurisdiction in Washington for disputes between himself and Bungie as part of the Limited Software License Agreement he agreed to in order to play *Destiny 2*. The motion must therefore be denied.

## I. FACTUAL BACKGROUND

Defendant is an administrator, product manager, and tester for the Ring-1 Enterprise. Declaration of Kathryn Tewson ("Tewson Dec.") ¶¶ 9-11. He was an early member of the Enterprise, Tewson Dec. ¶ 9, and he was the owner and head administrator of the Ring-1 Discord Server through which the cheat was advertised, Tewson Dec. ¶ 10. In that capacity, he helped bring the *Destiny 2* Ring-1 cheat to market by beta-testing it as well as testing it on an

---

[1] Defendant did not confer with Bungie prior to filing his motion to dismiss, as required by the Court's rules. Given the evidence that he agreed to the LSLA, and the relevant law discussed herein, he likely would not have made the motion if he had met and conferred prior to filing.

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST" (Case No. 2:23-cv-01143-TL) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

ongoing basis. Tewson Dec. ¶ 12. Contrary to his claims to have ended his association with the Enterprise as of June 2020, Dkt. 144-1 at 1, 3, he was actively participating in and supporting the Ring-1 Enterprise through early 2021, Tewson Dec. ¶ 20 and Ex. 5, posting in the Ring-1 Discord Server for the last time on June 22, 2021, Tewson Dec. ¶ 20 and Ex. 5 at Row 1013. Throughout this time, he acted and spoke for the Enterprise, posting service updates and communicating with users about new products and features, as well as introducing new staff and providing support to customers. Tewson Dec. ¶ 12. There were some critical customer services within the Ring-1 Enterprise that **only** Magny could perform. Tewson Dec. ¶¶ 13-15.

Magny purchased *Destiny 2: Shadowkeep* on September 30, 2019, through his Steam account bearing the unique Steam ID 76561198009932392, created with the email address vmagny1@gmail.com (the "Magny Gmail Account"), and using the player name "Ykk" (the "MagnySteam Account") at 15:23:35 UTC from the IP address 162.156.216.207 (the "D2 Purchase IP Address"). Tewson Dec. Ex. 1. He paid for the game using his PayPal account, which included his full address: Vincent Magny, 69 rue du Jardin, Pont-Rouge QC CA G3H 0C7 (the "Magny PayPal Account"). *Id.* The Magny Steam Account is associated with a *Destiny 2* account bearing the unique Bungie ID 4611686018488552886 (the "Magny D2 Account"). Tewson Dec. Ex. 2. The Magny D2 Account used three separate player names: Ykk ("D2-Ykk"), AhhhOkName#1867 ("D2-AhhhOK"), and Frost#16997 ("D2-Frost"). *Id*.

Magny had another *Destiny 2* account bearing the unique Bungie ID 4611686018485495194, created with the Magny Gmail Account and using the player name MaGx (the "MaGx D2 Account"), Tewson Dec. Ex. 3, which logged into the *Destiny 2* servers for the first time on November 18, 2018, and 287 times thereafter, Tewson Dec. Ex. 4, until he was banned in May 2019 for cheating, Tewson Dec. Ex. 3. Magny logged into the *Destiny 2* servers with the Ring -1 Cheat running on his machine more than a dozen times in September and October 2019 alone. Tewson Dec. ¶ 18, Ex. 4. All told, between the Magny D2 Account and the MaGx D2 Account, Magny logged into the *Destiny 2* servers 484 times – including as recently as August 20, 2025, *id.*, far later than the June 2020 timeframe Magny cites for the

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT
JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"
(Case No. 2:23-cv-01143-TL) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

termination of his involvement. Dkt. 144-1 at 1-2.

All *Destiny 2* players are required to accept the Limited Software License Agreement (the "LSLA") before they are permitted to access the *Destiny 2* servers and play the game. Dkt. 124 at ¶ 164; *see also* Declaration of James Barker ("Barker Dec.") ¶ 3. When the LSLA is updated to include new conditions or terms, players must re-accept the updated LSLA at their next login to the game. *Id.* at ¶ 4. From March 2020 on, the LSLA included a forum selection clause which states that the user "consent[s] to the exclusive jurisdiction of the state and federal courts in King County, Washington." Barker Dec. Ex. 1. Before the player can proceed to log into the *Destiny 2* servers and play the game, they must affirmatively click a button indicating their acceptance of the LSLA, and this acceptance is via a long click – it takes several seconds of holding down their click button to finalize the acceptance, ensuring that any acceptance cannot be by accident. *Id.* at ¶¶ 6-7.

