HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BUNGIE, INC.,
Plaintiff,

v.

VINCENT MAGNY,
Defendant.

Case No. 2:21-cv-00574-TL

# DEFENDANT'S CONSOLIDATED AND REINFORCED REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (FRCP 12(b)(2))

Defendant, appearing pro se, respectfully submits this consolidated Reply in further support of his Motion to Dismiss for lack of personal jurisdiction. Plaintiff's Opposition (Dkt.152) and the Tewson Declaration (Dkt.153) fail to establish any defendant-specific, non-speculative, constitutionally sufficient minimum contacts with the State of Washington. Even accepting Plaintiff's allegations solely for jurisdictional analysis, nothing demonstrates that Defendant purposefully directed conduct toward Washington, targeted Washington residents, or created forum contacts, as required under Walden v. Fiore, 571 U.S. 277 (2014), and controlling Ninth Circuit precedent.

## I. PLAINTIFF HAS NOT ESTABLISHED PURPOSEFUL DIRECTION TOWARD WASHINGTON

Plaintiff improperly attempts to convert global online activity into Washington-directed conduct solely because Bungie is headquartered here—a theory expressly foreclosed by Walden. The Opposition identifies no communication with Washington residents, no contact with Bungie employees, no forum-targeted actions, no Washington transactions, no Washington-specific servers, and no evidence that Defendant even knew Bungie was

located in Washington. Global online activity does not constitute express aiming. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797 (9th Cir. 2004); Cybersell v. Cybersell, 130 F.3d 414 (9th Cir. 1997); Pebble Beach Co. v. Caddy, 453 F.3d 1151 (9th Cir. 2006); AMA Multimedia v. Wanat, 970 F.3d 1201 (9th Cir. 2020).
This Court reached the same conclusion in Bungie v. Thorpe (W.D. Wash. 2024).

## II. PLAINTIFF HAS NOT ESTABLISHED DEFENDANT-SPECIFIC IDENTITY OR ATTRIBUTION

The Tewson Declaration repeatedly asserts that "Defendant executed," "Defendant accessed," or "Defendant participated," yet Plaintiff provides no individualized attribution tying any action to Defendant. No IP correlation, no device identifiers, no hardware fingerprints, no geolocation data, no authenticated logs, no Discord subpoena, and no forensic evidence show that Defendant performed any of the acts alleged. The Ninth Circuit prohibits jurisdiction based on speculative attribution. Boschetto v. Hansing, 539 F.3d 1011, 1016–17 (9th Cir. 2008). Without attribution, there can be no forum contact, and without forum contact, no jurisdiction.

## II-A. PLAINTIFF MISCHARACTERIZES DISCORD MESSAGES AS "ADMISSIONS" WITHOUT AUTHENTICATION

Plaintiff treats Discord messages as Defendant's admissions, but Discord provides no identity verification, allows pseudonyms, account sharing, spoofing, VPN masking, and impersonation. Plaintiff presents no IP logs, device IDs, timestamps, or subpoena results tying Defendant to any Discord account. Under Fed. R. Evid. 901 and Swartz v. KPMG LLP, 476 F.3d 756 (9th Cir. 2007), unauthenticated online statements cannot be treated as admissions or evidence of conduct.

## II-B. PLAINTIFF MISREPRESENTS DEFENDANT'S PRIOR FILINGS; RULE 12(b)(2) MOTIONS DO NOT CONCEDE FACTS

Plaintiff improperly claims that Defendant "admitted" certain facts in prior filings. A Rule 12(b)(2) motion does not concede plaintiff's allegations; it assumes them hypothetically for analytical purposes only. Data Disc, Inc. v. Systems Tech. Assocs., 557 F.2d 1280, 1284-85 (9th Cir. 1977); Boschetto, 539 F.3d at 1015. Plaintiff's characterization is legally incorrect and should be disregarded.

Plaintiff further misstates Defendant's filings by suggesting that Defendant 'admitted' involvement ending in 2020. No such admission was made. Any reference to dates in prior briefing was presented solely in the context of a hypothetical jurisdictional argument and cannot be construed as acknowledging participation, wrongdoing, or authorship. Under Ninth Circuit law, hypothetical framing in a Rule 12(b)(2) motion is not an evidentiary concession and cannot supply Plaintiff with facts it has failed to prove.

## II-C. PLAINTIFF FAILS TO LINK DEFENDANT TO "FROST" DESPITE HAVING ACCOUNT DATA, IP RECORDS, OR PURCHASE HISTORY

Plaintiff conflates Defendant's legitimate Destiny 2 account information (billing records, email, gameplay history) with the pseudonymous identity "Frost," yet provides no admissible correlation. Plaintiff identifies no matching timestamps, no network correlation, no hardware IDs, no device telemetry, no Discord IP logs, and no metadata linking Defendant to "Frost."
Routine account ownership is not evidence of wrongdoing. IP addresses identify only networks—not persons—and cannot establish authorship or identity. Courts reject identity attribution based on IP alone. Without device-level forensic evidence, no statement or act attributed to "Frost" can be imputed to Defendant.

