HONNORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BUNGIE, INC.,

Plaintiff,

v.

VINCENT MAGNY,

Defendant.

Case No. 2:21-cv-00574-TL

---

### DEFENDANT'S CORRECTED AND CONSOLIDATED REPLY

### IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### (FRCP 12(b)(2))

Defendant Vincent Magny, appearing *pro se*, respectfully submits this corrected Reply in support of his Motion to Dismiss for lack of personal jurisdiction. Plaintiff's Opposition (Dkt. 152) and the Tewson Declaration (Dkt. 153) fail to establish defendant-specific, non-speculative, constitutionally sufficient minimum contacts with the State of Washington.

Even assuming Plaintiff's allegations solely for purposes of jurisdictional analysis, Plaintiff has not shown that Defendant purposefully directed any conduct toward Washington, created forum-based contacts, or engaged in suit-related activity connected to the forum, as required by *Walden v. Fiore*, 571 U.S. 277 (2014), and controlling Ninth Circuit precedent.

### I. PLAINTIFF FAILS TO ESTABLISH PURPOSEFUL DIRECTION TOWARD WASHINGTON

Personal jurisdiction must arise from the defendant's own contacts with the forum state, not from the plaintiff's location or unilateral activities. *Walden*, 571 U.S. at 284–85. Plaintiff's theory rests entirely on the fact that Bungie is headquartered in Washington, not on any conduct by Defendant directed at Washington itself.

Plaintiff identifies no Washington-targeted communications, no transactions with Washington residents, no contact with Bungie employees in Washington, and no forum-specific conduct. Alleged online activity occurring on global platforms does not constitute "express aiming" at Washington. See *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 807 (9th Cir. 2004); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418–20 (9th Cir. 1997); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158–59 (9th Cir. 2006).

Under *Walden*, the plaintiff's residence or place of injury cannot substitute for defendant-created forum contacts. Plaintiff's jurisdictional theory is therefore constitutionally deficient.

## II. PLAINTIFF FAILS TO ESTABLISH DEFENDANT-SPECIFIC ATTRIBUTION

Plaintiff repeatedly asserts that "Defendant executed," "Defendant accessed," or "Defendant participated" in alleged conduct, yet provides no individualized evidence attributing any act to Defendant personally.

The record contains no device-level identifiers, hardware fingerprints, geolocation data, forensic execution logs, or subpoena-verified account attribution. Jurisdiction cannot rest on conjecture or unsupported inference. *Picot v. Weston*, 780 F.3d 1206, 1213–14 (9th Cir. 2015). Without defendant-specific attribution, Plaintiff fails to establish any forum contact at all.

## III. UNAUTHENTICATED ONLINE STATEMENTS CANNOT SUPPLY JURISDICTIONAL FACTS

Plaintiff relies heavily on purported Discord messages, yet offers no admissible evidence authenticating those statements or tying them to Defendant. Discord permits pseudonyms, account sharing, impersonation, VPN masking, and lacks inherent identity verification.

Under Federal Rule of Evidence 901(a), a party must produce evidence sufficient to support a finding that the item is what the proponent claims it is. Plaintiff presents no technical or forensic evidence authenticating authorship or control of any Discord account by Defendant. Unverified online statements cannot establish conduct, attribution, or jurisdictional contacts.

## IV. RULE 12(b)(2) ARGUMENTS DO NOT CONSTITUTE FACTUAL ADMISSIONS

Plaintiff mischaracterizes Defendant's prior jurisdictional arguments as "admissions." Any factual references in earlier filings were presented solely in hypothetical form for jurisdictional analysis and not as concessions of conduct, authorship, or liability.

A Rule 12(b)(2) motion tests whether Plaintiff has met its burden to establish jurisdiction; it does

not concede facts or supply evidence Plaintiff failed to produce. Hypothetical framing for jurisdictional purposes cannot be transformed into admissions of conduct, authorship, or liability.

### V. PLAINTIFF FAILS TO LINK DEFENDANT TO THE ALIAS "FROST"

Plaintiff attempts to conflate Defendant's legitimate Destiny 2 account information with the pseudonymous identity "Frost," yet offers no admissible evidence connecting the two.

There are no matching timestamps, no device-level correlations, no network telemetry, and no authenticated metadata linking Defendant to that alias. Account ownership alone does not establish identity, authorship, or wrongdoing. See *Picot*, 780 F.3d at 1214.

### VI. TEMPORAL DISCONTINUITY DEFEATS PLAINTIFF'S THEORY

Plaintiff improperly attempts to connect alleged conduct ending years earlier with unrelated later activity. Jurisdiction must be based on suit-related conduct connected to the forum at the relevant time. *Walden*, 571 U.S. at 290.

### VII. PLAINTIFF FAILS TO SHOW THAT CLAIMS ARISE FROM FORUM CONTACTS

Even if some generalized online activity occurred, Plaintiff fails to show that any claim arises out of or relates to Washington-based contacts, as required by *Ford Motor Co. v. Montana Eighth Judicial District Court*, 141 S. Ct. 1017, 1026 (2021).

Discord participation, global platforms, and alleged file detections do not establish any nexus with Washington.

### VIII. CONTRACTUAL TERMS DO NOT CREATE PERSONAL JURISDICTION

Plaintiff has not authenticated assent to any LSLA or TSLA. Even if assent were assumed, standardized clickwrap agreements offered globally do not, by themselves, constitute purposeful availment of a particular forum. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Moreover, Plaintiff's claims do not arise from any contractual terms, and private agreements cannot override constitutional limits on jurisdiction.

### IX. JURISDICTIONAL DISCOVERY IS UNWARRANTED

Plaintiff has not shown any basis for personal jurisdiction and is therefore not entitled to jurisdictional discovery. Plaintiff does not identify any specific jurisdictional facts that discovery would uncover, nor any evidence suggesting that Defendant created contacts with Washington.

Instead, any discovery would be aimed at searching retrospectively for facts that Plaintiff was required to present in its Opposition. Allowing discovery under these circumstances would improperly shift Plaintiff's burden and authorize a fishing expedition in the hope that jurisdictional facts might be found.

Because Plaintiff has already produced its available records and still cannot establish forum-based conduct, further discovery would not cure the jurisdictional defects. Discovery should therefore be denied.

## CONCLUSION

Plaintiff has failed to carry its burden to establish personal jurisdiction over Defendant. The record contains no defendant-created Washington contacts, no purposeful direction, and no constitutionally sufficient nexus between Defendant, the forum, and the claims.

Defendant respectfully requests that the Court:

1. Grant the Motion to Dismiss under Rule 12(b)(2);

2. Dismiss the claims for lack of personal jurisdiction;

3. Deny any request for jurisdictional discovery.

Respectfully submitted,

/s/ Vincent Magny
**Vincent Magny**
Defendant, *Pro Se*
Pont-Rouge, Québec, Canada



69 ou Jardin
Pont-Rouge
P.Q
canada.



Clerk of Court
U.S. District Court
Western District of Washington
700 Stewart Street, Suite 2310
Seattle, WA 98101-9906
USA