HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JOSHUA FISHER; JACOB W. MAHURON A/K/A "PRAGMATICTAX"; JOSE DEJESUS A/K/A "DAVID HASTINGS" A/K/A "J3STER"; JORDAN MILLER A/K/A JESSE WATSON A/K/A "JESSEWATSON3944"; JOHN DOE NO. 1 A/K/A "CALC"; ANDREW THORPE A/K/A "CYPHER"; RYAN POWER AKA "KHALEESI"; JOHN DOE NO. 4 A/K/A "GOD"; JOHN DOE NO. 5 A/K/A "C52YOU"; JOHN DOE NO. 6 A/K/A "LELABOWERS74"; JOHN DOE NO. 7 A/K/A "FRAMEWORK"; KICHING KANG A/K/A "SEQUEL"; JOHN DOE NO. 9 A/K/A "1NVITUS"; JOHN DOE NO. 11 A/K/A "THEGUY"; CICERO LOUREIRO A/K/A "BEATRED"; JOHN DOE NO. 13 A/K/A "CM" A/K/A "COMMUNITYMODS"; ROBERT S. HERRITY A/K/A "MODDINGPALACE" A/K/A "ROB" A/K/A "PALACE"; DAVID BONAR MARPAUNG A/K/A "VINCENTPRICE"; SABEEN REHMAN SOOMRO A/K/A "ESSWAN"; JOHN DOE NO. 17 A/K/A "ADMIRAL"; JOHN DOE NO. 18 A/K/A "TOMDICKHARRY"; JOHN DOE NO. 20 A/K/A "STAYLOCKED"; TAYLOR KNETTER A/K/A "FIVE-STAR"; JOHN DOE NO. 22 A/K/A "HORROR"; JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO; JOHN DOE NO. 24 A/K/A MIHAI LUCIAN; NATHAN | Case No. 2:23-cv-01143-TL<br><br>PLAINTIFF BUNGIE, INC.'S MOTION FOR ALTERNATIVE SERVICE FOR DEFENDANT ANDREW THORPE A/K/A "CYPHER"<br><br>NOTE ON MOTION CALENDAR:<br>March 13, 2026 |

PLAINTIFF BUNGIE, INC.'S MOTION FOR ALTERNATIVE SERVICE
FOR DEFENDANT ANDREW THORPE A/K/A "CYPHER"
(Case No. 2:23-cv-01143-TL) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | BERNARD A/K/A "DOVE"; JOHN DOE NO. 26 A/K/A "BLACKMAMBA"; JOHN DOE NO. 27 A/K/A "BILLNYE"; JOHN DOE NO. 28 A/K/A "BANEK192" A/KA/ "IVAN M. SERGEEVICH"; SHOPPY ECOMMERCE LTD. A/K/A SHOPPY.GG; FINN ALEXANDER GRIMPE A/K/A/ FINN GRIMPE A/K/A "FINNDEV"; JOHN DOES NO. 31-37 A/K/A DEVELOPER DOES; JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"; JOHN DOE NO. 39 A/K/A "BEATREAL"; JOHN DOE NO. 40 A/K/A MAKSIMKA NIKITIN; AND JOHN DOES NO. 41-50,<br><br>            Defendants. |

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Bungie, Inc. seeks leave to serve Defendant Andrew Thorpe a/k/a "Cypher" ("Defendant" or "Thorpe") via email on an account it is verified that he utilizes.

Bungie's request complies with Rule 4(f)(3) because using this method does not contravene any international agreement and is reasonably calculated to give notice to Defendant. Bungie had a physical address for Defendant and attempted proper Hague service only to discover that Defendant no longer resides at this prior residence. Having expended considerable effort and expense both to finding Defendant and to serving him, Bungie has good cause to serve him via email.

