# EXHIBIT 1

Case 2:23-cv-01143-TL    Document 173-1    Filed 02/20/26    Page 1 of 3

# UNITED STATES DISTRICT COURT
for the Western District of Washington

| | |
|---|---|
| BUNGIE, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>JOSHUA FISHER, et al.,<br><br>  Defendants. | Civil Action No.: 2:23-cv-01143-MLP |

**Witness Statement of Attempted Service in accordance with
sub paragraph (b) of the first paragraph of article 5, Hague Convention
on the Service Abroad of Judicial and
Extrajudicial Documents In Civil or Commercial Matters**

I, **GAVIN ORSBORNE**, Process Server, acting under the instructions of Across The Pond Process Service, of Moorside, Moor Lane, Menston, LS29 6AS, England, say as follows:

1. In the matters detailed below I was acting as agent for Graham Henry Bridgman, a Solicitor of the Senior Courts of England and Wales, who was in turn acting at the direction of the Central Authority of England and Wales.

2. In this witness statement I refer to the following documents issued in this matter, or in relation to service in accordance with the Service Convention, as "the Service Documents":

    - Hague Service Convention Warning and Hague Service Convention Summary of the Document to be Served;
    - Summons in a Civil Action;
    - Second Amended Complaint.

3. On Tuesday the 21st day of October 2025 I received instructions from Across The Pond Process Service to attempt to serve ANDREW THORPE, named in the proceedings as "Andrew Thorpe a/k/a "Cypher"", one of the within named Defendants, with the Service Documents at 4 Clarence Road, Flat 2, Bridlington, YO15 2RA, England, hereafter "the Service Address".

4. I first attended at the Service Address during the evening of Thursday the 23rd day of October, 2025, where I found number 4 Clarence Road to be a three-storey terraced house split into two flats, opposite the town bus station, in the heart of an area of short term rapid-turnover lets.

5. The curtains on the two upper front windows (both belonging to flat 2) were drawn tightly shut. The communal front door was not shutting properly and I was able to gain access to the front doors of the two flats. There were no answers from either flat.

6. I returned to the Service Address at noon on Friday the 24th day of October 2025, with similar results: closed curtains to flat 2 and no answer from either flat.

7. I spoke to neighbours in numbers 2 and 6 over both visits. Neither was able to help, not recognizing the name Andrew Thorpe. I left a note at number 4, flat 2, asking the occupants to call me. I never received a call back in response.

8. I attended again at 3.20 pm on Tuesday the 28th day of October 2025, and this time I spoke to the occupants of flat 1, by the names of Mike and Tracy. I asked if they knew an Andrew Thorpe in flat 2.

9. Their initial reaction was to say that Andrew Thorpe was a previous tenant who left some considerable time ago, with bailiffs chasing him. However, they also said that flat 2 is occupied by an older couple by the names of Cat and Andy, surnames unknown. On reflection, they were not sure whether the Andy in flat 2 might be Andrew Thorpe or not.

10. A check on credit reference agency information relating to the Service address had revealed not a single record of an Andrew Thorpe connected to the address, past or present. Being rented accommodation, one would expect multiple credit reference agency records of any and all tenants, past and present.

11. I returned to the property at 6pm the same day. There was still no answer from flat 2. I looked into the mail box that belongs to flat 2 and managed to see freshly delivered mail addressed to one Andrew Hemingway.

12. Service on Andrew Thorpe at the Service Address was therefore impossible.

13. Service has been attempted, as directed by the requesting authority, in accordance with a method prescribed by the internal law of England and Wales and thus in accordance with sub paragraph (b) of the first paragraph of article 5, Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters.

**ADDITIONAL COMMENTS**

I certify that I am over the age of 18 and not a party to or interested in the above action. I have proper authority in the jurisdiction in which this service was attempted.

**STATEMENT OF TRUTH**

I believe that the facts stated in this witness statement are true. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

**Dated:** 29th October 2025

**Signed:** _____
GAVIN ORSBORNE