HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BUNGIE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA FISHER; JACOB W. MAHURON A/K/A "PRAGMATICTAX"; JOSE DEJESUS A/K/A "DAVID HASTINGS" A/K/A "J3STER"; JORDAN MILLER A/K/A JESSE WATSON A/K/A "JESSEWATSON3944"; JOHN DOE NO. 1 A/K/A "CALC"; ANDREW THORPE A/K/A "CYPHER"; RYAN POWER AKA "KHALEESI"; JOHN DOE NO. 4 A/K/A "GOD"; JOHN DOE NO. 5 A/K/A "C52YOU"; JOHN DOE NO. 6 A/K/A "LELABOWERS74"; JOHN DOE NO. 7 A/K/A "FRAMEWORK"; KICHING KANG A/K/A "SEQUEL"; JOHN DOE NO. 9 A/K/A "1NVITUS"; JOHN DOE NO. 11 A/K/A "THEGUY"; CICERO LOUREIRO A/K/A "BEATRED"; JOHN DOE NO. 13 A/K/A "CM" A/K/A "COMMUNITYMODS"; ROBERT S. HERRITY A/K/A "MODDINGPALACE" A/K/A "ROB" A/K/A "PALACE"; DAVID BONAR MARPAUNG A/K/A "VINCENTPRICE"; SABEEN REHMAN SOOMRO A/K/A "ESSWAN"; JOHN DOE NO. 17 A/K/A "ADMIRAL"; JOHN DOE NO. 18 A/K/A "TOMDICKHARRY"; JOHN DOE NO. 20 A/K/A "STAYLOCKED"; TAYLOR KNETTER A/K/A "FIVE-STAR"; JOHN DOE NO. 22 A/K/A "HORROR"; JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO; JOHN DOE NO. 24 A/K/A MIHAI LUCIAN; NATHAN | Case No. 2:23-cv-01143-TL<br><br>RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT FINN ALEXANDER GRIMPE A/K/A FINN GRIMPE A/K/A "FINNDEV"<br><br>NOTE ON MOTION CALENDAR:<br>March 10, 2026 |

RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST
DEFENDANT FINN ALEXANDER GRIMPE
(Case No. 2:23-cv-01143-TL) – 1

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

| | |
|---|---|
| 1 | BERNARD A/K/A "DOVE"; JOHN DOE NO. 26 A/K/A "BLACKMAMBA"; JOHN DOE NO. 27 A/K/A "BILLNYE"; JOHN DOE NO. 28 A/K/A "BANEK192" A/KA/ "IVAN M. SERGEEVICH"; SHOPPY ECOMMERCE LTD. A/K/A SHOPPY.GG; FINN ALEXANDER GRIMPE A/K/A/ FINN GRIMPE A/K/A "FINNDEV"; JOHN DOES NO. 31-37 A/K/A DEVELOPER DOES; JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"; JOHN DOE NO. 39 A/K/A "BEATREAL"; JOHN DOE NO. 40 A/K/A MAKSIMKA NIKITIN; AND JOHN DOES NO. 41-50, |
| | Defendants. |

Pursuant to FED. R. CIV. P. 55(a) and Local Civil Rule 55(a), Plaintiff Bungie, Inc. hereby renews its request that the Clerk enter the default of Defendant Finn Alexander Grimpe a/k/a Finn Grimpe a/k/a FinnDev ("Grimpe"). As described herein and in the Declaration of Dylan Schmeyer filed in support of this Motion, Bungie served Grimpe with the Summons and Second Amended Complaint in this action in a manner that comports with FED. R. CIV. P. 4, the Hague Convention on Service of Process, and Local Civil Rule 55(a). *See* Dkt. 170 at 2.

## I.  FACTUAL BACKGROUND

The Second Amended Complaint in this action – the currently operative complaint – was filed on August 21, 2025. *See* Dkt. 124. Bungie proceeded to serve identified foreign defendants, for whom it had addresses, under the Hague Convention for Foreign Service (the "Convention"), including Defendant Grimpe. *See* Dkt. 163 at ¶ 2; Declaration of Dylan Schmeyer ("Schmeyer Dec.") ¶ 3. Bungie retained the services of a third-party firm to effect service on Grimpe as well as the other Hague Defendants. *Id* at ¶¶ 4-5.

Service was to be effected on Defendant Grimpe via a request to the German Central Authority pursuant to Article 5 of the Convention. *Id.* at ¶ 5. The request, including the documents to be served (i.e., the Summons and Second Amended Complaint), were delivered to the German Central Authority in October 2025. *Id.* at ¶ 6. Defendant Grimpe was then served with the Summons and Second Amended Complaint via service under the Convention on December 19, 2025. *Id* at ¶ 8; *see also* Dkt. 162. The proof of service signed and stamped by

RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST
DEFENDANT FINN ALEXANDER GRIMPE
(Case No. 2:23-cv-01143-TL) – 2

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

the judicial authority of the District Court in the relevant jurisdiction and attesting that the service was made on Defendant Grimpe in accordance with the provisions of sub-paragraph (a) of the first paragraph of Article 5 of the Convention (the "Certificate"), was filed on February 12, 2026. Schmeyer Dec. ¶ 9 and Ex. 5; Dkt. 162.

Grimpe has not answered, appeared, nor responded in this action. Per FED. R. CIV. P. 12(a)(1)(A)(i) and the Summons served on him (along with the Second Amended Complaint), he had 21 days, or until January 9, 2026, to respond in this action. Two months has passed since that deadline, but Grimpe has not appeared or otherwise responded in this action. As a result, Grimpe is in default.

