1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE, INC., a Delaware corporation,

    Plaintiff,

v.

JOSHUA FISHER; JACOB W. MAHURON A/K/A "PRAGMATICTAX"; JOSE DEJESUS A/K/A "DAVID HASTINGS" A/K/A "J3STER"; JORDAN MILLER A/K/A JESSE WATSON A/K/A "JESSEWATSON3944"; JOHN DOE NO. 1 A/K/A "CALC"; ANDREW THORPE A/K/A "CYPHER"; RYAN POWER AKA "KHALEESI"; JOHN DOE NO. 4 A/K/A "GOD"; JOHN DOE NO. 5 A/K/A "C52YOU"; JOHN DOE NO. 6 A/K/A "LELABOWERS74"; JOHN DOE NO. 7 A/K/A "FRAMEWORK"; KICHING KANG A/K/A "SEQUEL"; JOHN DOE NO. 9 A/K/A "1NVITUS"; JOHN DOE NO. 11 A/K/A "THEGUY"; CICERO LOUREIRO A/K/A "BEATRED"; JOHN DOE NO. 13 A/K/A "CM" A/K/A "COMMUNITYMODS"; ROBERT S. HERRITY A/K/A "MODDINGPALACE" A/K/A "ROB" A/K/A "PALACE"; DAVID BONAR MARPAUNG A/K/A "VINCENTPRICE"; SABEEN REHMAN SOOMRO A/K/A "ESSWAN"; JOHN DOE NO. 17 A/K/A "ADMIRAL"; JOHN DOE NO. 18 A/K/A "TOMDICKHARRY"; JOHN DOE NO. 20 A/K/A "STAYLOCKED"; TAYLOR KNETTER A/K/A "FIVE-STAR"; JOHN DOE NO. 22 A/K/A "HORROR"; JOHN DOE NO. 23 A/K/A ELITECHEATZ.CO; JOHN DOE NO. 24 A/K/A MIHAI LUCIAN; NATHAN

Case No. 2:23-cv-01143-TL

DECLARATION OF DYLAN SCHMEYER IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR ENTRY OF CLERK'S DEFAULT AGAINST DEFENDANT FINN ALEXANDER GRIMPE A/K/A FINN GRIMPE A/K/A "FINNDEV"

NOTE ON MOTION CALENDAR:
March 10, 2026

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-TL) – 1

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

BERNARD A/K/A "DOVE"; JOHN DOE NO. 26 A/K/A "BLACKMAMBA"; JOHN DOE NO. 27 A/K/A "BILLNYE"; JOHN DOE NO. 28 A/K/A "BANEK192" A/KA/ "IVAN M. SERGEEVICH"; SHOPPY ECOMMERCE LTD. A/K/A SHOPPY.GG; FINN ALEXANDER GRIMPE A/K/A/ FINN GRIMPE A/K/A "FINNDEV"; JOHN DOES NO. 31-37 A/K/A DEVELOPER DOES; JOHN DOE NO. 38 A/K/A VINCE MAGNY A/K/A "FROST"; JOHN DOE NO. 39 A/K/A "BEATREAL"; JOHN DOE NO. 40 A/K/A MAKSIMKA NIKITIN; AND JOHN DOES NO. 41-50,

        Defendants.

I, Dylan Schmeyer, declare and state as follows:

1.      I am an attorney with Kamerman, Uncyk, Soniker & Klein, P.C., counsel to Plaintiff Bungie, Inc. ("Bungie") in this action. I make this declaration based on my personal knowledge of the facts herein, and could and would testify to them competently if necessary.

2.      I am submitting this declaration in support of Bungie's Renewed Motion for Entry of Clerk's Default against Defendant Finn Alexander Grimpe a/k/a "Finndev" a/k/a Finn Grimpe filed in response to the Court's Minute Order of February 19, 2026, *see* Dkt. 170.

3.      As Defendant Grimpe is a citizen and resident of Germany, service upon him had to be accomplished in accordance with the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters (the "Convention"). *See* United States Department of State, *Germany Judicial Assistance Information* (November 13, 2015), https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Germany.html under "Service of Process" ("Germany is a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters. … Requests should be completed in duplicate and submitted with two sets of the documents to be served, and translations, directly to Germany's Central Authority for the Hague Service Convention. The person in the United States executing the request form should be either an attorney or clerk of court."); *see also* Hague Conference on Private International Law,

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-TL) – 2

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

1  *Germany - Central Authority & practical information* (September 8, 2025),

2  https://www.hcch.net/index.cfm?oldlang=en&act=authorities.details&aid=257 ("The Central

3  Authorities are empowered to execute requests for service directly by postal channels if the

4  conditions for service in accordance with Article 5(1)(a) of the Convention have been

5  fulfilled.").

