EXHIBIT 1



**AARON LUKKEN**
*Attorney, Managing Member*

+1.816.683.7900
*lukken@vikinglaw.us*
6525 Charlotte Street
Kansas City, MO 64131 USA

Thomas Neville, Dylan Schmeyer
Kamerman, Uncyk, Soniker & Klein P.C.
1700 Broadway, 16th Floor
New York, New York 10019

September 17, 2025

**Re: Service in England, Ontario,
Québec, Germany, and Ireland**
*(Bungie, Inc. v. Fisher)*

Gentlemen:

Thank you for contacting us yesterday regarding service on your overseas defendants in the *Bungie, Inc.* matter in W.D. Wash. As you know, service in the United Kingdon, Canada, Germany, and the Republic of Ireland must be effected in accordance with the Hague Service Convention (HSC), which means different things in different places.

---

### Hague issues, generally

Adherence to the Convention is mandatory in all countries where it applies, and it applies where there is occasion to transmit documents abroad for service on a defendant in a signatory state.  Put more simply, if you must serve a defendant in a Hague country, you must follow the terms of the Convention, regardless of the wishes of the court or your client.  Procedural limitations cause severe headaches in many places—China, Mexico, and India particularly—but in others, such as the UK, Canada, and Ireland, options are available.  The Convention offers three methods to U.S. litigants:

1. A request to the destination state's Central Authority for the HSC under Article 5
2. Direct access to judicial officers or "other competent persons", under Article 10(b); and
3. Postal channels, under Article 10(a).

Certain countries, including Germany, object to Article 10 generally, so only the Central Authority method is valid. In others, you have a range of options available to you, although certain methods are far superior. A comprehensive outline of costs, and time expectations for <mark>my recommended options</mark> follows, noting that for your Canadian and Irish defendants, only one approach is truly viable.  (*Specific documents to translate, print, and ship from W.D. Wash. 2:23-cv-01143: Summonses; Second Amended Complaint—68 pages in total for each defendant.*)

## ENGLAND

**Method 1:** Request to Central Authority, pursuant to Article 5 of the Convention, *est. 3-6 months to proof*\*

| | |
|---|---|
| Preparation of Hague request forms and dispatch to Central Authority: $1,400 first defendant/case, $1,300 each add'l | $4,000 |
| Printing & shipping to Central Authority** | $350 |
| **Due in advance** (*three defendants*) | **$4,350** |

\* Note the safe harbor provided by Rule 4(m).  Rather than a 90-day service deadline, a reasonable diligence standard applies.
\*\* All documents must be submitted in duplicate.

**Method 2: Personal service via solicitor and process server**, HSC Article 10(b), *2-3 weeks*

| | |
|---|---|
| Service via process server, instructed by our solicitor: $2,000 first defendant/case, $1,800 each add'l | $5,600 |
| Printing of service documents by process server | Waived |
| **Due in advance** (*three defendants*) | **$5,600** |

**Method 3 (*hybrid*): Central Authority appoints solicitor**, HSC Article 5(b), *4-6 weeks*

For a fee of $700 per defendant in addition to Method 2 *costs* (net total ***$7,700***), we *combine* Methods 1 and 2, resulting in a Hague *Certificate*. Several advantages:

1. Control of the event.
2. Speed of actual service (advance authorization and official proof delay Method 2 timing *slightly*).
3. Unassailable proof of service if enforcement in England becomes necessary (that is, no testimony from the process server would be required). The *Certificate* is incredibly useful in thwarting objections by defendants in enforcement actions in English courts, so I recommend this hybrid approach wholeheartedly— *if you anticipate the eventual need for such an action*.

## ONTARIO

**Option 2: Private process server**, HSC Article 10(b), *est. 3 weeks to proof*

| | |
|---|---|
| Service via process server: $2,000 first defendant/case, $1,800 each add'l | $2,000 |
| Printing of service documents by process server | Waived |
| **Due in advance** (*single defendant*) | **$2,000** |

## QUÉBEC

**Option 2: Direct Access to Judicial Officer**, Article 10(b), 3-4 *weeks to proof*

| | |
|---|---|
| Retainer of *hussier de justice* (bailiff) and preparation of proof documentation: $2,000 first defendant/case, $1,800 each add'l | $2,000 |
| Translation into French* | n/a |
| Printing by bailiff | Waived |
| **Due in advance** (*single defendant*) | **$2,000** |

\* Translation is *advised* for service of originating documents under HSC Article 5. It is *not* required for service pursuant to Article 10, and my preferred *huissier* is willing to serve without French documents, provided the individual defendant is clearly competent in English (the same question arises under U.S due process analysis). The form of proof provided is a variant of the Certificate prescribed by Article 6 for service effected by a Central Authority, modified to reflect the appropriate Article involved. If the court does not accept this form of proof, a French affidavit is also provided but would need to be translated at additional cost.

---

## GERMANY

**SOLE Method: <mark>Request to Central Authority</mark>**, pursuant to Article 5, *est. 3-5 months to proof*\*

| | |
|---|---|
| Preparation of Hague request forms and dispatch to Central Authority:<br>    $1,600 first defendant/case, $1,300 each add'l | $1,600 |
| Translation into German | $5,425 |
| Printing & shipping to Central Authority\*\* | $300 |
| **Due in advance** (*single defendant*) | <mark>$7,325</mark> |

\* Note the safe harbor provided by Rule 4(m). Rather than a 90-day service deadline, a reasonable diligence standard applies.
\*\* All documents, including translations, must be submitted in duplicate.

---

## IRELAND

**Option 2: <mark>Personal service via solicitor and process server</mark>**, HSC Article 10(b), *est. 3 weeks to proof*

| | |
|---|---|
| Service via process server, instructed by our solicitor:<br>    $2,400 first defendant/case, $2,200 each add'l | $2,400 |
| Printing of service documents by process server | Waived |
| **Due in advance** (*single defendant*) | <mark>$2,400</mark> |

---

## COMBINED

| | |
|---|---|
| England | $  7,700 |
| Ontario | $  2,000 |
| Quebec | $  2,000 |
| Germany | $  7,325 |
| Ireland | $  2,400 |
| <mark>TOTAL</mark> | <mark>$21,425</mark> |

This engagement is not effective until we have received (a) pre-payment via check or electronic transfer; and (b) a copy of this letter, **_countersigned by counsel_**. My firm's Terms of Agreement[1] accompany this letter and are incorporated herein. I am happy to answer whatever additional questions you may have and look forward to working with you again.

My most sincere thanks,



Aaron Lukken, Managing Member
Viking Advocates, LLC

Agreed to and accepted by:

_____ 9/30/2025
(Signature & date)

Dylan Schmeyer, Attorney
_____
(Printed name & title)
**_for Kamerman, Uncyk, Soniker & Klein P.C._**

==Wire== **_or ACH_** instructions:

Receiving Bank:              JPMorgan Chase
Bank Address:                7701 State Line Rd.
                             Kansas City, MO 64114

ABA Routing (for ==Wire==):
ABA Routing (for ==ACH==):   ██████
SWIFT Code:
Beneficiary Account Number:
Beneficiary Name:            Viking Advocates LLC
Beneficiary Address:         6525 Charlotte Street
                             Kansas City, MO 64131-1106
Reference for Beneficiary:   Kamerman Uncyk ENG ON QC FDR IRL 2025-09-17

*[INTERMEDIARY FEES TO BE PAID BY SENDER]*

**Alternative payment methods (note that we do *not* take credit cards):**

*Chase Billpay:* ██████
*Zelle:* ██████

---
[1] *Viking Terms 2025-01-01.pdf*