UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUNGIE INC,
                    Plaintiff,

        v.

JOSUA FISHER et al.,
                    Defendants.

CASE NO. 2:23-cv-01143-TL

ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendant Vincent Magny's Motion to Dismiss for Lack of Personal Jurisdiction. Dkt. No. 144-1. Having reviewed Plaintiff's response (Dkt. No. 152), Defendant Magny's "Corrected and Consolidated Reply" (Dkt. No. 159), and the relevant record, the Court DENIES Defendant Magny's Motion to Dismiss (Dkt. No. 144-1).

## I.    BACKGROUND

Plaintiff is a Delaware corporation with its primary place of business in Bellevue, Washington. Dkt. No. 124 (Second Amended Complaint) ¶ 20. Defendant Magny resides in Canada. *Id.* ¶ 98.

ORDER ON MOTION TO DISMISS – 1

Plaintiff is the independent developer, owner, intellectual property rights holder, and distributor of the video game *Destiny* 2 and the *Destiny* franchise. *Id.* ¶ 130. *Destiny 2* is a shared-world online first-person shooter game available across multiple platforms: PlayStation 4 and 5, PC, and the Xbox One and Series X consoles. *Id.* ¶ 140. Plaintiff's Limited Software License Agreement ("LSLA"), which every user who downloads *Destiny 2* must agree to in order to use the game, expressly prohibits cheating. *Id.* ¶ 164. Pursuant to the LSLA, players agree that they will not, among other things: "hack or modify the game; receive or provide boosting services[] to advance progress or achieve results that are not solely based on the account holder's gameplay; or create, develop, modify, distribute, or use any unauthorized software programs to gain advantage in any online or multiplayer game modes." *Id.* ¶ 164 (citation modified). The LSLA also includes a forum selection clause stating that the user "agree[s] to submit to the personal jurisdiction of any federal or state court in King County, Washington." *Id.* ¶ 127.

On August 1, 2023, Plaintiff filed a civil action in this Court. Dkt. No. 1 (original complaint). Plaintiff asserts eight causes of action against a number of defendants, many identified only by online aliases, who Plaintiff alleges were part of a group (the "Ring -1 Enterprise") that developed, marketed, and sold "Ring -1" cheat software designed to facilitate cheating in *Destiny 2* and circumvent Plaintiff's cheat-detection efforts. *Id.* ¶ 185. *See generally* Dkt. No. 124. On August 21, 2025, Plaintiff filed its Second Amended Complaint, alleging eight causes of action: (1) copyright infringement (*Id.* ¶¶ 308–340); (2) vicarious and contributory copyright infringement under 17 U.S.C. § 101 *et seq.* (*id.* ¶¶ 341–369); (3) civil Racketeer Influenced and Corrupt Organizations Act ("RICO") violations under 18 U.S.C. § 1962(a)–(c) (*id.* ¶¶ 370–523); (4) circumvention of technological measures violations under 17 U.S.C. § 1201(a)–(b) (*id.* ¶¶ 524–557); (5) Computer Fraud and Abuse Act ("CFAA") violations under

ORDER ON MOTION TO DISMISS – 2

18 U.S.C. § 1030(a)(5)(B) (*id.* ¶¶ 558–595); (6) breach of contract (*id.* ¶¶ 596–619); (7) intentional interference with contractual relations (*id.* ¶¶ 620–630); and (8) civil conspiracy (*id.* ¶¶ 631–636). Plaintiff's complaint stems from allegations that Defendants' Ring -1 Enterprise develops, markets, and sells *Destiny 2* software designed to circumvent Plaintiff's cheat-detection efforts. *Id.* ¶ 185.

Plaintiff alleges that Defendant Magny is a former forum staff member on the Ring -1 forums and a quality assurance tester for the Ring -1 Enterprise. *Id.* ¶ 98.

On November 4, 2025, Defendant Magny, proceeding pro se, appeared in this action and moved to dismiss the claims against him for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Dkt. Nos. 143 (motion), 144-1 (praecipe including missing page).

## II.    LEGAL STANDARD

Under Rule 12(b)(2), a plaintiff opposing a defendant's motion to dismiss for lack of personal jurisdiction bears the burden of establishing that personal jurisdiction is appropriate. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). When the Court decides a Rule 12(b)(2) motion without an evidentiary hearing, "the plaintiff need make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (internal citations omitted). The Court may consider evidence outside the complaint, such as affidavits, declarations, and other submitted materials, on a Rule 12(b)(2) motion. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the parties' respective affidavits conflict, the Court must resolve all disputed facts in the plaintiff's favor. *Id.*

ORDER ON MOTION TO DISMISS – 3

### III.    DISCUSSION

Defendant Magny contends that personal jurisdiction is improper in the Western District of Washington because he resides in Canada and "ceased any and all involvement with any activities remotely connected to the allegations in this case as of June 2020." Dkt. No. 143 at 1. Plaintiff responds that Defendant Magny purchased *Destiny 2: Shadowkeep* on September 30, 2019, through his Steam account, which Plaintiff links to Defendant Magny through his email address and the billing address on his PayPal account. Dkt. No. 152 at 3. Plaintiff also alleges that Defendant Magny had another *Destiny 2* account, created with the same email address, which logged into the *Destiny 2* servers for the first time on November 18, 2018, and 287 times thereafter, until that account was banned in 2019 for cheating. *Id*. Defendant Magny does not dispute the factual allegations in Plaintiff's response. *See generally* Dkt. No. 159. Notably, he concedes that, at some point, he had a "legitimate Destiny 2 account." *Id.* at 3.