## II.   LEGAL ARGUMENT

**A.   Standard on a Motion to Dismiss for Lack of Jurisdiction.**

Under Rule 12(b)(2), the plaintiff bears the burden of establishing that personal jurisdiction is appropriate. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). When the Court decides a Rule 12(b)(2) motion without an evidentiary hearing, "the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (internal citations omitted). The Court may consider evidence outside the complaint, such as affidavits, declarations, and other submitted materials, on a Rule 12(b)(2) motion. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the parties' respective affidavits and/or declarations conflict, the Court must resolve all disputed facts in the plaintiff's favor. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST" (Case No. 2:23-cv-01143-TL) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

**B.    Exercise of Jurisdiction Over Defendant Under the State and Federal Long Arm Statutes Is Consistent with Due Process.**

As a foreign citizen sued on both Federal and State law claims, and for whom the relevant long-arm statutes allow the exercise of jurisdiction, Defendant is subject to this Court's specific jurisdiction because the claims against him arise out of conduct sufficiently connected to the forum to allow the exercise of jurisdiction consistent with due process. *See HDT Bio Corp. v. Emcure Pharms., Ltd.*, 704 F. Supp. 3d 1175, 1185 (W.D. Wash. 2023), *appeal dismissed*, No. 23-4396, 2024 WL 3153368 (9th Cir. May 29, 2024).

Washington's long arm statute allows for the exercise of jurisdiction consistent with due process. *Werner v. Werner*, 84 Wn.2d 360, 364 (1974) (long-arm jurisdiction extends "to the full extent allowed by due process except where limited by the terms of the statute"). The statute provides that a plaintiff may bring suit in Washington against a defendant who – like Magny – commits a tortious act that causes injury within Washington. *Grange Ins. Ass'n v. State*, 110 Wn.2d 752, 757 (1988) (*en banc*) (Washington Supreme Court "has held many times that when an injury occurs in Washington, it is an inseparable part of the 'tortious act' and that act is deemed to have occurred in this state for purposes of the long-arm statute."). Regardless, where there is no other basis to assert jurisdiction over Magny in Washington or any other state, the Federal long arm statute – Rule 4(k)(2) of the Federal Rules of Civil Procedure – provides the Court with jurisdiction over Magny on Bungie's Federal claims so long as the exercise of such jurisdiction is consistent with due process. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007) (Rule 4(k)(2) applies absent a concession by the defendant that it is subject to suit in some other state). Thus, the only question for the Court is whether exercising jurisdiction over Defendant is consistent with due process. It is.

To establish minimum contacts, Bungie need only show that Defendant "purposefully direct[ed] his activities or consummate[d] some transaction with the forum" and that the claim arises from those forum-related activities. *Schwarzenegger*, 374 F.3d at 802. Once Bungie does

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT
JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"
(Case No. 2:23-cv-01143-TL) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

so, the burden shifts to Defendant to provide a compelling argument that it would be unreasonable to exercise jurisdiction over him. *Id.*

Here, as established by the Complaint and the supporting declaration of James Barker, there should be no dispute that Magny had sufficient contacts with the state of Washington (and therefore the United States under Rule 4(k)(2)) to satisfy due process. To begin with, the claims against Magny arise out of his participation in the Ring-1 Enterprise, assisting it in its development of cheat software by, at the very least, testing that software during its development. Tewson Dec. ¶¶ 12, 18. Defendant notably admits his association with the Ring-1 Enterprise, claiming only that it has since ended. Dkt. 144-1 at 1, 3. That conduct involved, at a minimum, contracting with Bungie, a Washington business, in order to obtain access to *Destiny 2*, Barker Dec. ¶ 3, and then routinely and consistently interacting with Bungie's game each time he ran *Destiny 2* (and the cheat software) on behalf of the Ring-1 RICO Enterprise, Tewson Dec. ¶¶ 7, 18-19; circumventing Bungie's anti-cheat measures deployed, developed, and operated in Washington, Barker Dec. ¶ 8; beta-testing the cheat before it was offered for sale, Tewson Dec. ¶¶ 12, 16; and causing injury to Bungie in Washington, Barker Dec. ¶ 8. That is sufficient.