## III. THE TEWSON DECLARATION CONSISTS OF LEGAL CONCLUSIONS, NOT FACTS

Much of Dkt.153 improperly recites ultimate-issue conclusions rather than admissible evidence. Statements that Defendant "executed," "participated," or "assisted" are not factual observations and must be disregarded. Swartz, 476 F.3d at 766. Plaintiff cannot rely on argumentative narrative disguised as expert testimony.

## IV. PLAINTIFF HAS NOT PROVIDED FORENSIC EVIDENCE OF EXECUTION, CONTROL, OR KNOWLEDGE

Plaintiff provides no evidence that any file was executed, intentionally run, known to the user, or associated with a device owned or controlled by Defendant. File presence does not demonstrate conduct. Courts require process logs, execution traces, timestamps, metadata, device identifiers, and proof of control—none of which Plaintiff provides.

## IV-A. PLAINTIFF'S "FILE DETECTIONS" ARE SPECULATIVE AND CANNOT ESTABLISH VOLUNTARY EXECUTION OR INTENT

Files may be created automatically, deposited by malware, remnants of unrelated software, or placed without user knowledge. Plaintiff provides no provenance, no execution logs, no linking metadata, no proof that the files originated from Defendant's device, and no proof of voluntary interaction. Unverified digital artifacts cannot support jurisdiction or identity attribution.

## V. TEMPORAL DISCONTINUITY DEFEATS PLAINTIFF'S THEORY OF ONGOING INVOLVEMENT

Plaintiff attempts to connect alleged conduct ending in 2020 with an unrelated Destiny login in 2025. Courts reject such temporal bootstrapping. Boschetto, 539 F.3d at 1017. Walden also prohibits stitching together unrelated events across years to manufacture jurisdictional contacts.

## VI. PLAINTIFF FAILS TO ESTABLISH THAT CLAIMS ARISE FROM FORUM CONTACTS

Under Ford Motor Co. v. Montana, 141 S. Ct. 1017 (2021), Plaintiff must show that claims arise from or relate to Defendant's Washington contacts. The allegations concern Discord discussions and alleged file detections, none of which relate to Washington.

## VII. DISCORD PARTICIPATION DOES NOT CONSTITUTE "EXPRESS AIMING"

Discord is a global platform with automated routing; users cannot choose regional servers. Participation in an online community is not forum targeting. See Schwarzenegger; Cybersell; Wanat; Pebble Beach. Nothing indicates Defendant directed any communication toward Washington.

## VIII. THE LSLA/TSLA DOES NOT ESTABLISH PERSONAL JURISDICTION

Plaintiff has not authenticated assent to the LSLA/TSLA. Even if assent were proven, clickwrap agreements offered identically to millions worldwide do not constitute purposeful availment. Doe v. Unocal, 248 F.3d 915 (9th Cir. 2001); Herman v. Active Network, 2013 WL 12131724.
Furthermore, the claims do not arise from the LSLA/TSLA, and a contract cannot override constitutional limits. Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985). Nothing in the LSLA authorizes jurisdiction for Discord discussions or alleged third-party software.

## IX. PLAINTIFF'S RELIANCE ON 2025 ACTIVITY IS IRRELEVANT AND IMPROPER

Jurisdiction must be based on suit-related conduct at the time of the alleged wrongdoing. Later activity cannot retroactively create jurisdiction. Plaintiff's own logs show multiple temporal gaps and no continuity.

## X. RULE 4(k)(2) DOES NOT APPLY

Plaintiff fails to show targeting of the United States as a whole. Global internet activity is insufficient.

## XI. PLAINTIFF WAIVED JURISDICTIONAL DISCOVERY

Plaintiff did not request jurisdictional discovery in its Opposition. Such omissions constitute waiver. Discovery cannot be used to search for jurisdictional facts Plaintiff was required to present. Boschetto; Terracom; Laub. This Court denied discovery in Thorpe under similar circumstances.

## XII. PLAINTIFF HAS NOT SHOWN FORUM-SPECIFIC EFFECTS UNDER WALDEN

Claimed harm felt by Bungie in Washington does not create jurisdiction. Walden holds that a plaintiff's location is irrelevant unless the defendant intentionally targets the forum.

## XIII. GLOBAL PLATFORM ACTIVITY CANNOT CREATE WASHINGTON CONTACTS

Discord routing is automated and not user-directed. Plaintiff shows no Washington-focused communication. Cybersell, Schwarzenegger, and Wanat foreclose such theories.

## XIV. THE AIMJUNKIES LITIGATION CONFIRMS PLAINTIFF'S EVIDENCE IS INSUFFICIENT

In Bungie v. AimJunkies, liability required individualized, technical proof: code contributions, server operations, trafficking, reverse-engineering—none of which exist here. Discord messages, community presence, and unsupported inference were not sufficient there and are not sufficient here. AimJunkies confirms that speculation cannot substitute for evidence.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Grant the Motion to Dismiss under Rule 12(b)(2);

2. Dismiss all claims **with prejudice**;

3. Deny any form of jurisdictional discovery.

Respectfully submitted,
/s/ Vincent Magny
Defendant, Pro Se

69 Du Jardin
Pont-Rouge
P.Q. CANADA
G3H 0C7



FILED
LODGED
RECEIVED       MAIL

DEC 10 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                    DEPUTY

Clerk of Court
U.S. District Court
700 Stewart Street, Suite 2310
Seattle, WA 98101-9906
USA