## FACTUAL BACKGROUND

### I.   BUNGIE AND DEFENDANTS' CHEAT SOFTWARE

Bungie owns the video game franchise "*Destiny*", including *Destiny 2*. Bungie has sued the Ring-1 Enterprise, a conglomerate that sells illegal *Destiny 2* cheats. *See generally* Dkt. 124. Bungie had identified an address in the United Kingdon for Defendant Andrew Thorpe that it deemed credible, but service failed, as Thorpe turned out to no longer live at that address. *See* Declaration of Dylan Schmeyer ¶ 4. Forced to conduct electronic service, Bungie has identified an avenue of service reasonably calculated to give Defendant notice, namely service by email. *See* Declaration of Kathryn Tewson ¶¶ 6-8, Ex. 1.

PLAINTIFF BUNGIE, INC.'S MOTION FOR ALTERNATIVE SERVICE
FOR DEFENDANT ANDREW THORPE A/K/A "CYPHER"
(Case No. 2:23-cv-01143-TL) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

## II. BUNGIE FOUND AN ADDRESS TO SERVE THORPE BUT ATTEMPTED SERVICE AT THIS ADDRESS FAILED

During its investigation, Bungie determined an authentic physical address for Thorpe. Tewson Dec. ¶¶ 4-5. Bungie attempted service under the Hague Convention at this address. Tewson Dec. ¶ 5. Service failed, as the residents claimed that Thorpe no longer resided at that location. Tewson Dec. ¶ 5; *see also* Schmeyer Dec. ¶ 4. Bungie has exhausted its investigative leads for now, and would require further investigation and discovery, possibly Rule 26 discovery, to generate more leads. Schmeyer Dec. ¶ 6.

## III. BUNGIE CAN SERVE THORPE VIA ELECTRONIC MEANS

If granted this relief, Bungie can serve Thorpe. Hague service was unsuccessful – there is no guarantee that Bungie will be able to find a better address. Should the Court grant this Motion, Bungie will immediately commence service via electronic means, and proceed forward with its omnibus motion for default judgment when all defendants have either appeared or defaulted. *See* Schmeyer Dec. ¶ 7. Defendant Joshua Fisher remains the only outstanding Defendant requiring service under the Hague Convention, and Bungie is working on getting him served. Schmeyer Dec. ¶ 5. Getting Thorpe and Fisher served will bring a close to this stage of the case. Schmeyer Dec. ¶ 7. Bungie knows that the email address it has for Thorpe is good, as Thorpe sent them a relatively spirited refusal of a Rule 4 waiver request from it. *See* Tewson Dec. ¶ 6.

## LEGAL ARGUMENT

Litigants normally serve foreign defendants via the Hague Service Convention. FED. R. CIV. P. 4(f). However, Rule 4(f)(3) gives courts discretion to allow alternative service on foreign parties if the proposed method of service is not prohibited by an international agreement and satisfies constitutional due process standards. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015-16 (9th Cir. 2002). Service under Rule 4(f)(3) is an independent and equally favored mechanism for service and does not require exhaustion of other methods of service. *Id*. Serving Thorpe by email satisfies both elements. The Hague Service Convention

PLAINTIFF BUNGIE, INC.'S MOTION FOR ALTERNATIVE SERVICE FOR DEFENDANT ANDREW THORPE A/K/A "CYPHER" (Case No. 2:23-cv-01143-TL) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

does "not apply where the address of the person to be served with the document is not known." *Convention Done at the Hague Nov. 15, 1965*; Article 1, T.I.A.S. No. 6638 (Feb. 10, 1969), available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17.

A Court may consider the delay and expense of other forms of service, such as service under the Hague Convention, in deciding whether to authorize alternative service under Rule 4(f)(3). *Affinity Labs of Texas, LLC v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, *3 (W.D. Tex. July 2, 2014). Bungie has spent considerable time and resources in identifying an address for Thorpe and attempting service on him under the Hague Convention. Further investigation to identify another address for him would cause considerable delay and cost significant resources. Schmeyer Dec. ¶ 6. Bungie is attempting to finalize service across the entirety of this case, which includes 40 defendants. This will enable it to progress to resolution of this case targeting the entirety of the known Ring-1 Enterprise, whether through litigation for defendants who appear and answer, settlement, or default judgments. Identifying these defendants and attempting to serve them has required considerable time and resources. Conducting further investigation to identify a second address for Thorpe and, assuming such an address can be identified, arranging for Hague service will only add to the cost in time and resources. Moreover, electronic service is just as reasonably calculated to provide notice to Defendant of this litigation as Hague service. This is particularly true where electronic service for a large number of Defendants was recently successful. *See* Dkt. 134.