## II.    ARGUMENT

The Hague Convention specifies the conditions under which service of a German national can be made properly and lawfully. Schmeyer Dec. ¶¶ 3, 5. Article 6 of the Convention articulates the acceptable form the service certificate may use. Specifically, Article 6 states in relevant part:

> The Central Authority of the State addressed or any authority which it may have designated for that purpose, shall complete a certificate in the form of the model annexed to the present Convention. The certificate shall state that the document has been served and shall include the method, the place and the date of service and the person to whom the document was delivered.

*Id.* at ¶ 7.

Bungie, via its agent, provided a Request for Service Abroad with copies of the documents to be served (i.e., the Summons and Second Amended Complaint) to the German Central Authority. *Id.* at ¶¶ 4-6. The Certificate returned to Bungie by the German Central Authority in response to that request is signed and stamped with the judicial seal of the Elmshorn District Court as the judicial authority with jurisdiction over Defendant Grimpe, *id.* at ¶ 9 and Ex. 5, and attests that service was made on Defendant Grimpe "in accordance with the provisions of sub-paragraph a) of the first paragraph of article 5 of the Convention," *id.* Accordingly, the Certificate is prima facie proof of effective service under United States law. The court in *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*

RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST
DEFENDANT FINN ALEXANDER GRIMPE
(Case No. 2:23-cv-01143-TL) – 3

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

specifically addressed the sufficiency of certificates such as that issued by the German Central Authority:

> The Convention . . . reserves to the Central Authority the right to object to documents if they do not comply with the Convention. By not objecting to the documents and by certifying service the Central Authority indicated that the documents complied with the Convention and that it had served them in compliance with the Convention, i.e., that it had made service as Spanish law required. We decline to look behind the certificate of service to adjudicate the issues of Spanish procedural law . . . . We therefore hold that Northrup King presented a prima facie case that process had been served upon COPSA in Spain in accordance with the Hague Convention."

51 F. 3d 1383, 1390 (8th Cir. 1995).

Although the form and format of the certificate may differ depending on the authority which issues and certifies it, the certification that service was made in accordance with the Convention is sufficient to establish the prima facie case. *See, e.g.*, *Theodorakis v. DFINITY Stiftung*, No. 23-CV-02280-AMO, 2024 WL 1892289, *2 (N.D. Cal. Apr. 30, 2024) (concluding that the certificate "stamped by the Swiss agency is prima facie evidence that the summons was served in conformity with the Hague Convention, and thus Rule 4" and citing *Northrup King*); *Hubei Gezhouba Sanlian Indus. Co. v. Robinson Helicopter Co.*, No. 2:06-CV-01798-FMCSSX, 2009 WL 2190187, *4 (C.D. Cal. July 22, 2009), *aff'd*, 425 F. App'x 580 (9th Cir. 2011).

Moreover, even if the certificate were found to be defective (or even were it absent), Defendant Grimpe is on actual notice of the existence of this suit and the claims Bungie has asserted against him. Schmeyer Dec. ¶¶ 11-12. "[C]ourts have found that service of process was properly perfected under the Hague Convention, notwithstanding the failure of the Central Authority to return a Certificate when the plaintiff attempts in good faith to comply with the Hague Convention and the defendant had sufficient notice that no injustice would result." *Box v. Dallas Mexican Consulate Gen.*, 487 F. App'x 880, 886 (5th Cir. 2012) (internal quotations omitted). However, here, Bungie has both a Certificate issued by the appropriate German authority attesting to service of the documents included in Bungie's request for service (i.e., the

RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST
DEFENDANT FINN ALEXANDER GRIMPE
(Case No. 2:23-cv-01143-TL) – 4

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Summons and Second Amended Complaint) and actual notice to Grimpe as evidenced by the exchange regarding Bungie's Rule 4 waiver request.

### III.     CONCLUSION

Based on these facts, pursuant to Fed. R. Civ. P. 55(a) and Local Civil Rule 55(a), because it has been shown that Defendant Grimpe (1) was served with the Summons and Second Amended Complaint in a manner that comports with Rule 4 and the Hague Convention, and (2) has failed to timely plead or otherwise defend in this action, default should be entered against that Defendant. Bungie therefore respectfully requests that the Clerk enter Defendant Grimpe's default.

Dated this 10th day of March, 2026.                Respectfully submitted,

KAMERMAN, UNCYK, SONIKER & KLEIN, P.C.

By: *s/ Dylan Schmeyer*
    Dylan M. Schmeyer (admitted *pro hac vice*)
    3598 E. 106th Ave
    Thornton, CO 80233
    Tel: (719) 930-5942
    Email: dschmeyer@kusklaw.com

FOCAL PLLC

By: *s/ Stacia N. Lay*
    Stacia N. Lay, WSBA #30594
    900 1st Avenue S., Suite 201
    Seattle, Washington 98134
    Tel: (206) 529-4827
    Fax: (206) 260-3966
    Email: stacia@focallaw.com

*Attorneys for Plaintiff Bungie, Inc.*

### **WORD LIMIT CERTIFICATION**

I certify that this memorandum contains 1,125 words, in compliance with the Local Civil Rules.

By: *s/ Stacia N. Lay*
    Stacia N. Lay, WSBA #30594

RENEWED MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT FINN ALEXANDER GRIMPE
(Case No. 2:23-cv-01143-TL) – 5

focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966