6        4.      My firm engaged Viking Advocates, LLC ("Viking") to effect translation and

7  service of the Summons and Second Amended Complaint on Mr. Grimpe, as well as Hague

8  service on the other identified and located foreign Defendants. Attached hereto as **Exhibit 1** is a

9  true and correct copy of the fully executed engagement agreement with Viking.

10       5.      This engagement agreement specified that service on Defendant Grimpe would be

11 effected via a Request to the Central Authority pursuant to Article 5 of the Convention. **Id.** at 1

12 ("Certain countries, including Germany, object to Article 10 generally, so only the Central

13 Authority method is valid."), 3 (stating for Germany: "SOLE Method: Request to Central

14 Authority, pursuant to Article 5").

15       6.      On October 23, 2025, we received confirmation from Blake Thomas at Viking

16 that the documents – the Request and documents to be served (i.e., the Summons and Second

17 Amended Complaint) – had been delivered to the German Central Authority by FedEx and a

18 copy of the proof of delivery receipt itself. Attached hereto as **Exhibits 2 and 3** are the cover

19 email from Mr. Thomas and the proof of delivery, respectively.

20       7.      Article 6 of the Convention stipulates that "The Central Authority of the State

21 addressed or any authority which it may have designated for that purpose, shall complete a

22 certificate in the form of the model annexed to the present Convention. The certificate shall state

23 that the document has been served and shall include the method, the place and the date of service

24 and the person to whom the document was delivered. If the document has not been served, the

25 certificate shall set out the reasons which have prevented service." Convention of 15 November

26 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial

27 Matters art. 6, available online at https://www.hcch.net/en/instruments/conventions/full-

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-TL) – 3

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

text/?cid=17.

8.    On February 11, 2026, we received proof of service of the Summons and Second Amended Complaint on Defendant Finn Grimpe in the form of the certificate described in Article 6 of the Convention and used by the German Central Authority (the "Certificate") from Sarah Ginther at Viking. The Certificate attested to service of the Summons and Second Amended Complaint on Defendant Grimpe on December 19, 2025. Attached hereto as **Exhibits 4 and 5** are the cover email from Ms. Ginther and the Certificate, respectively.

9.    The Certificate is in three languages: German, English, and French. The meaning of the text is identical in all three languages. The English language text on the Certificate reads, in relevant part:

> The undersigned authority has the honour to certify, in conformity with article 6 of the Convention, . . . that the document has been served [on] the (date) [December 19, 2025] . . . at (place, street, number) 25335 Elmshorn, Geelbeksdamm 56 . . . in one of the following methods autohorised [sic] by article 5: . . . in accordance with the provisions of sub-paragraph a) of the first paragraph of article 5 of the Convention[.]

**Exhibit 5** at 1. The Certificate is signed, stamped with "Amtsgericht Elmshorn" ("Elmshorn District Court"), and dated January 13, 2026. *Id.* The accompanying Request for Service Abroad of Judicial or Extrajudicial Documents also identifies the documents served, including the Summons and Second Amended Complaint. *Id.* at 2.

10.    This is the full extent of proof of service Bungie was afforded by the German government, and there is not, to my knowledge, any lawful mechanism to obtain additional or different proof, absent instruments like a Rule 4 waiver.

11.    Bungie did deliver a Rule 4 waiver request to Defendant Grimpe by email on January 15, 2025 at 9:00 AM Pacific Time, but received no response from Defendant Grimpe directly. A true and correct copy of the Rule 4 waiver request delivered to Defendant Grimpe, without the attachments, is attached hereto as **Exhibit 6.**

12.    Although Defendant Grimpe did not respond personally to the Rule 4 waiver request, my office did receive an email from Defendant Shoppy E-Commerce Ltd. on January 15, 2025 at 9:36 AM Pacific Time, which stated: "Our old staff member Finn Grimpe

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-TL) – 4

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington  98134
telephone (206) 529-4827
fax (206) 260-3966

1 | informed us that he is receiving automatic litigation notification, can you please clarify what is

2 | needed from the said member? The said member isn't part of our organization anymore and

3 | hence cannot assist you directly." A true and correct copy of this correspondence is attached

4 | hereto as **Exhibit 7**. Based on this email, I believe that Defendant Grimpe received the Rule 4

5 | waiver request, placing him on actual notice of his status as a defendant in this action, and

6 | simply chose not to respond.

7 |      I declare under penalty of perjury under the laws of the United States that the foregoing is

8 | true and correct to the best of my knowledge.

9 |      Executed this 10th day of March, 2026, at Thornton, Colorado.

10

11 | _s/ Dylan Schmeyer_
DYLAN SCHMEYER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF DYLAN SCHMEYER
(Case No. 2:23-cv-01143-TL) – 5

**focal** PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966