Plaintiff argues that "[i]n order to play the game, Magny would have had to accept the LSLA and its forum selection clause by affirmatively clicking a button which advised him that 'clicking to accept' would indicate his agreement to be bound by the LSLA." Dkt. No. 152 at 10. Although the forum selection language was added to the LSLA in March 2020, Defendant Magny would have been required to re-accept the updated LSLA at his next login to the game. *Id.* at 4. One of Defendant Magny's accounts was used to log in to *Destiny 2* as recently as August 20, 2025. *Id.* at 3. In logging in, and necessarily accepting the updated LSLA, Defendant Magny consented to the personal jurisdiction of this Court and waived any defense under Federal Rule of Civil Procedure 12(b)(2). *Id.* at 10. Plaintiff also argues that, even in the absence of consent, "exercise of jurisdiction over Defendant under the state and federal long arm statutes is consistent with due process." *Id.* at 5 (capitalization modified).

Lack of personal jurisdiction is a waivable defense. *Dow. Chem. Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 703 (1982)). Additionally, "[f]orum selection clauses are 'presumptively valid' and 'should be honored "absent some compelling and countervailing reason."'" *MetroPCS Georgia, LLC v. Metro Dealer Inc.*, No. C18-1476, 2019 WL 2409608, at *4 (W.D. Wash. June 7, 2019) (quoting *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004)). Forum-selection clauses in so-called "clickwrap" internet contracts are no exception, as "[c]ourts routinely enforce clickwraps." *Chabolla v. ClassPass Inc.*, 129 F.4th 1147, 1154 (9th Cir. 2025); *see also Take-Two Interactive Software, Inc. v. Zipperer*, No. C18-2608, 2018 WL 4347796, at *3–5 (S.D.N.Y. Aug. 16, 2018) (enforcing forum selection clause in a video game licensing agreement even though the defendant did not read the agreement). In fact, the very LSLA at issue here has already twice been considered by a court in this District. In one order, the court found that the LDLA forum selection clause was sufficient to waive personal jurisdiction upon acceptance of the agreement. *Bungie, Inc. v. Aimjunkies.com*, No. C21-811, 2022 WL 1239906, at *5 (W.D. Wash. Apr. 27, 2022). Later, in the same case, the court found that "by downloading, installing, playing, copying, or using Destiny 2, players accept the terms of Bungie's LSLA," and evidence that a defendant played *Destiny 2* was sufficient to make a prima facie showing of personal jurisdiction over that defendant. 2022 WL 18936060 at *2–3 (Aug 18, 2022).

Defendant Magny gives no reason why this Court should contradict the findings in *Bungie, Inc. v. Aimjunkies.com*, nor does he deny that he downloaded, installed, and played *Destiny 2* (and he concedes that he held a *Destiny 2* account). Therefore, the Court finds that Plaintiff has made a sufficient showing that Defendant Magny agreed to the LDLA and its forum selection clause, and the Court will honor the clause absent a compelling and countervailing

reason. *See MetroPCS Georgia*, 2019 WL 2409608, at *4. Defendant Magny bears the burden to show that enforcement would be unreasonable and unjust or that the clause is invalid for reasons such as fraud. *See id.* (citing *Murphy*, 362 F.3d at 1140). He makes no attempt to do so. *See generally* Dkt. Nos. 143, 159.[1]

On these facts, Plaintiff has sufficiently demonstrated that Defendant Magny accepted the terms of *Destiny 2*'s LSLA and therefore consented to the personal jurisdiction of this Court. Therefore, Plaintiff has made a prima facie showing that the Court's exercise of personal jurisdiction over Defendant is proper, and the Court need not reach the Parties' arguments related to the applicable long-arm statutes.

### IV.    CONCLUSION

Accordingly, Defendant Magny's Motion to Dismiss (Dkt. No. 143) is DENIED.

Dated this 21st day of July, 2026.

Tana Lin
United States District Judge

---

[1] Plaintiff, who dedicates his reply primarily to the elements of personal jurisdiction rather than the issue of waiver, argues only that "private agreements cannot override constitutional limits on jurisdiction," Dkt. No. 159 at 3, and standardized clickwrap agreements do not, by themselves, constitute purposeful availment, *id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). But personal jurisdiction, unlike subject matter jurisdiction, can be waived, and purposeful availment is no longer required where waiver has occurred. (The Court notes also that Defendant Magny's citation to *Burger King*, a case that predates the consumer internet, does not provide clear support for his statement regarding clickwrap agreements.)

ORDER ON MOTION TO DISMISS – 6