Indeed, Magny was well-aware that the Ring-1 cheat caused *Destiny 2* to crash and that he needed to work around Bungie's anticheat efforts. Tewson Dec. Ex. 5 at Row 319-333. When a *Destiny 2* game instance crashes because of reverse engineering or cheat software activities, it generates a crash report that is sent to Bungie's crash service ingestion and processed through Bungie's product security team. Barker Dec. ¶ 8. That work, along with all of Bungie's anticheat work, occurs in the Bungie studio in Washington. Barker Dec. ¶ 8. Magny thus had direct interaction with Washington based technology at Bungie's Washington place of business. *See, e.g., Microsoft Corp. v. Mountain W. Computers, Inc.*, No. C14-1772RSM, 2015 WL 4479490, *7 (W.D. Wash. July 22, 2015) (exercise of personal jurisdiction in Washington was consistent with due process where defendants accessed Microsoft servers in Washington, knowing Microsoft was located in Washington and that the

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT
JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"
(Case No. 2:23-cv-01143-TL) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

harm that Microsoft would suffer would be felt in Washington); *see also Briskin v. Shopify, Inc.,* 135 F.4th 739, 751-52 (9th Cir. 2025); *Doe v. Deutsche Lufthansa*, No. 24-2829, 2025 WL 3030423, *5 (9th Cir. Oct. 30, 2025); *Fintech Fund, FLP v. Horne*, 327 F. Supp. 3d 1007, 1022 (S.D. Tex. 2018) ("Purposefully accessing or targeting a company's server that is located in the forum can satisfy minimum contacts."), *aff'd sub nom. Fintech Fund, F.L.P. v. Horne*, 836 F. App'x 215 (5th Cir. 2020).

Indeed, though Defendant acknowledges that jurisdiction is appropriate if he "purposefully directed his activities at the forum state," he never denies doing just that; arguing only that he never "purposefully availed himself of the laws of Washington or any U.S. state." Dkt. 144-1 at 2. While purposeful availment and purposeful direction are often analyzed together, they are "two distinct concepts," with a purposeful availment analysis used most often in cases sounding in contract and a purposeful direction analysis used most often in cases sounding in tort. *Schwarzenegger*, 374 F.3d at 802. But the Ninth Circuit has recognized that there is not a "rigid dividing line" between the two concepts as they "simply frame [the court's] inquiry into the defendant's purposefulness vis-à-vis the forum state[.]" *Impossible Foods Inc. v. Impossible X LLC*, 80 F.4th 1079, 1088-89 (9th Cir. 2023) (internal quotation marks omitted). As Bungie has brought claims sounding in both tort and contract, this Court has personal jurisdiction over Magny if his "purposefulness" is established under either analysis. *See Deutsche Lufthansa*, 2025 WL 3030423 at *5 (noting that it is sufficient if "either the purposeful availment or purposeful direction test . . . or some combination thereof" is met).

Nor do the two cases Defendant relies on help him. First, Magny cites *Walden v. Fiore*, 571 U.S. 277 (2014), in which the Supreme Court held that the mere and fortuitous fact that the plaintiffs from whom the Georgia-based defendant in *Walden* had attempted to seize funds via an allegedly false probable cause affidavit were Nevada residents did not justify personal jurisdiction in Nevada. In *Walden*, the defendant's conduct had no connection to Nevada at all; he acted in Georgia, and had no interaction whatsoever with Nevada – and, critically, "never sent anything … to Nevada." *Id.* at 288-89. Thus, the Court distinguished *Walden* from its prior

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT
JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"
(Case No. 2:23-cv-01143-TL) – 7