  A. **Alternative Service of This International Defendant Does Not Contravene International Agreements.**

Thorpe is located in the United Kingdom. Tewson Dec. ¶ 5. There is no international agreement prohibiting service by email. *See Boston Glob. Constr. Co. v. Rahim*, No. 4:22-cv-05855-YGR, 2023 U.S. Dist. LEXIS 247243, *4-7 (N.D. Cal. Dec. 4, 2023) (finding that service by email upon a citizen of the United Kingdom was not prohibited by international agreement and was reasonably calculated to provide notice).

As an initial matter, the Hague Convention does not apply where a defendant's address is

PLAINTIFF BUNGIE, INC.'S MOTION FOR ALTERNATIVE SERVICE FOR DEFENDANT ANDREW THORPE A/K/A "CYPHER" (Case No. 2:23-cv-01143-TL) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

unknown. *See* Hague Service Convention, Article I, *supra*. Generally, "if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so," courts will conclude that the address is unknown. *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1390-91 (S.D.N.Y. 2022) (internal quotation marks omitted).

Bungie's extensive investigative efforts have been described in past filings, and included tracking participants' conduct across the web, social media, online communities, and the Bitcoin blockchain. *See* Dkt. 122. These are the methods that Bungie utilized to identify every defendant in this litigation that it has been able to identify, and are the methods it utilized to track Thorpe to an address. Following this Court's grant of alternative service relief against defendants that were still anonymous and this Court's allowance of Bungie to amend its complaint, Bungie attempted to serve Thorpe. Schmeyer Dec. ¶ 4. Bungie's Hague Service vendor informed Bungie that this service failed, as Thorpe no longer resided at the address Bungie identified for him – he has since moved, and Bungie does not know where. *Id*. With this Defendant again in the physical wind, Bungie does not have, and cannot expediently find, a reliable address for Thorpe. Schmeyer Dec. ¶ 6. This Defendant has taken similar steps as the other Defendants Bungie has been working to identify to hide their activities and obfuscate their addresses. *Id*. Bungie does not know where traditional service could be effectively made on Thorpe right now. Therefore, the Hague Convention does not apply to him.

**B.    Service by Email Meets the Due Process Standard.**

Service meets the due process standard if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties*, 284 F.3d at 1016-17 (internal quotation marks omitted). The Ninth Circuit has held that service on foreign defendants by email satisfies due process and Rule 4(f)(3) where they cannot be reached by other means or their addresses are unknown. *Id*. at 1017-18. *See also Assef v. Doe*, No. 15-cv-01960-MEJ, 2016 U.S. Dist. LEXIS 41597, *11 (N.D. Cal. Mar. 28, 2016) (authorizing service by email). Bungie cannot communicate with Thorpe except via the email address it has identified. Schmeyer Dec. ¶ 6.

PLAINTIFF BUNGIE, INC.'S MOTION FOR ALTERNATIVE SERVICE
FOR DEFENDANT ANDREW THORPE A/K/A "CYPHER"
(Case No. 2:23-cv-01143-TL) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

This method is the "most likely to reach" a foreign party with no U.S. address and who only provided an email for contact information. *Rio Properties*, 284 F.3d at 1017-18 (where defendant only does business online without physical presence, and primarily over email, email communication is reasonably calculated to provide notice). Similarly, the court allowed email service on defendants in China because "Defendants' address is unknown but active email addresses are available and that email reasonably is calculated to provide Defendants notice of the lawsuit and comport with due process." *Will Co. v. Lee*, No. C20-5802 BHS, 2021 U.S. Dist. LEXIS 15621, *3-4 (W.D. Wash. Jan. 27, 2021) (noting that plaintiff sent messages to the email addresses and the emails "did not bounce back"). Thorpe's own conduct demonstrates that his email address is a viable way of contacting him. Tewson Dec. ¶ 6; *see also* Schmeyer Dec. ¶ 7.