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

decision in *Calder v. Jones*, 465 U.S. 783 (1984), in which it held that the defendants' conduct in Florida that deliberately targeted a California plaintiff, involved interactions with California, and injured that plaintiff in California were sufficient to support personal jurisdiction in California. *Walden*, 571 U.S. at 287, 290. Here, as in *Calder* (and unlike in *Walden*), it is not "mere injury to a forum resident," *Walden*, 571 U.S. at 290, that connects Defendant to Washington. Rather, Defendant's conduct involved contracting with a Washington entity, repeatedly connecting with, sending data to, and receiving data from that company's servers, developing, testing and deploying an illegal cheat that squarely, intentionally and expressly circumvented Bungie's anti-cheat efforts, and running the online hub for the Enterprise that engaged in conduct intended to harm that Washington entity. *Walden* has no application here.

The second case on which Defendant relies, *Bungie, Inc. v. Thorpe*, is if anything even less helpful to him. In *Thorpe* – which also arose out of the Ring-1 cheat software – Bungie sought a default judgment against a non-appearing English defendant who, the court found, acted as a website administrator and customer service representative. *Bungie, Inc. v. Thorpe*, No. 21-CV-05677-EMC, 2023 WL 2145522, *2 (N.D. Cal. Feb. 21, 2023). In ruling that Bungie had failed to establish personal jurisdiction over Thorpe, the Northern District of California found that Bungie had alleged only that *the Ring-1 Enterprise* had directed its activities to the jurisdiction, but had failed to allege any connection between Thorpe's personal conduct and the jurisdiction, or facts sufficient to hold Thorpe responsible for the overall conduct of the enterprise. *Id.* at *5-6. *Thorpe* is thus decidedly unhelpful to Defendant, for two reasons.

*First*, unlike in *Thorpe*, Bungie's allegations against Defendant here are based on *his* specific and personal conduct targeting the forum, not the conduct of the enterprise as a whole; indeed, Magny, under the username "Frost," was the creator, owner and maintainer of the official Ring-1 Discord Server through which the *Destiny 2* cheat was advertised, supported, and sold. Tewson Dec. ¶ 10. Magny also personally participated in the development of the *Destiny 2* cheat, beta-testing it months before it was available for sale to the public and

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT
JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"
(Case No. 2:23-cv-01143-TL) – 8

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

bragging to potential customers that "[w]e been working pretty hard and in the absolut [sic] secret on a brand new way to bypass all security" on the Ring-1 Discord Server. Tewson Dec. ¶ 12 and Ex. 5 at 348. The circumvention efforts Magny refers to in this plug directly targeted Bungie in Washington state. Barker Dec. ¶ 8. Magny also tested the *Destiny 2* cheat on an ongoing basis. Tewson Dec. ¶ 12. Magny performed a central and material role within the Ring-1 Enterprise; in December 2019, he stated in the Ring-1 Discord Server, "Im [sic] not coding anything, Im helping everything else that isn't coding :P so devs can focus on important stuff," Tewson Dec. ¶ 11, and there were functions critical to the Enterprise which only he could perform, such as the Hardware ID reset that let their customers continue to use the cheat after installing new hardware, Tewson Dec. ¶¶ 13-15.

*Second*, because in suggesting that the Ring -1 Enterprise as a whole had sufficiently targeted its activities at the United States to support the exercise of jurisdiction consistent with due process had Bungie been able to show that Thorpe was responsible for that conduct, *Thorpe*, 2023 WL 2145522 at *5. the *Thorpe* court confirmed that the type of conduct Defendant engaged in[2] is sufficient to render the exercise of jurisdiction over him reasonable and consistent with due process. Far from supporting dismissal, *Thorpe* reinforces what the Court should find here: that co-conspirators personally involved in the development or sale of cheat software targeting a U.S. (and Washington) entity's games are, by virtue of that conduct, subject to the jurisdiction of U.S. courts and specifically this Court.

C. **Defendant Accepted the LSLA, Which Includes a Forum Selection Clause, and Thereby Waived Any Defense Under FED. R. CIV. P. 12(b)(2).**

In any event, Magny is subject to jurisdiction because he agreed to jurisdiction in the LSLA. Lack of personal jurisdiction is a waivable defense, *Dow Chem. Co v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005), and forum selection clauses are presumptively valid, *MetroPCS Georgia, LLC v. Metro Dealer Inc.*, No. C18-1476-RAJ, 2019 WL 2409608, *4 (W.D. Wash.