Other decisions have found email service permissible where, as here, the plaintiff "has [unsuccessfully] made a reasonable effort to locate a physical address for service." *See, e.g., Word Ape, LLC v. Pawico*, No. 2:20-cv-01768-DWC, 2021 U.S. Dist. LEXIS 37825, *8-9 (W.D. Wash. Jan. 4, 2021); *see also Amazon.com Inc. v. Sirowl Tech.*, No. 2:20-cv-01217-RSL-JRC, 2020 U.S. Dist. LEXIS 228235, *7-8 (W.D. Wash. Dec. 4, 2020) (authorizing email service because plaintiffs could not obtain a valid physical address for defendants who conduct business through the internet).

Here, Bungie has searched publicly available information and used other investigative tools, in addition to its investigative expertise, but has been unable to locate a new physical address for Thorpe. Schmeyer Dec. ¶ 6. The email address for Thorpe is the best method available to effect service. Bungie has no other methods available. *See Rio Properties*, 284 F.3d at 1018 (noting that, "when faced with an international ebusiness scofflaw, . . . email may be the only means of effecting service of process"). Service by email for Thorpe comports with due process, the same way it has for the other Defendants this Court has allowed Bungie to serve electronically.

Even if Bungie expended significantly more time and resources to uncover an additional address for Thorpe, there is no guarantee that it would be able to do so, and the effort required

PLAINTIFF BUNGIE, INC.'S MOTION FOR ALTERNATIVE SERVICE
FOR DEFENDANT ANDREW THORPE A/K/A "CYPHER"
(Case No. 2:23-cv-01143-TL) – 6

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

would be significant, involving more investigation time and probably more third-party discovery. Bungie has expended considerable time and resources thus far, and desires to finalize its service efforts so it can move forward with this litigation. Defendant should not be allowed to duck accountability for his actions by diligently masking his physical address.

## CONCLUSION

Bungie respectfully requests that the Court authorize Bungie to serve Defendant Thorpe with the Summons and Second Amended Complaint via email to spikethorpe5@googlemail.com.

Dated this 20th day of February, 2026.

Respectfully submitted,

KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.

By: *s/ Dylan M. Schmeyer*
  Dylan M. Schmeyer (admitted *pro hac vice*)
  3598 E. 106th Ave
  Thornton, CO 80233
  Tel: (719) 930-5942
  Email: dschmeyer@kusklaw.com

*Attorneys for Plaintiff Bungie, Inc.*

FOCAL PLLC

By: *s/ Stacia N. Lay*
  Stacia N. Lay, WSBA #30594
  900 1st Avenue S., Suite 201
  Seattle, Washington 98134
  Tel: (206) 529-4827
  Fax: (206) 260-3966
  Email: stacia@focallaw.com

## WORD LIMIT CERTIFICATION

I certify that this memorandum contains 1,744 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
  Stacia N. Lay, WSBA #30594

PLAINTIFF BUNGIE, INC.'S MOTION FOR ALTERNATIVE SERVICE FOR DEFENDANT ANDREW THORPE A/K/A "CYPHER" (Case No. 2:23-cv-01143-TL) – 7

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

# CERTIFICATE OF SERVICE

I, Stacia N. Lay, hereby certify that on February 20, 2026, I caused a true and correct copy of the foregoing PLAINTIFF BUNGIE, INC.'S MOTION FOR ALTERNATIVE SERVICE FOR DEFENDANT ANDREW THORPE A/K/A "CYPHER" to be served upon Defendant John Doe No. 38 a/k/a Vince Magny a/k/a "Frost" via email pursuant to the agreement of the parties as follows:

> Vincent Magny, Pro Se
> 69 rue du Jardin
> Pont-Rouge, Quebec, Canada
> Email: vmagny1@gmail.com

DATED: February 20, 2026

s/ <i>Stacia N. Lay</i><br>
STACIA N. LAY

PLAINTIFF BUNGIE, INC.'S MOTION FOR ALTERNATIVE SERVICE
FOR DEFENDANT ANDREW THORPE A/K/A "CYPHER"
(Case No. 2:23-cv-01143-TL) – 8

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966