---

[2] The conduct in question was participating in the development of cheat software designed to attack Bungie's games.

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT
JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"
(Case No. 2:23-cv-01143-TL) – 9

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

June 7, 2019) (*citing Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004). *See also Take-Two Interactive Software, Inc. v. Zipperer*, No. 18-cv-2608, 2018 WL 4347796, *3-6 (S.D.N.Y. Aug. 16, 2018) (holding that a forum selection clause in a video game licensing agreement was enforceable even though the defendant did not read the agreement); *Bungie, Inc. v. Aimjunkies.com*, No. C21-811 TSZ, 2022 WL 1239906, *5 (W.D. Wash. Apr. 27, 2022) (interpreting the same LSLA at issue here and finding that the forum selection clause within was sufficient to waive personal jurisdiction upon acceptance of the agreement); *Bungie, Inc. v. Aimjunkies.com*, No. 2:21-cv-00811 TSZ, 2022 U.S. Dist. LEXIS 148243, *2-3 (W.D. Wash. Aug. 18, 2022) ("*Aimjunkies II*") (finding that "by downloading, installing, playing, copying, or using Destiny 2, players accept the terms of Bungie's LSLA" and that evidence that defendants played *Destiny 2* was sufficient to make a prima facie showing of personal jurisdiction with respect to those defendants).

Magny downloaded, installed, and ultimately played *Destiny 2* on hundreds of separate occasions. Tewson Dec. Ex. 1. In order to play the game, Magny would have had to accept the LSLA and its forum selection clause by affirmatively clicking a button which advised him that "clicking to accept" would indicate his agreement to be bound by the LSLA. Barker Dec. ¶ 4.

Bungie has therefore made its prima facie showing that Magny accepted the LSLA along with its forum selection clause, *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 857 (9th Cir. 2022), and, in so doing, waived any defense under Fed. R. Civ. P. 12(b)(2), *Chan v. Society Expeditions, Inc.*, 39 F.3d 1398, 1406-07 (9th Cir. 1994). *Accord Aimjunkies II*, 2022 U.S. Dist. LEXIS 148243 at *2-3. As such, the Court unquestionably has personal jurisdiction over Magny.

## III.  CONCLUSION

For these reasons, Defendant's Motion to Dismiss should be denied.

//
//
//
//

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT
JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"
(Case No. 2:23-cv-01143-TL) – 10

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Dated this 2nd day of December, 2025.          Respectfully submitted,

KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.          FOCAL PLLC

By: *s/ Dylan Schmeyer*
   Dylan M. Schmeyer (admitted *pro hac vice*)
   3598 E. 106th Ave
   Thornton, CO 80233
   Tel: (719) 930-5942
   Email: dschmeyer@kusklaw.com

By: *s/ Stacia N. Lay*
   Stacia N. Lay, WSBA #30594
   900 1st Avenue S., Suite 201
   Seattle, Washington 98134
   Tel: (206) 529-4827
   Fax: (206) 260-3966
   Email: stacia@focallaw.com

*Attorneys for Plaintiff Bungie, Inc.*

## WORD LIMIT CERTIFICATION

I certify that this memorandum contains 3,189 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
   Stacia N. Lay, WSBA #30594

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST" (Case No. 2:23-cv-01143-TL) – 11

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

## **CERTIFICATE OF SERVICE**

I, Stacia N. Lay, hereby certify that on December 2, 2025, I caused a true and correct copy of the foregoing PLAINTIFF BUNGIE, INC.'S RESPONSE TO THE MOTION TO DISMISS OF DEFENDANT JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST" to be served upon Defendant John Doe No. 38 a/k/a Vince Magny a/k/a "Frost" via email pursuant to the agreement of the parties as follows:

Vincent Magny, Pro Se
69 rue du Jardin
Pont-Rouge, Quebec, Canada
Email: vmagny1@gmail.com

DATED: December 2, 2025

s/ *Stacia N. Lay*
STACIA N. LAY

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANT
JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"
(Case No. 2:23-cv-01143-TL) – 12

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966